**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Case No. 22-cv-04563 (AKH) |
| Plaintiff, | |
| - v. - | <u>Jury Trial Demanded</u> |
| GEMINI TRUST COMPANY, LLC, | |
| Defendant. | |

<u>**ANSWER OF GEMINI TRUST COMPANY, LLC**</u>

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Gemini Trust Company, LLC ("Gemini") by and through their undersigned counsel, hereby answers the allegations of the Complaint, dated June 2, 2022 (the "Complaint"), based upon actual knowledge as to itself and otherwise upon information and belief as to all other persons and events. All allegations not expressly admitted are denied and Gemini expressly reserves the right to amend, supplement and/or revise this Answer.

<u>**PRELIMINARY STATEMENT**</u>

The Commodity Futures Trading Commission ("CFTC") has unjustly accused Gemini of making false or misleading statements to unidentified CFTC staffers five years ago. The alleged misstatements all relate to the self-certification of a futures contract that an unaffiliated Designated Contract Market (the "DCM") listed and that settled to the price of Gemini's daily bitcoin auction. This contract worked as intended—the reference price was reliable, no investors were harmed, no price manipulation occurred, and the CFTC has not alleged any concerns with the contract itself. The CFTC instead contends that it was victimized because Gemini failed to disclose a few pieces of clearly immaterial information—none of which the CFTC ever

requested—before the DCM certified the contract in December 2017.

That is nonsense.  Throughout the self-certification process, Gemini went above and beyond what it was obligated to do.  Gemini communicated with the CFTC's Division of Market Oversight ("DMO") and others at the CFTC dozens of times, made its employees fully available to the CFTC, responded truthfully to all of the CFTC's questions, produced hundreds of documents, gave the CFTC access to reams of Gemini's trading data, and even overhauled Gemini's exchange mechanics to conform to DMO's suggestions.  Gemini did what it was supposed to do and what it was asked to do.  Consistent with its history as the regulated crypto exchange, Gemini did everything right.

Worse, the Complaint does not identify any tangible harm to anyone.  Not only is there no alleged harm to any market participant, the Complaint does not name a single person working for the CFTC who claims to have heard (or read or relied on) any supposedly false statement and been misled.  Nor does the Complaint name anyone who claims to have been misled by information supposedly omitted from statements Gemini did make.  These pleading failures underscore the weakness of the CFTC's claims.

Nonetheless, the CFTC has spent the last four years attempting to make a case where none exists.  The roots of its investigation lie with Benjamin Small, a disgruntled former Gemini employee who was suspended, then terminated, for misconduct in 2017.  After his suspension, Small set out, in his own words, to "destroy" Gemini by submitting a false whistleblower complaint to the CFTC alleging violations of the Commodity Exchange Act ("CEA") that had no basis in law or fact.  Small has now—years after the CFTC's investigation was opened—been thoroughly discredited.  An independent arbitrator recently found Small's testimony in a related employment dispute not credible and ruled against him on all claims.  More specifically, Small

was found to be a liar, "grossly negligent" and ordered to pay over 5 million dollars to the Gemini affiliate that employed him.

The CFTC nevertheless latched on to this investigation, refusing to acknowledge its compromised origin. When the CFTC found no substantive violation of the CEA, it concocted bogus false statement charges. In doing so, the CFTC resorted to flyspecking every communication concerning the self-certification, ignoring the reality that DMO's core concerns were fully addressed.

In short, this case is hollow at its core.

*Background*

Indeed, it is worse than that. It is rotten.

As noted above, this enforcement action resulted directly from Gemini's 2017 suspension and eventual termination of its then-Chief Operating Officer, Benjamin Small, for his mishandling of a personnel issue and for gross negligence that resulted in Gemini being victimized in a rebate scheme perpetrated by two of Gemini's customers. While he was actively employed at Gemini, Gemini and its principals trusted Small and did not doubt his honesty. Indeed, they relied on him to be truthful with regulators like the CFTC.

Unfortunately, in response to his suspension, Small immediately threatened to "ruin" Gemini and "destroy the company." He attempted (unsuccessfully) to retaliate by enlisting Gemini employees to make false claims against Gemini; he made an extortionate demand that Gemini pay him $13.5 million to avoid a public lawsuit (Gemini refused and Small did not make good on that threat); and he filed a false whistleblower complaint with the CFTC that contained bold-faced lies.

