UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

    v.

GEMINI TRUST COMPANY, LLC,

                Defendant.

22 Civ. 4563 (AKH)

ECF Case

**[PROPOSED]
STIPULATED PROTECTIVE ORDER**

---

WHEREAS, Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") and Defendant Gemini Trust Company, LLC ("Defendant") (hereinafter referred to collectively as "Parties" or any one individually as a "Party"), through their respective counsel of record, anticipate that discovery in this action (the "Action") may involve the disclosure of confidential or sensitive commercial, personal, financial and/or business information; and

WHEREAS, the Parties desire to enter into an agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect such confidential or sensitive commercial, personal, financial and/or business information ("Protective Order");

It is hereby STIPULATED, AGREED, and ORDERED as follows:

**A.    Scope**

1.    This Protective Order shall govern the use of all materials or other information set forth below that is supplied or produced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits, by and among the Parties and any non-parties to the Action in connection with discovery in the Action, whether supplied or produced pursuant to a formal discovery request or subpoena, a request made at a deposition,

or any other means (such information hereinafter referred to as "Discovery Material"). This Protective Order shall also govern the redacted filing of certain information and applications for filing certain information under seal and certain other matters in connection with this Action. All Parties to this Action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced and/or disclosed in discovery. Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents or of materials that are publicly available.

2. All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person, except for uses and disclosures made in accordance with the terms hereof. The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons.

3. Under this Protective Order, any Producing Party shall have the right to identify and designate Discovery Material as "Confidential" when the Producing Party in good faith and reasonably believes it contains proprietary or commercially sensitive information, personally identifiable information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, information that is defined as confidential by the Commodity Exchange Act, 7 U.S.C. § 1-26f, or by the Commission Regulations, 17 C.F.R. Pts. 1-190, including material protected under Sections 8(a) and 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 12(a), 26(h)(2), where (a) such material involves transaction data that is being produced to the Party that recorded the data in the

first instance or (b) such material protected under Section 23(h)(2) refers to a whistleblower (as defined within the meaning Section 23(a)(7) of the Act, 7 U.S.C. § 26(a)(7)) who has identified themselves to the Defendant as such, or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) whether embodied in documents, physical objects or otherwise.

      4.      Any Producing Party shall have the right to identify and designate Discovery Material as "Highly Confidential" when the Producing Party in good faith and reasonably believes it contains extremely sensitive information that contains (a) material protected under Sections 8(a) and 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 12(a), 26(h)(2), or (b) trade secrets or other confidential research, development, or commercial information that is so highly competitive and sensitive in nature that disclosure will result in a likelihood of serious competitive or other harm to the Producing Party, whether embodied in documents, physical objects or otherwise.  Examples of this information include (a) transaction data, non-public proprietary information, the identities of whistleblowers, and market positions, and (b) negotiations with potential or actual customers, investors, partners, or acquirers, disclosure of which would harm present or prospective business plans; confidential material regarding acquisition offers or expression of interest, proposed transactions, or other business combinations that are not public, disclosure of which would harm present or prospective business plans, negotiations, or relationships; and highly sensitive and confidential product development information, disclosure of which would harm market opportunities.

      5.      After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with the Action.  A non-party who is

obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order.

6. This Order constitutes a court order within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendant without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure. Any such record produced in this Action must be strictly protected in accordance with this Order.

**B.     Designation of Confidentiality**

Discovery Material may be designated Confidential or Highly Confidential within the meaning of this Protective Order as follows:

1. A Producing Party may, if appropriate, designate Discovery Material as "Confidential" or "Highly Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "CONFIDENTIAL/ PROTECTED" if space is limited) unless the document already bears a similar notation, or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "HIGHLY CONFIDENTIAL" if space is limited), and may also include a field in the metadata in the production of such Discovery Material.

2. For Discovery Material that cannot be designated in the manner described in Paragraph B(1) above, the Producing Party may designate such Discovery Material as Confidential or Highly Confidential by stamping or labeling the Discovery Material itself or the exterior of the container(s)/media in or on which the Discovery Material is stored with the label that appears in Paragraph B(1), above.

  3. Except as provided in the following paragraph or Section F below, the designation of Discovery Material as Confidential or Highly Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.

  4. Portions of depositions shall be deemed Confidential or Highly Confidential only if they are designated as such within fourteen (14) days after receipt of the final transcript(s) by counsel for a Party or the deponent.  All information disclosed in a deposition shall be treated as Confidential until fourteen (14) days after the transcript(s) of said deposition is actually received by counsel for such party or the deponent to provide the opportunity for making the designation provided herein.

