UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>GEMINI TRUST COMPANY, LLC,<br><br>　　　　　　　　　　　　Defendant. | Case No. 22 Civ. 4563-AKH<br><br>ECF Case<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS** |

The Plaintiff and Defendant (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned manner:

1. Subject to the Parties' and deponent's consent, depositions may be conducted remotely using videoconference technology, and each such deponent shall be video-recorded.

2. The Party that noticed the deposition shall be responsible for selecting the court reporting service that offers videoconference and remote deposition services. The Parties agree that an employee from the court reporting service may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. To ensure optimal audio quality and minimize the risk of disruption, all attendees who are not actively involved in questioning or stating objections shall mute their microphones unless and until they speak. Each person remotely attending a deposition and participating in

questioning or stating objections shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. The deponent's counsel may be in the same room as the deponent during any remote deposition. All individuals in the same room as the deponent during the deposition must remain on video at all times.

5. Consistent with Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by the court reporting service, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the court reporting service before or during the deposition at counsel's request and controlled by the court reporting service. If the court reporting service assigns attendees to the wrong breakout room, the incorrectly assigned attendees shall remove themselves from the breakout room and address the issue with the court reporting service administrator.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The court reporting service will

simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The Party that noticed the deposition shall provide the court reporting service with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the court reporting service employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the court reporting service employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties agree to work collaboratively and in good faith with the court reporting service to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

15. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have. If the deposition is cross-noticed, the Parties shall share the cost of any necessary technology.

16. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

17. During the entirety of the deposition, the deponent shall not have any other applications open on his or her computer other than the videoconferencing application for the deposition or any application needed to review marked exhibits.

18. During the entirety of the deposition, the deponent shall not view or access any document or other data or material that is not one of documents used as an exhibit during the deposition, unless the document is first identified and made part of the record.

19. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

    a. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. After the package has been unsealed, recipients will review individual exhibits for the first time only after they have been introduced by counsel, and shall not

        review exhibits that have not yet been introduced, during breaks or otherwise. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

b. Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail or FTP ShareFile to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. After the .zip file has been opened, recipients will review individual exhibits for the first time only after they have been introduced by counsel, and shall not review exhibits that have not yet been introduced, during breaks or otherwise. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

c. Counsel may introduce exhibits electronically during the deposition, by using the court reporting service's document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by

sending the exhibit to the deponent and all individuals on the record via electronic mail.

20. All deponents receiving documents before or during a deposition, pursuant to Paragraph 19 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent. In the alternative, the deponent or his or her counsel may certify within two business days following the completion of the deposition that all documents received before or during the deposition have been destroyed.

21. Counsel for the Parties may keep any document or exhibit used during the deposition, consistent with the Stipulated Protective Order entered in this case.

22. Counsel noticing the deposition shall provide any counsel for third-party witnesses with a copy of the Parties' Stipulated Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Stipulated Protective Order, and shall return any documents not used during the deposition to the Counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain or review them in any manner. In the alternative, counsel for the third-party witness may certify within two business days following the completion of the deposition that all documents not used during the deposition have been destroyed.

23. This stipulation shall apply to depositions where only some of the attorneys questioning the deponent attend remotely. Where the examining attorneys are present physically, the parties shall be required to afford attorneys attending remotely the ability to hear the proceeding and see the witness via video feed when reasonably practicable.

24. The parties shall make reasonable accommodation to make up for time spent on the record addressing any technological issues that may arise.

25. Deponents will not be required to have errata sheets notarized in order to be effective.

26. In the event any provision of this stipulation is not adhered to, the non-complying party shall take reasonable steps to remedy such non-compliance, but no failure to adhere to the requirements of this stipulation shall provide cause to exclude the deposition testimony, if the non-compliance was apparent at the time of the deposition and not objected to on the record.

27. The Parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties.

Dated: New York, New York
August 24, 2023

Respectfully submitted by:

BY /s/ *John F. Baughman*

John F. Baughman
Daniel A. Schwartz
Elizabeth Lee
JFB LEGAL, PLLC
299 Broadway, Suite 1806
New York, New York 10007
(212) 528-3212

- and -

John Nathanson
Christopher LaVigne
Randall Martin
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

*Attorneys for Gemini Trust Co., LLC*

BY /s/ *Andrew J. Rodgers*

David W. Oakland
Diana Wang
Andrew J. Rodgers
Alejandra de Urioste
K. Brent Tomer
Katherine Rasor
COMMODITY FUTURES TRADING
 COMMISSION
Ted Weiss Federal Building
290 Broadway, Suite 600
New York, New York 10007
(646) 746-9700
*Attorneys for Plaintiff*

So Ordered
8-24-23
[signature]