

**COMMODITY FUTURES TRADING COMMISSION**
Ted Weiss Federal Office Building
290 Broadway, Suite 600
New York, NY 10007
Telephone: (646) 746-9700
www.cftc.gov

Division of
Enforcement

December 4, 2023

**VIA ECF FILING**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

      Re:  CFTC v. Gemini Trust Co., LLC, Case No 22-cv-4563 (AKH)

Dear Judge Hellerstein:

      We represent Plaintiff Commodity Futures Trading Commission ("Plaintiff" or the "CFTC"). Per the Court's Individual Rules, we write jointly with counsel for Defendant Gemini Trust Co., LLC ("Defendant" or "Gemini") to raise certain scheduling and discovery issues related to the completion of fact witness discovery and the duration of the deposition of Cameron Winklevoss, Gemini's co-founder and President. The CFTC and Gemini met and conferred on November 9 and 13, 2023 to discuss the issues outlined below and were unable to reach a resolution where noted.

**1.    Extension of Time to Complete a Rule 30(b)(6) Deposition of a Gemini Representative**

    **A.  CFTC's Position**

      The CFTC requests that the Court extend the December 31, 2023 fact witness deposition deadline (ECF No. 42 at 30:16-19) for the limited purpose of allowing the CFTC to notice the Rule 30(b)(6) deposition of a Gemini representative. On October 12, 2023, the CFTC noticed (i) Mr. Winklevoss's deposition for December 5, 2023; and (ii) the Rule 30(b)(6) deposition of a Gemini representative for December 21, 2023. However, Mr. Winklevoss's counsel is unavailable on December 5, which required the parties to confer on an alternate date.

      Prior to and during the conferral held of November 9, 2023, Defendant proposed December 18, 2023 as an alternate date for Mr. Winklevoss's deposition. The CFTC stated that it was willing to accommodate the alternate date but the CFTC explained that it needed sufficient time after Mr. Winklevoss's deposition to determine what, if any, additional information it needed on the topics set forth in the Rule 30(b)(6) notice. As explained in the CFTC's briefing in connection with its Motion for a Protective Order (ECF Nos. 50 & 63), Rule 30(b)(6) requires that the noticing party take into account the information already obtained from other fact witnesses because a "Rule 30(b)(6) deposition is not to be used to re-ask all the questions a party has previously explored with multiple

witnesses."  (ECF No. 50 at 8 (quoting *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *5 (E.D.N.Y. Sept. 24, 2019)); ECF No. 63 at 4.)  The CFTC also needs sufficient time in advance of any Rule 30(b)(6) deposition to understand and potentially address any other objections Defendant may have to the Rule 30(b)(6) topics, which Defendant has yet to provide.  *See Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019) ("Where a corporation objects to the designation, it must give advance notice to the requesting party of those objections, so that the requesting party has the opportunity to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers, if necessary, following the deposition.").

While the parties continue to confer on some of the topics set forth in the CFTC's Rule 30(b)(6) notice without Defendant's specific objections, the CFTC seeks sufficient time to assess the testimony provided by the fact witnesses, including Mr. Winklevoss, and to confer with Defendant on any remaining issues or potential objections to the topics set forth in the Rule 30(b)(6) notice.  The extension would also permit Defendant time to provide specific objections as well as seek a protective order should the parties not agree on the need for Rule 30(b)(6) testimony on some or all of the noticed topics.  *See Fort Worth Employees' Retirement Fund v. JP Morgan Chase*, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("The weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order.").

Noticing the Rule 30(b)(6) deposition of a Gemini representative after December 31, 2023—or the filing of any motion for a protective order barring such testimony—could impact the status conference scheduled for January 4, 2024.  (*See* March 22, 2023 Order Regulating Proceedings, ECF No. 41.)  On November 29, 2023, the Court adjourned the oral arguments on the pending discovery motions (ECF Nos. 49 & 53) until December 11, 2023.  The CFTC would be prepared to discuss during the December 11 conference any outstanding items related to fact witness depositions, including the scheduling of the Rule 30(b)(6) deposition of a Gemini representative, the timing of when Defendant will provide advance notice of its objections to the Rule 30(b)(6) topics, and the briefing schedule for a protective order barring a Rule 30(b)(6) deposition of a Gemini witness on any of the topics.  Additionally, the CFTC does not believe there will be a need to address Defendant's request for a parallel extension related to the Defendant's Rule 30(b)(6) deposition of a CFTC representative or request for additional testimony from Mr. Goodman and Mr. Kuserk once the Court rules on the pending discovery motions.  However, the CFTC would be prepared to discuss a schedule for any additional depositions should that be necessary after the Court rules on the pending motions.[1]

