UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
COMMODITY FUTURES TRADING            :
COMMISSION,                                         :     **ORDER REGULATING**
:     **PROCEEDINGS**
              Plaintiff,           :
     -against-                                         :     22 Civ. 4563 (AKH)
:
GEMINI TRUST COMPANY, LLC,          :
:
              Defendant.           :
:
:
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

This order, on issues of discovery that I had reserved, adds to my rulings made at argument on December 11, 2023, and reflected in a summary order of December 12, 2023 at ECF No. 70. I now rule on the relation of materiality to the scope of discovery requested by defendants.

### I. Gemini's position

Gemini argues it is entitled to depose CFTC employees regarding their review of Gemini's disclosures to the CFTC, and their discussions *inter se*. Gemini relies principally on *Universal Health Serv. Inc. v. U.S. ex rel Escobar*, 579 U.S. 176 (2016), a false claims case in which the Supreme Court held that an Agency's indifference to its policies supports an inference that misrepresentations relating to the requirements of the policy were not material. Gemini argues that, under *Escobar*, it is entitled to take depositions of officers and employees of the CFTC who read its disclosures, alleged to be misrepresentations, but nevertheless permitted the self-certification of the bitcoin futures product.

## II. Materiality defined

To establish liability under the Commodity Exchange Act, 7 U.S.C. § 9(2), "the CFTC must prove by a preponderance of the evidence, that 1) a false or misleading statement was made to the CFTC, 2) the statement was material, and 2) the author of the statement knew or reasonably should have known that the statement was false or misleading." *U.S. Commodity Futures Trading Commission v. eFloorTrade, LLC*, 16 Civ. 7544 (PGG), 2018 WL 10625588, at *8 (S.D.N.Y. Sept. 21, 2018).[1] "Half-truths," or "representations that state the truth only so far as it goes, while omitting critical qualifying information," can also be actionable misrepresentations. *Escobar*, 579 U.S. at 191. A statement is material if it is "capable of influencing a decision by a decision-making body" or if it is "capable of distracting a government investigator's attention from a critical matter." *Kungys v. United States*, 485 U.S. 759, 770–71 (1988); *United States v. Adekanbi*, 675 F.3d 178, 182 (2d Cir. 2012); *United States v. Litvak*, 808 F.3d 160, 172–74 (2d Cir. 2015). The standard is objective; the omission or misrepresentation must have an intrinsic capability to influence the agency's decision "at the moment the statement was made". *U.S. Commodity Futures Trading Commission v. eFloorTrade, LLC*, 2018 WL 10625588, at *8 (defining materiality under 7 U.S.C. §9(2)); *United States v. Byrnes*, 644 F.2d 107, 111 (2d Cir. 1981) ("it is only the question, at the time of its asking, which is considered."). Materiality is not dependent on the thought processes of the individuals who may have read a disclosure. *See United States v. Weaver*, 860 F.3d 90, 94–95 (2d Cir. 2017). *Escobar* has not changed how materiality is defined or proved.

---

[1] The statute makes it unlawful "for any person to make any false or misleading statement of a material fact to the Commission, including in any registration application or any report filed with the Commission under this chapter, or any other information relating to a swap, or a contract of sale of a commodity, in interstate commerce, or for future delivery on or subject to the rules of any registered entity, or to omit to state in any such statement any material fact that is necessary to make any statement of a material fact made not misleading in any material respect, if the person knew, or reasonably should have known, the statement to be false or misleading." 7 U.S.C. § 9(2).

"Capable of influencing" may be proven in several ways. Published regulations, policies, and procedures are relevant to determining whether that issue is material to the decision-making process. *See Escobar*, 579 U.S. at 194–95. Conversely, an agency's regular disregard of a stated policy can tend to prove immateriality. *Id.; cf. FDIC v. Fifth Third Bank, N.A.*, No. 23-209-cv, 2023 WL 7130553, at *4 (2d Cir. Oct. 30, 2023) (finding materiality insufficiently pled because, *inter alia*, the agency failed to allege facts that it took action against other entities "who engaged in similar alleged conduct").

The subjective views of individual agency decisionmakers and their testimony as to what they relied upon in making the decision is irrelevant. *United States v. Scali*, 16 Cr. 466 (NSR), 2018 WL 604852, at *3 (S.D.N.Y. 2018), *aff'd* 820 F. App'x 23 (2d Cir. 2022). An agency may or may not make a certain decision for a host of reasons. That has no bearing on whether the statement, at the time it was made, was capable of influencing that decision-making process. Materiality and reliance are distinct inquiries, the latter being irrelevant here. *See Weaver*, 860 F.3d at 96; *Neder v. United States*, 527 U.S. 1, 24–25 (1999).

*Escobar* treats a situation where an agency knows of a misstatement, but is indifferent to its application. The standard of materiality remains objective. However, if an agency's indifference to a requirement is thus shown, the decision-maker of that agency may be questioned as to his awareness of the misstatement and why he was indifferent to its application, for those questions are relevant, under *Escobar*, to the issue of materiality. *Escobar*, 579 U.S. at 195; *United States ex rel Foreman v. AECOM*, 19 F.4th 85, 115 (2d Cir. 2021).

### III. Application

As I ruled at argument, plaintiff shall identify the statements in defendant's disclosures that plaintiff alleges were materially false or misleading and, in case of omissions, the statements necessary to make the false and misleading statements not false or misleading. As reflected in Topic 13, Plaintiff also shall identify which of its employees viewed any such false

3

and misleading statements at or before the product became self-certified, and any of the materials defendant says it disclosed. Plaintiff shall make the required identifications in form complying with Fed. R. Civ. P. 33, by January 19, 2024.

Following such identification, defendant may notice, or complete, depositions of any such person so identified, with questions limited to the scope allowed by this order.

Topic 8 may be answered via interrogatory as modified: Statements, which the CFTC considers to be misleading or false, made by entities other than Gemini to the CFTC, that the CFTC attributes to Gemini.

## CONCLUSION

For the reasons set forth in the December 11, 2023 hearing transcript, the summary order of, and this order, defendant's motion to compel, and plaintiff's motion for a protective order, are granted and denied, to the extent indicated. Plaintiff's motion for further briefing is denied. The Clerk is instructed to terminate the open motions at ECF Nos. 49, 53, and 74.

SO ORDERED.

Dated: January 4, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge