```
     O3SBCOMC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   COMMODITY FUTURES TRADE
     COMMISSION,
 4
                    Plaintiff,
 5
             v.                            23 Civ. 4563 (AKH)
 6
     GEMINI TRUST,
 7
                    Defendant.
 8                                         Conference
     ------------------------------x
 9                                         New York, N.Y.
                                           March 28, 2024
10                                         10:00 a.m.

11   Before:

12                  HON. ALVIN K. HELLERSTEIN,

13                                         District Judge

14                       APPEARANCES

15   COMMODITIES FUTURES TRADING COMMISSION
          Attorneys for Plaintiff
16   BY:  ANDREW J. RODGERS
          BRENT TOMER
17        ALEJANDRA de URIOSTE
          DAVID W. OAKLAND
18        KATHERINE RASOR
          DIANA WANG
19

20   BAUGHMAN KROUP BOSSE, PLLC
          Attorneys for Defendant
21   BY:  JOHN F. BAUGHMAN
          DANIEL A. SCHWARTZ
22        ELIZABETH LEE
          ERNEST BUTNER
23

24

25
```

O3SBCOMC

1           (Case called; appearances noted)
2           THE COURT:  Good morning.  Okay.  We have a pending
3  motion by defense, but that should not delay us in our next
4  phase of the case which has to do with expert discovery.  Are
5  their proposes for dates on expert discovery?  I propose also
6  to set a trial date of July 15th, 10 a.m.
7           Is there a jury, Mr. Rodgers?
8           MR. RODGERS:  Yes, your Honor, there is a jury demand.
9           THE COURT:  Jury trial?
10          MR. RODGERS:  Yes, your Honor.
11          THE COURT:  July 15th, trial by jury.
12          MR. BAUGHMAN:  Your Honor, I have a matter in state
13 court the previous week, a trial the week of July 8th.  Could I
14 maybe get another week or two in between?  Would that be
15 possible?
16          THE COURT:  How long will the trial be, Mr. Rodgers?
17          MR. RODGERS:  We anticipate two to three weeks for our
18 case in chief.
19          THE COURT:  The trial in state court begins July 8th?
20          MR. BAUGHMAN:  Yes, your Honor.
21          THE COURT:  How sure are you that it will go?
22          MR. BAUGHMAN:  50/50.  If you want to leave it on the
23 calendar for the 15th, I'm just letting you know I may have a
24 conflict.
25          THE COURT:  I can move it to the 8th to preempt the

O3SBCOMC

state court.

        MR. BAUGHMAN:  Please don't do that, your Honor.

        THE COURT:  You want me to?

        MR. BAUGHMAN:  No, your Honor.  Leave it on the 15th and I'll deal.

        THE COURT:  Okay.  So July 15th for trial.  If you're jammed, you'll make an application.  You have a jury trial?

        MR. BAUGHMAN:  Yes, your Honor.

        THE COURT:  That takes a few days to do a jury. How long is the trial going to be?

        MR. BAUGHMAN:  It's on for a week, your Honor.

        THE COURT:  So I'll adjust.

        MR. BAUGHMAN:  Obviously, your Honor, I want to make this trial, but if I need to, I'll make an application.

        THE COURT:  Okay.  July 15th for trial.  Do you have any proposals for expert discovery?

        MR. RODGERS:  Your Honor --

        THE COURT:  Use the podium, Mr. Rodgers.

        MR. RODGERS:  Your Honor, we had discussed expert discovery with defendant's counsel.  However, given the trial date, I don't think our proposal is going to work.  That also being said given your Honor's statement about briefing summary judgment alongside expert discovery, we would like the opportunity to move for summary judgment as well.  In addition to moving on the falsity of the statements and the fact that

O3SBCOMC

1  Gemini was in fact the maker of the statements at issue in this
2  case.  All of them, not the handful that they want to reject
3  because the statements flowed through --
4          THE COURT:  I don't see how summary judgment can win
5  for you in this case.  You're charging basically a
6  manipulation.
7          MR. RODGERS:  Your Honor, this is a false statement
8  case.  It's not a manipulation case.
9          THE COURT:  How do I find false statement?
10         MR. RODGERS:  Your Honor --
11         THE COURT:  You think I can find a false statement as
12 a matter of law?
13         MR. RODGERS:  Yes, your Honor.  We think that there
14 will be no question that's the statements were made, that the
15 statements were false.  There will be -- we've talked with your
16 Honor previously we think in the context of a civil matter like
17 this one.  Your Honor will be able to make a determination as
18 to the matter of law as to materiality.
19         THE COURT:  So you don't need experts for that?
20         MR. RODGERS:  Your Honor, we believe, our position is
21 that expert discovery could enlighten some of the issues.  We
22 think it would be better addressed on a full record, and we
23 were prepared to move at the end of expert discovery.
24         THE COURT:  You're going to use expert discovery, I
25 cannot see how a summary judgment can prevail.  Look.  I have

