

**COMMODITY FUTURES TRADING COMMISSION**
Ted Weiss Federal Office Building
290 Broadway, Suite 600
New York, NY 10007
Telephone: (646) 746-9700
www.cftc.gov

Division of Enforcement

July 16, 2024

**VIA ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

    Re:  *CFTC v. Gemini Trust Co., LLC*, Case No. 22-cv-4563 (AKH)

Dear Judge Hellerstein:

    We write in response to Defendant's letter dated July 15, 2024 (Dkt. 125).  The Court should disregard Defendant's letter because it seeks no actual relief aside from a request that the Court take notice of arguments made in an entirely different proceeding having no legal or factual bearing on the matters before this Court.  In the CFTC motion for summary judgment pending before this Court, the CFTC has explained in detail how Defendant's 31 written false statements satisfy the materiality standard under Section 6(c)(2) of the Commodity Exchange Act, 7 U.S.C. § 9(2), and this Court's prior rulings.  *See* Dkt. 99 at 35-37, 43-45, 50-52, 56-57; Dkt. 118 at 14-19, 26-28, 34-37, 42-44, 49-50. Defendant nevertheless asks this Court to take notice of legal and factual positions the CFTC has taken in connection with a currently pending and contested Federal Rule of Civil Procedure 11 motion in *CFTC v. Traders Global Group, Inc.*, Case No. 1:23-cv-011808-ESK (D.N.J.), arguing that they represent contradictory positions on materiality.[1]  But Defendant articulates no reason why a position taken in response to a motion for sanctions regarding the sufficiency of evidence for factual contentions in a different case, in a different district court, and involving different counsel has any bearing on the factual and legal authority set forth in the CFTC's pending summary judgment motion.

    Defendant's letter is a transparent and wasteful attempt to distract the Court's attention away from the undisputed evidence in this case that Defendant repeatedly violated Section 6(c)(2) of the Act, while also attempting to impugn counsel's character in this case[2] and CFTC counsel's character in *Traders Global*.  As requested by your honor, the CFTC is prepared to discuss its proof in support of

---

[1] *Traders Global Group* involves no claim of false statements under Section 6(c)(2) but, rather, concerns registration and fraud claims against a retail forex dealer.  *See* Dkt. 125, Ex. 2 (Complaint).
[2] Gemini baldly alleges that the CFTC has "throughout this case, directed numerous personal attacks towards Gemini, its principals, and its counsel," but cites no example to support this baseless accusation.  Dkt. 125, at 2 n.1.

summary judgment in detail at the upcoming hearing scheduled to begin on July 23, 2024. Accordingly, this Court should deny Defendant's request outright.

                                                                                             Respectfully submitted,

                                                                                             */s/ K. Brent Tomer*
                                                                                             Diana Wang
                                                                                             Andrew Rodgers
                                                                                             Katherine Rasor
                                                                                             Peter Janowski
                                                                                             Alejandra de Urioste
                                                                                             K. Brent Tomer

                                                                                            Attorneys for Plaintiff

cc: Counsel of Record via ECF