UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                      :

COMMODITY FUTURES TRADING      :
COMMISSION,                            :      **ORDER DENYING**
                                     :      **DEFENDANT'S RULING**
                       Plaintiff,     :      **REQUEST**
     -against-                    :
                                     :      22 Civ. 4563 (AKH)
GEMINI TRUST COMPANY, LLC,     :
                                   :
                    Defendant.   :
                                   :
                                   :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant's application of July 15, 2024 is denied.  Defendant asks me to consider representations made by a CFTC lawyer in a different case, against a different defendant, in an application for a temporary restraining order to freeze the defendant's funds in the jurisdiction.  The CFTC lawyer had made representations about that defendant's motive in moving funds which had been shown to be false.  In pressing its motion, the CFTC had argued that the representations were immaterial.  The court expressed skepticism and admonished the lawyer.  Gemini now asks me to consider that argument of immateriality and alleged CFTC misconduct as an admission against interest relevant to the materiality of Gemini's alleged misrepresentations in our case.

        I decline to do so.  Our case involves Gemini's alleged misstatements throughout the self-certification process that would enable a bitcoin futures contract to be listed on the Cboe Futures Exchange (CFE).  The CFTC's lawyer in the case Gemini cites, *CFTC v. Traders Global Group, Inc.*, 23cv11808-ESK-EAP (D.N.J.), involves the lawyer's representations about a defendant's alleged movement of funds to avoid or mitigate liability.  Our case has nothing to do with the

movement of funds, nor what the CFTC may have said about a defendant's movement of funds to avoid liability. Our case is about Gemini's statements; whether they were false; and whether the false statements were material. *Traders Global Group* and its proceedings have no relevance to our case.

Though "materiality is an inherently fact-specific finding," if there is no genuine dispute over those facts, materiality becomes a question of law. *See Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 716 (2d Cir. 2011); *Goldsmith v. Rawl*, 755 F. Supp. 96, 97 (S.D.N.Y. 1991). The court, or a jury, must determine if Gemini's representations during the self-certification process were material, that is, significantly important to determinations by a regulatory agency with jurisdiction over that exchange, and of the futures contracts traded on that exchange. *See United States v. Chan Lo*, 14cr491 (VSB), 2016 WL 9076234, (S.D.N.Y. Feb. 4, 2016), *aff'd* 679 F. App'x 79, 80 (2d Cir. 2017). The issue must be decided objectively. *United States v. Scali*, 16 Cr. 466 (NSR), 2018 WL 604852, at *3 (S.D.N.Y. Jan. 29, 2018 2018), *aff'd* 820 F. App'x 23 (2d Cir. 2022). Gemini's application, if granted, would confuse, complicate, and needlessly extend proceedings, without adding any information relevant to the court's task. *See* Fed. R. Evid. 403.

SO ORDERED.

Dated:  July 19, 2024
        New York, New York

/S/ Alvin K. Hellerstein
_____
ALVIN K. HELLERSTEIN
United States District Judge

2