Small's false whistleblower complaint is the origin of this matter. That it is false is not a

matter of opinion; it is established fact, as documented in the arbitrator's decision which was publicly filed in connection with an action to enforce the arbitration award. The principal issue in dispute in that arbitration, which proceeded to hearing in September 2021, was whether Small's suspension and termination were pretextual and retaliatory or were, as the Gemini affiliate contended, based on a good faith belief that Small had engaged in improper conduct (wholly unrelated to the self-certification process at issue in this matter). In particular, Small's principal allegation was that he was retaliated against for raising issues with respect to Pearl Street Financial, LLC (Pearl Street), a related but independent entity from Gemini that made bitcoin and ether loans to four market participants who traded on the Gemini exchange. Small falsely claimed that shortly after he became aware of the loans, he told Gemini that they were improper and that he was promptly suspended as a result. That was a lie. The Pearl Street loans have been a significant focus of the CFTC's investigation and feature prominently in the Complaint (although there is no allegation that they were improper or illegal).

On January 12, 2022, in the final arbitration award, the arbitrator found that "the evidence does not support the conclusion that retaliation in fact took place." Indeed, the arbitrator found that Small was a liar, described a number of his lies as "quite elaborate," and concluded that:

> on most important issues in this case the testimony of [Gemini's principals] is credible while Small's testimony is not. Indeed, the fact that Small has conceded that he did not tell the truth concerning many important items that are relevant to this case casts doubt on his credibility on many aspects of his testimony where he continues to adhere to his version of the events at issue.

As a result of these uniform findings against Small, the arbitrator determined that Small's employment agreement was null and void and that Small was required to repay more than $5 million in advanced legal fees. The arbitrator further determined that it was Small's grossly negligent job performance that directly resulted in a rebate scheme involving two Gemini

customers that caused an approximately $7.5 million loss to Gemini.  Nevertheless, while Gemini reported this scheme to authorities in October 2017, Gemini is unaware of any CFTC investigation of the involved parties, one a US entity with US principals, the other a foreign entity with foreign principals.  Instead, the CFTC has continued to pursue baseless allegations against the victim:  Gemini.

With respect to his whistleblower complaint in particular, Small's own testimony at the hearing demonstrated that he had simply fabricated critical facts.  Not surprisingly, on these issues the arbitrator found, among other things, that, "[w]hile Small claims that the loans made by Pearl Street were improper, there is no evidence to support this claim;" that his contention that he had only recently discovered the loans at the time he was suspended was "simply untrue;" that his allegations of supposed whistleblowing were unsupported and some of his specific assertions on the topic were "laughable;" and, finally, that "[t]here was evidence adduced during the hearing that suggested that certain of the assertions [Small] made [in his CFTC whistleblowing] submissions . . . were not true."  Conversely, the arbitrator found that Gemini's principals had been truthful and candid at all times.

But while the arbitrator was quick to see through Small's lies and false accusations, the CFTC appears unable or unwilling to recognize that Small duped them too.  The CFTC's whistleblower program is designed to provide appropriate incentives and protection to corporate insiders who "see something and say something," without fear of reprisal; it is not intended to be weaponized as a mechanism to "ruin" a legitimate business based on a personal vendetta.  The CFTC should go to great lengths to deter false whistleblowing, not to encourage or endorse it by bringing an enforcement action as it now has done.

*The Complaint*

The CFTC should have declined to pursue this matter based on its origin alone.  But, given that origin, it is no surprise that the CFTC's four-year investigation failed to produce *any* evidence of any violation of the CEA, or even a single false or misleading statement by Gemini, much less one that could be deemed material or made in bad faith.  Moreover, as noted, there has never been any suggestion in this matter of any harm to any market or any investor or participant.  And the contract at issue has not even been traded in three years.  The investigation should have been closed long ago and this Complaint should never have been filed.