**C. Disclosure of Confidential Information**

  1. Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel for the Party receiving such Discovery Material to the following persons:

    a. counsel of record for the Parties, employees and agents of counsel, and Parties' officers, directors, employees and agents who have responsibility for the action or are reasonably required to have such access to assist in connection with the action;

    b. any parent or affiliate of a Party, or outside consultants, investigators, or experts retained by the Parties (collectively, "experts"), to assist in the preparation and trial of this Action to whom it is reasonably necessary and appropriate that Discovery Material designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that prior to any such person receiving

       any Discovery Material designated as Confidential, the person shall execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph prohibits the use of Confidential information in summary form, except information or data that is or may be identifiable as information of any specific non-party, in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve this Action;

  c.  any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential information, or who had access to such materials during his or her employment as a result of the substantive nature of his or her employment position, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Confidential information is to be disclosed to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

  d.  any witness being examined in this Action in deposition to whom it is reasonably necessary and appropriate that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to

        cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

    e.    the Court and its personnel, as well as court reporters and recorders engaged for depositions;

    f.    any other person or entity authorized by law; and

    g.    any other person only upon order of the Court or upon stipulation of the Producing Party.

**D.**     **Disclosure of Highly Confidential Information**

1.    Absent consent of the Producing Party, Discovery Material designated Highly Confidential under this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel of the Party receiving such Discovery Material to the following persons:

    a.    counsel of record for the Parties, employees and agents of counsel, and in-house counsel for the Parties;

    b.    three (3) designated employees or principals of Defendant and three designated employees of the CFTC to whom it is necessary that Discovery Material designated as Highly Confidential under this Protective Order be shown in connection with the preparation and trial of this action; provided, however, that prior to any such person receiving any Discovery Material designated as Highly Confidential, the person shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph will prohibit using Highly Confidential information in summary form, except information or data that is or may be identifiable as information of any

        specific non-party, in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve the Action;

c. experts retained or otherwise designated by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Highly Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

d. any person identified in such materials as the author, sender, addressee, or copy recipient of the Highly Confidential information, or had access to such materials during his or her employment as a result of the substantive nature of his or her employment position, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Highly Confidential information is to be disclosed to execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

e. any witness being examined in this Action in deposition to whom it is reasonably necessary and appropriate that the Discovery Material designated as Highly Confidential under Protective Order be shown in connection with the examination or in preparation for the same, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their

     reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

  f. the Court and its personnel, as well as court reporters and recorders engaged for depositions;

  g. any other person or entity authorized by law; and

  h. any other person only upon order of the Court or upon stipulation of the designating Party.

**E. Restrictions and Procedures Regarding Confidential or Highly Confidential Information**

 1. Counsel of record and other recipients of protected information are responsible for employing reasonable measures to control access to and distribution of information designated Confidential or Highly Confidential. Specifically with regard to Confidential or Highly Confidential information produced by the Commission in this action on electronic storage media, the Receiving Party must maintain, transmit, and store such data using programs and tools that are reasonably believed to use industry standard, off-the-shelf encryption.

 2. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Material designated as Confidential or Highly Confidential under this Protective Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

 3. If Confidential or Highly Confidential information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition,

during the time the Confidential or Highly Confidential information is to be discussed, any person or entity not entitled under this Protective Order to receive such Confidential or Highly Confidential information.

4. To the extent that any materials subject to this Protective Order (or any pleading, motion, memorandum, affidavit or other papers referring to them) are proposed to be filed or are filed with the Court, the filing of those materials and papers, or any portion thereof, which disclose Confidential or Highly Confidential information, shall conform with Federal Rule of Civil Procedure 5.2, as well as the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the individual practices of the United States District Judge Alvin Hellerstein or any other United States District Judge presiding over the matter. The Parties shall be allowed to file or otherwise publish with the Court Confidential information provided any sensitive personal identifying information is redacted, and such information is material to any facts or issues in this proceeding. If a Party determines it must file Highly Confidential Information that is material to any facts or issues in this proceeding, the Party shall move to file the information under seal, and support that motion with competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest, or provide the designating party who has asserted a confidentiality interest the opportunity to do so in accordance with the individual practices of the United States District Judge Alvin Hellerstein.

5. Any Party intending to use at a hearing any Discovery Material designated Highly Confidential by another Party shall give reasonable notice, where practicable in writing, to the Producing Party so that the Parties may discuss in advance of the hearing proposed procedures for handling such Discovery Material. Nothing contained in this paragraph shall prevent any

party from making any application in advance of any hearing or trial for the Court to impose restrictions on the use of Confidential or Highly Confidential material in public proceedings.