### B. Gemini's Position

Gemini does not oppose Plaintiff's request for a limited extension of the fact witness deposition deadline.  However, Gemini respectfully requests that the Court grant the same extension to permit Gemini to take the Rule 30(b)(6) deposition of the CFTC and to take the additional deposition testimony of Mr. Goodman and Mr. Kuserk, as requested in Gemini's Motion to Compel, ECF #53.  Given the availability of counsel—and likely constraints on the availability of the witnesses during the holiday season—Gemini believes this parallel extension is appropriate.  Gemini understands that Plaintiff does not oppose this request.

---

[1] There have not been any previous requests for extensions of the fact witness deposition deadline or adjournments of the status conference.

2. **Request for Additional Time to Depose Cameron Winklevoss**

   A. **CFTC's Position**

   The CFTC requests an additional seven hours to depose Mr. Winklevoss. As relayed during the conferral process, Defendant believes that most of the topics in the Rule 30(b)(6) notice will be covered by fact witness depositions, including Mr. Winklevoss's deposition tentatively scheduled for December 18, 2023. The CFTC wants to ensure sufficient time to cover the topics set forth in the Rule 30(b)(6) deposition notice and sought Defendant's consent to a second day of testimony should it be necessary. Defendant has declined to consent to additional time.

   "A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." *Robinson v. De Niro*, 2022 WL 274677, at *2 (S.D.N.Y. Jan. 26, 2022). "Although courts enjoy broad discretion in regulating the deposition process under Rule 26(b)(2)(A), courts must allow additional time when necessary for the deponent to be fairly examined." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 402, 406 (S.D.N.Y. 2018)

   Here, good cause exists to schedule a second day of testimony to ensure that the CFTC has sufficient time to fairly examine Mr. Winklevoss given the importance of his testimony and the need to cover all the Rule 30(b)(6) topics to determine what additional testimony may be needed. As reflected in the Advisory Committee Notes to the 2000 Amendments to Rule 30(d), "it is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court," and that "preoccupation with timing is to be avoided." Advisory Committee Notes to the 2000 Amendments to Fed. R. Civ. P. 30(d). Indeed, courts in this district caution against rigid adherence to time limitations and "meticulous time-keeping." *Finkelstein v. Sec. Indus. Automation Corp.*, 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006) ("Defense counsel's insistence on exactitude here is contrary to the expectation that parties will accommodate their adversary's reasonable request for additional time."). The CFTC has attempted to limit the need to obtain Rule 30(b)(6) testimony by first seeking testimony from the most knowledgeable fact witnesses. It makes little sense for Defendant to withhold consent to additional time when it has indicated that Mr. Winklevoss's testimony could reduce the need for Rule 30(b)(6) testimony.

   Defendant's argument that the availability of Rule 30(b)(6) testimony somehow weighs against allowing extra time to depose Mr. Winklevoss is disingenuous. Defendant has refused to provide objections to the Rule 30(b)(6) topics and, while it has declined to designate Mr. Winklevoss as a Rule 30(b)(6) witness, it has taken the position that Rule 30(b)(6) testimony may not be necessary in light of the information that Mr. Winklevoss may provide as a fact witness. Defendant cannot unilaterally limit Mr. Winklevoss's testimony to a single day by declining to designate him as a Rule 30(b)(6) deponent while also suggesting that Mr. Winklevoss's testimony will address the Rule 30(b)(6) topics. *See FHFA v. UBS Americas, Inc.*, 2012 WL 5954817, at *1 (S.D.N.Y. Nov. 28, 2012) (ordering "[a]ny witness appearing in both his or her individual capacity and as a Rule 30(b)(6) witness [to] be made available to testify on consecutive days in both capacities."); *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, *1 (S.D.N.Y. Dec. 12, 2001) (observing that 30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness, subject to a separate seven-hour time limit). Additionally, the fact that Mr. Winklevoss provided investigative testimony does not limit the CFTC's ability to take his deposition in this action. *See SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("[T]here is no authority which suggests that it is appropriate to limit

December 4, 2023
Page 4 of 6

the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case.").[2]

\*   \*   \*

Accordingly, the CFTC requests that the Court order (1) that the deadline for the completion of fact witness depositions is extended for the limited purpose of noticing the Rule 30(b)(6) deposition of a Gemini representative; and (2) that the CFTC is permitted a total of 14 hours to depose Mr. Winklevoss.