O3SBCOMC

1  no rule against making motions.  If you wish to make motions,
2  make motions, but July 15 will be the trial date.
3          MR. RODGERS:  Then, your honor, we can discuss an
4  appropriate schedule for briefing motion for summary judgment.
5  We respectfully request 45 days to move.
6          THE COURT:  No, I'm not going to discuss it.  You make
7  the motion.  It will come up in a normal way.
8          MR. RODGERS:  Then can we have 45 days to oppose their
9  motion?
10         THE COURT:  No.  Their current motion?
11         MR. RODGERS:  Their pending motion that we received on
12 Friday.
13         THE COURT:  Why do you need 45 days?  You knew this
14 issue from the beginning.
15         MR. RODGERS:  We were unaware -- we had assumed, your
16 Honor, I guess wrongly, that we would address summary judgment
17 at the end of expert discovery.
18         THE COURT:  You assumed, so you assumed. But they made
19 a motion on the ground that a representation made to an
20 intermediary is not a misrepresentation to the CFTC.
21         MR. RODGERS:  We believe that's wrong as a matter of
22 law and as a matter of fact, but we can reserve on that.
23         THE COURT:  You're not going to get 45 days.
24         MR. RODGERS:  Can I try for 30?
25         THE COURT:  But it's not going to interfere with the

O3SBCOMC

1    July 15th trial.  I'll give you 30 days.  When did you make the
2    motion?
3             MR. RODGERS:  The motion by defendants was made on
4    March 24.
5             MR. BAUGHMAN:  I actually think it was the 22nd.
6             MR. RODGERS:  Did I get the date wrong?
7             MR. BAUGHMAN:  Last Friday.
8             THE COURT:  March 22.  You'll have until April 22.
9             MR. BAUGHMAN:  Your Honor, could we have 14 days to
10   reply?
11            THE COURT:  April 19 to oppose.
12            MR. RODGERS:  April 19 to oppose?
13            THE COURT:  Yes.
14            MR. RODGERS:  Your Honor, I would request respectfully
15   that we have another week because I'm on spring break with my
16   child that week, and that's also New York City spring break.
17            THE COURT:  April 24th.
18            MR. RODGERS:  Your Honor, that's still impacting that
19   time period.
20            THE COURT:  When does spring break begin?
21            MR. RODGERS:  April 22nd, your Honor.  If we could
22   have May 1.
23            THE COURT:  You can do April 19 before spring break.
24            MR. RODGERS:  I prefer May 1st.
25            THE COURT:  I'm not going to give you May 1st.

O3SBCOMC

1       MR. RODGERS:  Then we'll take the 19th.
2       THE COURT:  And April 30 to reply.  What about
3  experts?
4       MR. BAUGHMAN:  Your Honor, before you leave the
5  schedule, would you like to schedule an argument date on the
6  motion?
7       THE COURT:  If I need one, I'll schedule it.
8       MR. BAUGHMAN:  Okay.  Thank you.
9       MR. RODGERS:  The schedule for expert discovery --
10      THE COURT:  I'll be on trial during May.  I'll try to
11 find sometime for you.  I can't tell you right now.
12      MR. BAUGHMAN:  Thank you, your Honor.
13      THE COURT:  What are you going to do with experts?
14      MR. RODGERS:  Your Honor, backing up.  We anticipated,
15 and we talked with defense counsel about this, having one
16 expert.  We do have some gating issues in that we're dealing
17 with defense counsel on the data that they produced in
18 connection with their interrogatories.  So there's a little bit
19 influx, and we had not anticipated a July trial date.  But for
20 present purposes, we have one expert.  We understand they may
21 have more than one.
22      THE COURT:  How many experts?  What's his name?
23      MR. RODGERS:  It's Larry Harris, your Honor.
24      THE COURT:  Is this the first time?
25      MR. RODGERS:  I'm sorry.