With respect to the particular allegations in the Complaint, the CFTC has simply refused to evaluate the alleged misleading misstatements and omissions in their appropriate context.  In flyspecking reams of information provided over the course of many months of interaction among Gemini, its counsel, the DCM and DMO and various other parties, the CFTC has brought this action based on a handful of statements that were, in fact, both accurate and did not omit any requested or material information.  All of the at-issue statements were made in the course of the 2017 self-certification process associated with a listing by the DCM of a futures contract that settled to Gemini's bitcoin auction price.  In interacting with the DCM and Gemini, DMO was principally interested in the auction's mechanics and how they would serve to ensure the reliability of the auction price once the contract started trading (ultimately in December 2017).  Indeed, with DMO's input, Gemini modified its auction during the self-certification process to satisfy DMO's comments and input.

The auction worked precisely as intended over the 18 monthly settlements during the period in which the futures contract was traded—it was delisted only because the DCM, as a registered entity, became concerned about the fact that the CFTC was investigating the self-

certification process.  There has never been any suggestion that the price used to settle the contract was ever anything but reliable.

Rather than acknowledging that DMO's concerns during the self-certification were in fact thoroughly and transparently addressed and that the contract was never manipulated, the investigation of this matter narrowly focused on immaterial and unrequested information allegedly omitted from accurate and complete statements.  To illustrate: the Complaint alleges that statements Gemini made to the effect that self-trading was prohibited on Gemini's auction were misleading.  But self-trading was indisputably prohibited on Gemini's exchange and on its auction.  In particular, as the CFTC has admitted in its Complaint, Gemini voluntarily implemented a mechanism in its code base to prevent self-trading many months before any of the at-issue statements.  The CFTC, however, has ignored its own admission in alleging that Gemini made false statements concerning self-trading.  As Gemini has conveyed to the CFTC time and again over four years, a similar analysis can (and should have been) applied to each of the allegedly false and misleading statements referenced in the Complaint.  The CFTC instead has chosen to ignore or omit the actual facts, even where it knows those facts refute its public allegations.

In addition to the reality that the statements at issue were accurate and did not omit any material information, the record is clear that they were made in good faith.  After four years of investigation, the CFTC has not unearthed a shred of evidence that anyone at Gemini believed that any statement made to the CFTC was inaccurate or incomplete.  The Complaint includes no evidence of bad faith because the evidence is entirely to the contrary; it confirms what Gemini told the CFTC repeatedly over the course of this years-long investigation: that Gemini intended to, and did, respond fully and transparently to all requests for information during the self-

certification process.  It is simply inappropriate for the CFTC to have brought an enforcement action where Gemini at all times acted appropriately and in good faith.

<u>Conclusion</u>

Gemini has built itself and its reputation on the stated and realized foundations of regulation and consumer protection.  In October 2015, it became the second cryptocurrency exchange to be registered as a limited purpose trust company with the New York Department of Financial Services.  Gemini was and continues to be distinguished in its industry for a commitment to regulation—asking *permission*, not forgiveness—and to a commitment to integrity in an industry rife with overseas and domestic bad actors.

For its part, the CFTC has made clear its goal to be a leading regulator for cryptocurrency and digital assets, a goal that Gemini supports.  But the CFTC should proceed through regulation aided by reputable market players like Gemini, not through enforcement against them; that path does not lead to appropriate regulatory structure or clear industry guidance.  To the contrary, this enforcement action will chill companies' willingness to report issues and work with U.S. regulators and will push start-ups to leave the U.S. for unregulated jurisdictions, significantly undermining the CFTC's programmatic interests.  Indeed, it was only because the DCM and Gemini wanted to list a novel product on a CFTC-regulated exchange, and only because the DCM and Gemini were so forthcoming in connection with a ***self***-certification process, that the CFTC had the reams of information on which to base its erroneous allegations.

Further, given Gemini's role as a leading advocate for regulation, this enforcement action can only suggest to others in the industry that even extraordinary compliance efforts will prove inadequate.  So why follow Gemini's lead in making them?  The CFTC's mission is "to promote the integrity, resilience, and vibrancy of the US derivatives markets."  But this enforcement

action—which seeks to penalize Gemini in connection with a novel derivatives contract where there is no suggestion of any harm to any market (or investor or participant) or of any intent to mislead—is entirely inconsistent with that mission.