  6.  In the event any Discovery Material designated as Confidential or Highly Confidential is lost, accessed by or disclosed to any person not authorized by this Protective Order to receive the Discovery Material, the Party responsible for the loss, unauthorized access, or unauthorized disclosure shall within a reasonable time after discovery of such situation:

  a.  notify the other Parties and the Producing Party and/or the Party whose information was lost, accessed, or disclosed without authorization, and, as may be required by law, appropriate law enforcement entity(ies) of the situation in writing. To the extent possible, the notification shall identify the Confidential or Highly Confidential information at issue, circumstances surrounding the incident (including to whom, when, where, and how such information was placed at risk or compromised or else identify how such notice would breach a privilege) and any other information that the Party whose Confidential or Highly Confidential information was affected considers relevant;

  b.  take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the information; and

  c.  reasonably cooperate with the Party whose information was lost, or accessed or disclosed without authorization.

The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges. Nothing contained in this Order shall be deemed or relied upon to limit the rights of the Parties to seek equitable or

other relief from the responsible Party in the event of a loss, or unauthorized access or disclosure of Confidential or Highly Confidential information, or create any right or benefit, substantive or procedural, for any person or entity other than the Parties.

7. In the event disclosure of any Discovery Material designated as Confidential or Highly Confidential is sought from anyone subject to this Protective Order pursuant to a lawful subpoena or other legal process, such person or entity shall upon receipt of such request, notify the Producing Party within three business days and provide a copy of the subpoena or process and the date set for production, if specified. The Producing Party may then seek to prevent disclosure by filing a motion for protective order or to take other appropriate action within a reasonable time, under the circumstances, but in any event prior to the date set for production, and the Confidential or Highly Confidential Discovery Material shall not be disclosed until resolution of any such challenge to the subpoena or process.

8. Nothing in this order prohibits the use of Confidential or Highly Confidential information, in summary form, except information or data that is or may be identifiable as information of any specific non-party, to senior management, officers or directors in connection with any attempt to settle or otherwise resolve the Action.

9. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court. The Parties may not disclose any Confidential or Highly Confidential material to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

10. The Producing Party may withdraw the designation of Confidential or Highly Confidential at any time during the pendency of this matter.

**F.    Challenging Designation of Confidentiality**

If any Party disputes whether any Discovery Material is properly designated as Confidential or Highly Confidential, the Parties agree to attempt to resolve such dispute among themselves.  The Parties will confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences.  In the event the Parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion by the party challenging the designation.  The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality.  However, a Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

**G.    Inadvertent or Unintentional Disclosure**

1. If a Party inadvertently produces or provides Discovery Material that contains any Confidential or Highly Confidential information without designating it Confidential or Highly Confidential as provided in this Protective Order, it may be disclosed to others until the Receiving Party is notified of the error by the Producing Party and/or the party whose Confidential or Highly Confidential information was disclosed.  The Producing Party may give written notice to the Receiving Party that the Discovery Material is Confidential or Highly Confidential and should be treated in accordance with the provisions of this Protective Order.  As soon as the Receiving Party receives such notice, the Confidential or Highly Confidential information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must make good faith efforts to retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such Confidential or Highly

Confidential information, as well as retrieve copies made by all such persons, and must inform all such persons that the Confidential or Highly Confidential information is so designated and is subject to this Protective Order.  If the Receiving Party becomes aware during the review of any unmarked Discovery Material that such Discovery Material clearly contains Confidential or Highly Confidential information, the Receiving Party must immediately notify the Producing Party and sequester the Discovery Material until the Producing Party has had a reasonable opportunity to respond.  Counsel for the Producing Party is responsible for providing substitute copies of Confidential or Highly Confidential Discovery Material marked in accordance with this Protective Order, and counsel for the Receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

      2.      Any Discovery Material that contains privileged information, including but not limited to information protected by the attorney-client privilege, the confidential informant privilege, the deliberative process privilege or the attorney work product doctrine, shall be immediately returned if the Discovery Material appears on its face to have been inadvertently produced or if there is notice of the inadvertent production.  The Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  The Parties further agree not to assert that such inadvertent or mistaken disclosure of such Discovery Material by itself constitutes a waiver by the producing party of any claims of privilege or work-product immunity.  Further, this order constitutes an order under Federal Rule of Evidence 502(d) that any inadvertent disclosure of attorney-client privileged and/or work-product protected information does not waive that privilege or protection.  However, nothing herein restricts the right of the Receiving Party to challenge the producing party's claim of privilege if