### B. Gemini's Position

Gemini opposes Plaintiff's request for an additional seven hours to depose Cameron Winklevoss, Gemini's co-founder and President. Rule 30 sets a seven-hour time limit for depositions absent "authoriz[ation] by the court or stipul[ation] by the parties." Fed. R. Civ. P. 30(d)(1). "Any party that seeks additional examination time is 'expected to show good cause to justify such an order,'" *Yong F. Ke v. 85 Fourth Ave. Inc.*, 2009 WL 1058627, at \*5 (S.D.N.Y. Apr. 20, 2009), and any such request must be "consistent with Rule 26(b)(1) and (b)(2)," Fed. R. Civ. P. 30(d)(1). Rule 26(b)(1) mandates consideration of "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff's burden is particularly high here because it seeks to depose a senior executive, who "enjoy[s] an addition layer of protection from the intrusion of depositions," particularly where such testimony is "is unreasonably cumulative or duplicative." *Myun-Uk Choi v. Tower Rsch. Cap. LLC*, 2019 WL 6271324, at \*2 (S.D.N.Y. Nov. 25, 2019) (quotations omitted). Moreover, Rule 26(b)(2) provides that the Court "must" limit the extent of discovery "otherwise allowed by [the Federal Rules] . . . if it determines that . . . (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2).

Plaintiff has not come close to satisfying its burden of showing good cause to extend Mr. Winklevoss's deposition beyond the presumptive seven hours.

*First,* the sole basis Plaintiff has identified for deposing Mr. Winklevoss for more than seven hours is that it wishes to examine him on topics that are also addressed in Plaintiff's Rule 30(b)(6) notice to Gemini. Plaintiff tellingly cites no precedent for its attempt to use a Rule 30(b)(6) notice as a basis to expand the time for a Rule 30(b)(1) deposition. This is no surprise, as Plaintiff's argument is entirely backwards: if anything, the fact that Plaintiff could obtain the testimony it needs through a Rule 30(b)(6) deposition demonstrates that Plaintiff does *not* need extra time during Mr. Winklevoss's Rule 30(b)(1) deposition. Plaintiff also misstates Gemini's position when it claims that Gemini's view

---

[2] Defendant's argument that Mr. Winklevoss is an "apex" witness who is entitled to special treatment can be swiftly rejected. Mr. Winklevoss is a percipient witness and was deeply involved in the issues giving rise to the claims in this case. And, unlike the case Defendant cites, Defendant does not, because it cannot, argue that Mr. Winklevoss lacks knowledge of any of the claims or defenses in this case. *See DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2020 WL 13450956, at \*2 (E.D.N.Y. Nov. 30, 2020) (applying apex doctrine when "there is no basis on which to believe the witness has any unique personal knowledge of facts relevant to this action"); *see also Andes Petroleum Ecuadro Ltd. v. Occidental Expl. & Prod. Co.*, 2022 WL 3227874, at \*3 (S.D.N.Y. Aug. 10, 2022) (Hellerstein, J.) (observing that "highly-placed executives are not immune from discovery," especially where, as here, the witness has "relevant, direct knowledge" and "was involved" in the issues giving rise to the claims).

is "that Rule 30(b)(6) testimony may not be necessary in light of the information that Mr. Winklevoss may provide as a fact witness." *See* page 3, *supra*. Gemini's position, as set forth in its Opposition to the CFTC's Motion for a Protective Order Barring A Rule 30(b)(6) Deposition of Plaintiff, ECF #60 at 14–17, is that a Rule 30(b)(6) deposition may cover the same topics as a Rule 30(b)(1) deposition because the depositions serve different purposes—one binds the entity and is based on information reasonably available to the entity, and the other is based on personal knowledge of the deponent and does not bind the entity. Plaintiff can cover its Rule 30(b)(6) topics during its planned 30(b)(6) deposition of Gemini's corporate representative; it cannot use an overly expansive 30(b)(6) list as a basis to demand an extra day for a deposition of a fact witness.[3]