O3SBCOMC

1    THE COURT:  Has that name been identified?
2    MR. RODGERS:  That's the first time we been asked, so
3  that's the first time we disclosed it.
4    THE COURT:  His name is Larry?
5    MR. RODGERS:  Yes, Harris.
6    THE COURT:  Who is he?
7    MR. RODGERS:  He's an expert in microstructure.  He's
8  a professor at the University of Southern California.  His deep
9  industry knowledge about market, market structure, and he'll be
10 able to opine on issues related to the trading incentives that
11 were offered in this case but were not disclosed to the CFTC.
12 He'll also be able to talk to the materiality of the omitted
13 information among other topics that we're exploring.  Obviously
14 we don't have a report written, so I don't want to overstate
15 what we think the topics would be.  That's sort of a general
16 broad strokes of --
17   THE COURT:  That's sufficient.  When can you give
18 Mr. Baughman his CV and record of testimonies?
19   MR. RODGERS:  We could give his CV relatively quickly.
20 His record of testimony I think we have that.  We can put that
21 together --
22   THE COURT:  I'm not asking you for the report date.
23 I'm asking you to give the data so Mr. Baughman can know who it
24 is and what he's done.
25   MR. RODGERS:  Sure. I don't want to go on a limb.  I

O3SBCOMC

1     think we can do that in one to two weeks.  And.
2            THE COURT:  So how about April 5?
3            Mr. Baughman, do you know your experts?
4            MR. BAUGHMAN:  Yes, your Honor.
5            THE COURT:  Who are they?
6            MR. BAUGHMAN:  We have three.  One is named Andy
7     Skrypacz, S-K-R-Y-P-A-C-Z.
8            THE COURT:  I didn't follow.
9            MR. BAUGHMAN:  Sure.  S-K-R-Y-P-A-C-Z.  He's a
10    professor of economics at Stanford.  Our second is named Angelo
11    Chan.  He's a crypto industry expert, and our third is named --
12           THE COURT:  Where is he?  Is he a professor?
13           MR. BAUGHMAN:  He's a consultant.  He has a consulting
14    company.  And our third is Jeremy Cusimano, and he's on issues
15    relating to notice and materiality and he's at Alvarez &
16    Marsal.
17           THE COURT:  It seems to me that these are going to
18    overlap.
19           MR. BAUGHMAN:  It may will. Possible. Obviously
20    we'll seek to avoid repetition.
21           THE COURT:  Yeah, cause if you repeat, I'm not going
22    to let you have repetitive experts.
23           MR. BAUGHMAN:  Fair enough.
24           THE COURT:  And when can you give Mr. Rodgers the CV
25    and the trial experience of these gentleman?

O3SBCOMC

1    MR. BAUGHMAN: We can do it on the same schedule, your
2    Honor, next Friday.
3            THE COURT: Next Friday you could, April 5. Reporting
4    date, when the expert reports, you go first, Mr. Rodgers.
5            MR. RODGERS: I'm just looking at the calendar, your
6    Honor. My intuition says if we can get it done in a 45/45/15
7    schedule or something along those lines.
8            THE COURT: Isn't that too leisurely? You may want
9    depositions too.
10           MR. RODGERS: So 30/30/15? That's putting us in line.
11           THE COURT: You think you will need depositions?
12           MR. RODGERS: I think parties typically do take expert
13   depositions, and we would probably want to reserve the right to
14   do that.
15           THE COURT: You don't need to reply because I'm not
16   going to be judging from the reports. The reports are really
17   to inform and to limit. You're not going to be put on
18   testimony, particularly if it's a jury trial. It's only for
19   reply opinion.
20           MR. BAUGHMAN: Might I ask a question about that, your
21   Honor?
22           THE COURT: Yes.
23           MR. BAUGHMAN: I'm happy with no reply opinion, as
24   long as it's understood that the experts can comment on each
25   other's work at trial.