This matter has, from its inception, rested on the rottenest of foundations: false information provided by a liar bent on ruination of a legitimate business. Given its origin, it is entirely unsurprising that the facts and the law do not warrant an enforcement action, which Gemini conveyed to the CFTC many times over the course of the last four years. The CFTC did not listen, but instead has resolved to continue expending considerable government resources on this misguided and legally baseless enforcement action. While Gemini will ultimately prevail because the facts and law are on its side, it is more than unfortunate that this Complaint was ever filed.

With respect to the individual paragraphs in the Complaint, Defendant Gemini, through its undersigned counsel, hereby answers the Complaint of the Commission and responds to the allegations and characterizations as follows:

## I.    INTRODUCTION

1.    Gemini admits in part and denies in part the allegations in this Paragraph. It is admitted that the CFTC evaluated a potential self-certification by a DCM of a bitcoin futures contract (the "Bitcoin Futures Contract") that was to be settled by reference to the spot bitcoin price on the relevant day as determined by an auction (the "Gemini Bitcoin Auction") held on Gemini's digital asset trading platform (the "Gemini Exchange"). To the extent not expressly admitted, Gemini denies the remaining allegations in this Paragraph.

2.    Gemini denies the allegations in this Paragraph.

3.    Gemini denies the allegations in this Paragraph.

4.      Gemini denies the allegations in this Paragraph.

5.      Gemini admits in part and denies in part the allegations in this Paragraph. It is admitted that the proposed Bitcoin Futures Contract was to be among the first digital asset futures contracts listed on a designated contract market. To the extent not expressly admitted, Gemini denies the remaining allegations in this Paragraph.

6.      Gemini denies the allegations in this Paragraph.

7.      Gemini admits in part and denies in part the allegations in this Paragraph. It is admitted that the Commission brought an action against Gemini. The remaining allegations in this Paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Gemini denies the remaining allegations in this Paragraph.

8.      Gemini denies the allegations in this Paragraph.

## II.      JURISDICTION AND VENUE

9.      This Paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Gemini denies the allegations in this Paragraph.

10.      This Paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Gemini denies the allegations in this Paragraph.

## III.      THE PARTIES

11.      Gemini admits the allegations in this Paragraph.

12.      Gemini admits the allegations in this Paragraph.

## IV.      FACTS

### A.      Virtual Currencies

13.      Gemini admits in part and denies in part the allegations in this Paragraph. It is admitted that a virtual currency is, generally speaking, and among other things, sometimes

understood to be a type of digital asset or digital representation of value that functions as a medium of exchange, a unit of account, and/or a store of value.  To the extent not expressly admitted, the remaining allegations in this Paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the remaining allegations in this Paragraph.

14.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

**B.      Listing of Futures Products by DCMs**

15.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

16.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

17.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

18.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

19.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

20.     Gemini admits in part and denies in part the allegations in this Paragraph.  It is admitted that there was a self-certification process in which the Commission engaged in discussions with the DCM and relevant parties regarding the Bitcoin Futures Contract.  The remaining allegations in this Paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

21.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

22.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

23.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

24.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

**C.    The Bitcoin Futures Contract Under Evaluation**

25.     Gemini lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

26.     Gemini admits the allegations in this Paragraph.

27.     Gemini admits the allegations in this Paragraph.

28.     Gemini admits the allegations in this Paragraph.

**D.    The Gemini Bitcoin Auction**

29.     Gemini admits the allegations in this Paragraph.

30.     Gemini admits in part and denies in part the allegations in this Paragraph.  Gemini admits the first sentence of this Paragraph. Gemini denies the allegations in second sentence of this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

31.     Gemini denies the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

32.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

33.     Gemini admits in part and denies in part the allegations in this Paragraph.  Gemini admits the first sentence of this Paragraph. The second sentence of this Paragraph purports to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent a response is required, Gemini denies the allegation.