14

appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**H.     Return of Confidential Material at Conclusion of Litigation**

Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material treated as Confidential or Highly Confidential under this Protective Order and not received in evidence (other than material subject to work product protection) shall be destroyed or returned to the Producing Party, at the option of the Receiving Party.  Counsel of record for each Party shall make written confirmations of compliance herewith and shall deliver the same to counsel for the Producing Parties not more than ninety (90) days after final termination of this litigation.  Notwithstanding this provision, except for those exhibits that contain materials designated as Confidential or Highly Confidential, Counsel may retain materials that constitute Counsel's work product, working files, pleadings, motion papers, legal memoranda, and correspondence, including those that were served in this Action or filed with this Court, and any emails containing such documents.  In addition, the parties' experts may retain one copy of any expert report they prepared, which also remains subject to this Protective Order.  The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**I.     Use of Discovery Material by the CFTC**

1.      Notwithstanding any of the foregoing terms, nothing in this Protective Order shall limit the CFTC's mandatory obligations to share documents with the United States Congress upon Congress's request including as set forth in Section 8(e) of the Commodity Exchange Act, 7 U.S.C. § 12(e). Upon receipt of a Congressional request that requires the production of Confidential or Highly Confidential Information produced by Defendants or non-parties, the CFTC shall seek authorization from Congress to provide Defendants or such non-parties with

15

reasonable notice of the request, including a copy of the request, within five business days prior to disclosure to Congress, or, if Congress requires a response in fewer than five business days, within sufficient time for Defendants or such non-parties to contact Congress before it receives the documents.

2.      Further, nothing in this Protective Order shall limit the CFTC's ability to seek authorization from the Court to use any Confidential or Highly Confidential Information produced by Defendants or a non-party pursuant to any of the "Routine Uses of Information" identified in the applicable CFTC Privacy Act System of Records Notices, or as otherwise authorized or permitted by statutes and regulations governing CFTC practice, policy, and procedures, including, without limitation, Sections 8 and 12 of the Commodity Exchange Act, and the Freedom of Information Act.  The CFTC will provide notice of any request by the CFTC under this subsection, and Defendants or non-parties that produced such information will have an opportunity to oppose such request, unless the Court orders otherwise.  Nothing in this Order will prejudice either Party from making arguments in connection with such an application, including but not limited to the proper legal standard that should be applied to such a request.

**J.      Court Retains Jurisdiction**

After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential or Highly Confidential Discovery Material produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

| | |
|---|---|
| Dated: October 13, 2022 | Respectfully submitted by: |

| | |
|---|---|
| /s/ David W. Oakland | /s/ John F. Baughman |
| David W. Oakland | John Nathanson |
| Diana Wang | Christopher LaVigne |
| Andrew J. Rodgers | Randall Martin |
| Alejandra de Urioste | Benjamin Klebanoff |
| K. Brent Tomer | SHEARMAN & STERLING LLP |
| | 599 Lexington Avenue |
| COMMODITY FUTURES TRADING COMMISSION | New York, NY 10022 |
| Ted Weiss Federal Building | (212) 848-4000 |
| 290 Broadway, Suite 600 | |
| New York, NY 10007 | John F. Baughman |
| (646) 746-9700 | Mariya Jones |
| | Daniel A. Schwartz |
| *Attorneys for the Plaintiff* | |
| | JFB LEGAL, PLLC |
| | 299 Broadway, Suite 1816 |
| | New York, NY 10007 |
| | (212) 528-3212 |
| | |
| | *Attorneys for Defendant Gemini Trust Company LLC* |

**SO ORDERED:**

Dated:

_____

Alvin K. Hellerstein, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>GEMINI TRUST COMPANY, LLC,<br><br>                    Defendant. | 22 Civ. 4563 (AKH)<br><br>ECF Case |

**EXHIBIT A**

**ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE**

      I hereby acknowledge that I have been given a copy of the Stipulated Protective Order dated _____, 2022, in the above-captioned case; that I have read the Stipulated Protective Order; and that I agree to be bound by it.  I further understand and agree that I shall not disclose Confidential or Highly Confidential information or documents to others, except in accordance with the Stipulated Protective Order.  I further understand and agree that my obligation to honor the confidentiality of such Confidential or Highly Confidential information or documents will continue even after the termination of this litigation.  I further understand and agree to submit myself to the personal jurisdiction of this Court for matters pertaining to this acknowledgment and declaration.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on this \_\_\_\_ day of _____, \_\_\_\_\_ at _____

by _____
[name]


Signed: _____