*Second,* forcing Mr. Winklevoss to sit for a second full day of a Rule 30(b)(1) deposition is overly burdensome, disproportionate, and cumulative of discovery Plaintiff has already obtained. This is especially the case given Mr. Winklevoss' role as the President of Gemini. A heightened showing is required to take any deposition testimony from such an "apex" witness, *see Myun-Uk Choi*, 2019 WL 6271324, at *2, let alone a second day. That rule is particularly appropriate here, as Plaintiff has *already* deposed Mr. Winklevoss regarding the subject matter of its claims. As the Court is aware, Plaintiff undertook a protracted investigation into the subject matter of this case before filing its Complaint. As part of that investigation, Plaintiff deposed Mr. Winklevoss for *two full days* and obtained *more than 550 pages of testimony* on the exact issues in this case. The discovery Plaintiff has obtained since that deposition is limited and does not warrant any additional time with Mr. Winklevoss, much less the extraordinary burden of a *fourth* full day of testimony. *Id*. To be clear, Gemini is not taking the position that Mr. Winklevoss should not sit for any deposition. But Gemini strongly objects to a second day of a 30(b)(1) deposition, which would amount to *four full days of testimony* by Mr. Winklevoss. Plaintiff's request is a classic example of prosecutorial overreach, puts an undue burden on Gemini and its President, and should be rejected.

Plaintiff's reliance on *SEC v. Sargent*, 229 F.3d 68 (1st Cir. 2000) to suggest that the prior two days of sworn testimony Mr. Winklevoss provided are irrelevant to the "good cause" analysis is misplaced. In *Sargent*, the First Circuit expressly declined to rule on the government's argument that the district court erred by preventing the SEC from taking *any* discovery in its civil enforcement case because of the prior investigative work it had done and a related criminal case that went to trial. *See id*. at 74, 80 (explaining that the district court "foreclosed" civil discovery to the SEC based on its pre-filing investigation and related criminal trials). Nothing in *Sargent* affects Gemini's position here. Gemini is not seeking to foreclose the CFTC from pursuing *any* additional discovery. It simply objects to the CFTC's unfounded request to burden Mr. Winklevoss with a second day of a 30(b)(1) deposition, which would amount to four full days of sworn testimony. As Rule 26(b) makes clear, the Court can and should consider whether proposed discovery would be unnecessarily cumulative, burdensome, or can be obtained from alternative sources. Mr. Winklevoss' prior two days of sworn

---

[3] Plaintiff's claim that Gemini has "refused" to provide written objections is likewise misleading. Gemini has repeatedly explained that Plaintiff's Rule 30(b)(6) notice implicates issues that are currently pending before the Court in connection with Plaintiff's motion for a protective order and that Gemini is not in a position to provide written objections—which are not required under the Rules—until those issues are resolved. For example, should the Court accept Plaintiff's argument that Gemini may not examine the CFTC's Rule 30(b)(6) witness on matters previously addressed during the Rule 30(b)(1) depositions of the CFTC's witnesses, the same rule must apply to the CFTC's examination of Gemini and its witnesses. Resolution of these issues could likewise impact which witness(es) Gemini will designate as its corporate representative. Gemini has met and conferred in good faith concerning Plaintiff's notice, and Plaintiff has not identified any prejudice from Gemini's position. Moreover, service of written objections and designation of a corporate representative have nothing to do with the issue here, which is that Plaintiff seeks an additional day of Rule 30(b)(1) testimony from Mr. Winklevoss based on its Rule 30(b)(6) notice—but also appears to want to reserve a full seven hours for that Rule 30(b)(6) deposition.

testimony, the burden associated with two days of additional testimony, and Plaintiff's ability to cover its 30(b)(6) topics with Gemini's corporate representative are clearly relevant and warrant denying Plaintiff's request for a second full day of a Rule 30(b)(1) deposition of Mr. Winklevoss.

Respectfully submitted,

/s/ *Andrew J. Rodgers*

Andrew J. Rodgers
Trial Attorney
Commodity Futures Trading Commission

cc:   Counsel of record (via ECF)