O3SBCOMC

1          THE COURT:  Well, I don't know if that's appropriate.
2     Each one is going to give his own opinion.  Of course in
3     examination and cross examination you'll contrast the opinion
4     with other opinions in the field.
5          MR. BAUGHMAN:  That's true.
6          THE COURT:  But I'm not inclined to allow questions
7     that say, Expert so and so said this, what do you think of
8     that, and you'll deliver your own opinion.
9          MR. BAUGHMAN:  Thank you for clarifying.
10         THE COURT:  Look, I think you can do your own plan and
11    give it to me in a stipulation knowing that the July 15th trial
12    date will not be moved, except if Mr. Baughman is actually on
13    trial.
14         MR. BAUGHMAN:  Why don't we confer, your Honor,
15    perhaps next Friday when we exchange the things, we can submit
16    a schedule to your Honor.
17         THE COURT:  That's fine.  We need a final pretrial
18    conference date at which time you'll be submitting your request
19    of voir dire and proposed jury instructions and your briefs.
20    You'll have your exhibits identified by then, and you'll look
21    at my rules.  They'll tell you what to do.  So if we're going
22    to try the case July 15, would you like to have your final
23    pretrial conference July 9?
24         MR. BAUGHMAN:  Well, that's when my trial is assuming
25    --

O3SBCOMC

1  THE COURT:  If you're going to be on trial, I'm going
2  to move everything.
3  MR. BAUGHMAN:  Yeah, right.
4  THE COURT:  If you're not on trial, we'll have that.
5  MR. BAUGHMAN:  Understood, your Honor.
6  THE COURT:  Okay.  Final pretrial conference July 19,
7  at 10:30.
8  MR. BAUGHMAN:  I think you mean July 9.
9  THE COURT:  July 9 at 10:30.  Sorry.
10  THE DEPUTY CLERK:  Judge, this is a jury trial?
11  THE COURT:  Yes, it's a jury trial, Bridgette.  Do you
12  want to know how I deal with jury trials?
13  MR. BAUGHMAN:  Yes, your Honor, I was about to ask.
14  THE COURT:  I generally have eight people on the jury.
15  We seat 14 in the array.  Each side is three peremptories.  I
16  consider your submissions and my own background in voir dire,
17  and I will inquire of the jury.
18  As people can't sit or are excused, another person
19  from the array will be put in their place.  At the end of the
20  questions, each juror has a questionnaire and will be able to
21  tell you where he lives generally, what borough, whether he's a
22  home owner or resident, what people in his home do, what the
23  juror does, about education, favorite programs, favorite books,
24  favorite newspapers and the like.  So you can get a picture of
25  the juror.

O3SBCOMC

1     And then you exercise your peremptories either at the
2     desk or in the hallway. You consider what it is. I give you
3     15 minutes, then you come back and give me a sheet of paper
4     showing me your three peremptories each. And then if they
5     coincide or if you don't exercise them, I will reduce the jury.
6     So the jury will be reduced from 14 to eight, and all eight
7     will be the jurors. That's essentially it. Anything else you
8     want to ask?
9          MR. RODGERS: Let me just check with my team. Seems
10    like we're all set, your Honor.
11         THE COURT: How about you, Mr. Baughman, anything?
12         MR. BAUGHMAN: Nothing from me. The only question I
13    would have perhaps is openings. Any guidelines or rules on
14    openings, use of exhibits, use of testimony in openings?
15         THE COURT: Well, first of all, each side has a right
16    to object. I know some judges have a rule you can't object
17    during openings and closings. I don't have that rule. During
18    trial and on openings, there are no speaking objections.
19    Objections are one word only objections.
20         If I need a sidebar, I'll ask for it. If I don't need
21    it, I won't ask for it or I won't allow it even on your
22    request. A trial date last ten to one more or less with a
23    mid-morning break, and from 2:15 to five with an afternoon
24    break if it's needed.
25         On openings to answer your question, you can use

O3SBCOMC

1  demonstratives provided that you show them to the other side
2  and have them ready by the final pretrial conference so I can
3  rule on any objections.  As to testimony, I think not.  It's
4  argument.  It's not even argument.  It's an outline of what
5  you're going to be doing in the case.  Anything else?
6           MR. BAUGHMAN:  No.  Thank you, your Honor.
7           THE COURT:  So our next date is final pretrial
8  conference date of April 9.  If either party needs a conference
9  before then, let me know and I'll schedule it.
10          THE DEPUTY CLERK:  10:30, July 9.
11          THE COURT:  July 9, at 10:30.  If I need oral argument
12 on the pending motion, I'll schedule it.  Okay.  Thank you very
13 much.  Goodbye.
14          (Adjourned)