34.     Gemini admits the allegations in this Paragraph.

**E.      Gemini's False or Misleading Statements and Omissions to Commission Staff**

35.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

36.     To the extent this Paragraph seeks to characterize the statements made, Gemini incorporates its response to Paragraph No. 35.  Gemini admits that certain statements were made to Commission staff, but otherwise denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

37.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

38.     Gemini denies the allegations in this Paragraph.

39.     Gemini denies the allegations in this Paragraph.

**F.      False or Misleading Statements and Omissions Concerning Loans and Advances**

40.     Gemini denies the allegations in this Paragraph.

41.     Gemini lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph.

42.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the documents, Gemini denies the allegations. The allegations of this Paragraph are also vague as to the oral statements allegedly made, and on that basis, Gemini denies them.

43.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the documents, Gemini denies the allegation. The allegations of this Paragraph are also vague as to the oral statements allegedly made, and on that basis Gemini denies them.

44.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

45.     Gemini denies the allegations in this Paragraph.

46.     Gemini denies the allegations in this Paragraph.

### *Loans to Gemini customers*

47.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

48.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

49.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

14

50.     Gemini admits in part and denies in part the allegations in this Paragraph.  It is admitted that the loans in aggregate totaled more than one thousand bitcoin.  To the extent not expressly admitted, Gemini denies the remaining allegations in this Paragraph.

51.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

52.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

53.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

54.     Gemini denies the allegations in this Paragraph.

55.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

56.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

57.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

58.     Gemini denies the allegations in this Paragraph.

59.     Gemini denies the allegations in this Paragraph.

60.     Gemini denies the allegations in this Paragraph.

61.     Gemini denies the allegations in this Paragraph.

***Advances and credits to Gemini customers***

62.    Gemini denies the allegations in this Paragraph.

63.    Gemini denies the allegations in this Paragraph.

64.    Gemini denies the allegations in this Paragraph.

65.    Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

66.    Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them. The allegations of this Paragraph also purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

67.    Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

68.    The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

69.    Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

70.    Gemini denies the allegations in this Paragraph.

71.    Gemini denies the allegations in this Paragraph.

72.    Gemini denies the allegations in this Paragraph.

**G.**    **False or Misleading Statements and Omissions Concerning Self-Trading**

73.    Gemini denies the allegations in this Paragraph.

74.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

75.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

76.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

77.     Gemini denies the allegations in this Paragraph.

78.     Gemini denies the allegations in this Paragraph.

79.     This Paragraph sets forth legal conclusions to which no response is required.  The Paragraph also sets forth incomplete hypotheticals and factual conclusions based on limited details.  Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

### *Lack of effective self-trading prevention before May 2017*

80.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

81.     Gemini denies the allegations in this Paragraph.

82.     This Paragraph does not adequately identify the auction referenced, and on that basis, and others, Gemini denies that the allegations in this Paragraph.

### *Flawed self-trading prevention after May 2017*

83.     Gemini denies the allegations in this Paragraph.

17

84.     Gemini denies the allegations in this Paragraph.

85.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

86.     Gemini denies the allegations in this Paragraph.

87.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

**H.     False or Misleading Statements and Omissions Concerning Fee Rebates and Overrides**

88.     Gemini denies the allegations in this Paragraph.

89.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

90.     The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

91.     Gemini denies the allegations in this Paragraph.

92.     Gemini denies the allegations in this Paragraph.

93.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

*Undisclosed Bespoke Fee Rebates and Overrides*

94.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

18

95.     Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

96.     The allegations in this Paragraph are vague and ambiguous as to the specific date and customer involved and as to which "records" are referenced, and on that basis, Gemini denies the allegations in this Paragraph.

97.     Gemini admits in part and denies in part the allegations in this Paragraph.  It is admitted that there was an instance, appropriately reported to authorities, in which unauthorized rebates were associated with a rebate trading scheme on Gemini's exchange.  To the extent not expressly admitted, Gemini denies the remaining allegations in this Paragraph.

98.     Gemini admits the allegations in this Paragraph.

99.     Gemini admits the allegations in this Paragraph.

100.    Gemini admits the allegations in this Paragraph.

101.    Gemini admits the allegations in this Paragraph.

102.    The allegations in this Paragraph are vague, particularly with respect to the phrase "principal speaker", and therefore Gemini denies the allegations in this Paragraph.

103.    Gemini admits in part and denies in part the allegations in this Paragraph.  It is admitted that two employees were suspended and then terminated.  The remaining allegations in this Paragraph are vague, particularly with respect to the referenced time period, and therefore Gemini denies those allegations.

104.    Gemini admits the allegations in this Paragraph.

105.    Gemini admits the allegations in this Paragraph.

106.    Gemini admits the allegations in this Paragraph.

107.    Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

**I.    <u>False or Misleading Statements and Omissions Concerning Trading Volume and Liquidity</u>**

108.    Gemini denies the allegations in this Paragraph.

109.    Gemini denies the allegations in this Paragraph.

110.    The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

111.    The allegations of this Paragraph purport to summarize, paraphrase, or otherwise characterize a written document, the contents of which speak for itself.  To the extent the allegations are contrary to the document, Gemini denies the allegations.

112.    Gemini denies the allegations in this Paragraph.

113.    Gemini denies the allegations in this Paragraph.

114.    Gemini denies that the allegations in this Paragraph present a fair and complete description of the matters described therein, and on that basis denies them.

115.    Gemini denies the allegations in this Paragraph.

116.    Gemini denies the allegations in this Paragraph.

117.    Gemini denies the allegations in this Paragraph.

118.    Gemini denies the allegations in this Paragraph.

119.    Gemini denies the allegations in this Paragraph.

120.    Gemini denies the allegations in this Paragraph.

121.    Gemini denies the allegations in this Paragraph.

122.    This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

123.    The allegations in this Paragraph are overbroad, vague and ambiguous as to which "information" is referenced, and on that basis, Gemini denies the allegations in this Paragraph.

124.    Gemini denies the allegations in this Paragraph.

## V.    <u>VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND REGULATIONS</u>

### <u>Count I—False or Misleading Statements or Omissions to the Commission</u>
### Violations of Section 6(c)(2) of the Act, 7. U.S.C. § 9(2)

125.    Gemini incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

126.    This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

127.    Gemini denies the allegations in this Paragraph.

128.    Gemini denies the allegations in this Paragraph.

129.    Gemini denies the allegations in this Paragraph.

130.    Gemini denies the first statement of this Paragraph.  This second statement of this Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in the second statement of this Paragraph.

131.    Gemini denies the allegations in this Paragraph.

132.    Gemini denies that it made any false or misleading statements.  This Paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Gemini denies the allegations in this Paragraph.

**DEFENSES**

Gemini asserts the following defenses without assuming the burden of proof, persuasion, or going forward as to any such defenses or issues that would otherwise rest on Plaintiff. Gemini reserves the right to amend its pleadings, and to assert additional or different defenses, based upon information or evidence developed in discovery or otherwise.

1.     The Complaint fails to state a claim, whether under Section 6(c)(2) of the Commodity Exchange Act or otherwise, upon which relief can be granted (and the Commission will fail to establish these facts), including, without limitation, as to the materiality or falsity of the allegedly false or misleading statements and/or as to scienter, bad faith, recklessness, negligence, or the actual or constructive knowledge of the makers or recipients of such statements or missions.

2.     The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations, waiver, estoppel, and laches.

3.     Injunctive and other equitable relief requested by the Commission is unavailable, either in whole or in part.

4.     The Complaint seeks penalties that are excessive and not authorized by law.

5.     Gemini is entitled to, and claims, the benefits of all defenses and presumptions set forth or arising from any applicable rule of law or statute.

6.     Gemini asserts all other affirmative or other defenses as may be revealed in the course of this action.

Dated:  August 2, 2022

**SHEARMAN & STERLING LLP**

By:  /s/ *John Nathanson*
      John Nathanson
      Christopher LaVigne
      Randall Martin
      Benjamin Klebanoff
      599 Lexington Avenue
      New York, NY 10022
      Telephone: 212-848-4000
      Facsimile: 212-848-7179
      john.nathanson@shearman.com
      christopher.lavigne@shearman.com
      randall.martin@shearman.com
      benjamin.klebanoff@shearman.com

**THE LAW OFFICES OF JOHN F. BAUGHMAN**

      John F. Baughman
      Maryia Jones
      299 Broadway, Suite 1816
      New York, NY 10007
      Telephone: (212) 528-3212
      jbaughman@jfblegal.com
      mjones@jfblegal.com

*Attorneys for Defendant Gemini Trust Company, LLC*