**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, *Plaintiff*, v. GEMINI TRUST COMPANY, LLC, *Defendant*. | No. 22-CV-4563 (AKH) |

**DEFENDANT GEMINI TRUST COMPANY, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 31, 2024 ORDER DENYING GEMINI'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

## TABLE OF CONTENTS

Preliminary Statement ........................................................................................................................ 1
The Record ........................................................................................................................................... 2
    A. The Complaint ........................................................................................................................ 2
    B. The Record .............................................................................................................................. 2
    C. Prior Motion Practice ............................................................................................................. 4
    D. The CFTC's Motion for Summary Judgment and the Appeal Motion ............................. 5
Argument .............................................................................................................................................. 6
I. The Legal Standard ...................................................................................................................... 6
II. The Denial Order Contains a Clear Error and Should Be Reversed ..................................... 7
III. The Denial Order Further Complicates the Upcoming Trial ................................................. 8
Conclusion ........................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
   888 F. Supp. 2d 478 (S.D.N.Y. 2012) ............................................................................... 7

*AIG Global Sec. Lending Corp. v. Bank of Am. Sec. LLC*,
   254 F. Supp. 2d 373 (S.D.N.Y. 2023) ............................................................................... 5

*Capital Records, LLC v. Viemo, LLC.*,
   972 F. Supp. 2d 537 (S.D.N.Y. 2013) ............................................................................. 10

*Dalie v. Pulte Home Corp.*,
   636 F. Supp. 2d 1025 (E.D. Cal. 2009) ........................................................................... 10

*Griffith v. Metro. Transit Auth.-N.Y.C. Transit*,
   2022 WL 16540877 (S.D.N.Y. Oct. 28, 2022) ................................................................. 6

*Jacob v. Duane Reade, Inc.*,
   293 F.R.D. 578 (S.D.N.Y. 2013) ....................................................................................... 7

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
   2015 WL 4939602 (S.D.N.Y. Aug. 19, 2015) .................................................................. 7

*Obeid v. La Mack*,
   2019 WL 1227789 (S.D.N.Y. Mar. 15, 2019) .................................................................. 7

*River Light V, L.P. v. Olem Shoe Corp.*,
   2022 WL 16722210 (S.D.N.Y. Nov. 4, 2022) .................................................................. 7

*Shields v. Citytrust Bancorp, Inc.*,
   25 F.3d 1124 (2d Cir. 1994) .............................................................................................. 5

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*,
   690 F. Supp. 170 (S.D.N.Y. 1987) ................................................................................. 10

*U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*,
   352 F. Supp. 3d 242 (S.D.N.Y. 2019) ............................................................................... 6

*Virga v. Big Apple Const. & Restoration Inc.*,
   590 F. Supp. 2d 467 (S.D.N.Y. 2008) ........................................................................... 6-7

*Wright v. Goord*,
   554 F.3d 255 (2d Cir. 2009) .............................................................................................. 5

*Zuma Press, Inc. v. Getty Images (US), Inc.*,
  2019 WL 316001 (S.D.N.Y Jan. 24, 2019) .................................................................................7

**Rules and Statutes**

28 U.S.C. § 1292(b) ...................................................................................................................9

Defendant Gemini Trust Company, LLC ("Gemini") respectfully submits this memorandum in support of its motion, made pursuant to Local Civil Rule 6.3, for reconsideration of the Court's October 31, 2024 Order (the "Denial Order"), in which it denied Gemini's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) (the "Appeal Motion").

## PRELIMINARY STATEMENT

Gemini respectfully submits that the Court's Denial Order is based on a mistake of fact. This is an established ground for a court to reconsider a decision and doing so is appropriate here.

By denying Gemini leave to appeal, the Court has set up a situation where the parties, the Court, and a jury will be embarking on a lengthy trial in a state of uncertainty. As set forth in Gemini's Appeal Motion, the Court's preliminary rulings on the CFTC's summary judgment motion are open to significant debate. As Gemini has explained, the Court should have applied the rule in *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) to hold that Gemini was *not* the "maker" of statements that the Court held were grounds for liability under Section 6(c)(2) of the Commodity Exchange Act ("CEA").

The Denial Order did not engage in any legal analysis of the arguments Gemini presented in its Appeal Motion (other than stating that *Janus* "is distinguishable"). Instead, the Court premised the Denial Order on an incorrect statement of fact—indeed, something that was not raised on the Appeal Motion or even in the CFTC's opposition. Specifically, the Court denied the motion on the ground that Gemini's principals, Cameron and Tyler Winklevoss made "direct representations" to the CFTC at a meeting on July 25, 2017, and that "those direct representations will remain for trial." With all respect, this is erroneous in two fundamental ways:

(1) There is **no evidence** of any statements made by either Cameron or Tyler Winklevoss at the meeting on July 25, 2017; and

(2) The CFTC has never identified any specific purported statement made by any Gemini representative at the July 25, 2017 meeting that it contends was false.

In short, the premise of the Denial Order is wrong. There is no need to have a trial to determine whether any "direct representations" made at the July 25, 2017 meeting were false or misleading, because there is no evidence that any such "direct representations" were ever made.

Accordingly, the Court should reconsider (and reverse) the Denial Order.

## THE RECORD

There was a meeting on July 25, 2017 (the "July 25 Meeting") attended by representatives of the CFTC, the Cboe Futures Exchange ("CFE"), and Gemini. However, there is no evidence of any specific allegedly false "direct statements" made at the meeting. We review the record (all of which has previously been submitted to the Court) here.

### A.   The Complaint

The Complaint contains only two even arguably specific allegations about supposed statements at the July 25 Meeting. First, allegedly, "Gemini personnel asserted to Commission staff that Gemini required all transactions to be fully 'prefunded.'" Compl. ¶ 43. Second, supposedly, "as part of the claim that the Bitcoin Futures Contract was not readily susceptible to manipulation, Gemini represented to Commission staff that self-crossing was prohibited on Gemini." Compl. ¶ 74. Discovery has not borne out either allegation.

### B.   The Record

On January 4, 2024, the Court ordered the CFTC to "identify the statements" attributable to Gemini that it contends were misleading. ECF 77 at 3.[1] The CFTC's response concerning the purported statements at the July 25 Meeting is not specific. Here it is, quoted in full:

> Oral false statements regarding prefunding, rebates, self-trading, and volume made during the July 25, 2017 meeting.

---

[1] Page citation to ECF documents (other than transcripts) are to the page number of the ECF document, not the page number of the underlying document. Citations to pages in transcripts are to the transcript page number.

2

ECF 78-2 at 26. The CFTC has *never* updated this disclosure to identify any specific statement made at the July 25 Meeting or to identify the speaker of any purported oral representation.

Five individuals who attended the July 25 Meeting were deposed in this case: Cameron Winklevoss from Gemini; Nicole Gordon and Arthur Reinstein from CFE; Gregory Kuserk and Christopher Goodman from the CFTC. ECF 81 ¶ 27. In addition, Tyler Winklevoss sat for a deposition during the CFTC's investigation. *Id.* ¶ 33.

**Gemini Witnesses**: Cameron Winklevoss testified that he "believe[d] CBOE spoke" during the meeting but did not remember if he or another Gemini representative made any statements. *Id.* ¶ 28; ECF 83-13 at 555:8–20. Tyler Winklevoss testified that he did not remember who spoke during the July 25 Meeting. ECF 81 ¶ 33; ECF 83-18 at 94:18–20.

**CFE Witnesses**: Ms. Gordon testified that she remembered "general things that were discussed" during the meeting but "did not have a recollection of who said what and, like, specifics," including "what statements Gemini made." ECF 81 ¶ 29; ECF 83-14 at 103:16–25. Mr. Reinstein stated that he did not have a "good recollection of any conversations about the bitcoin futures product." ECF 81 ¶ 30; ECF 83-15 at 147:25–148:8.

**CFTC Witnesses**: Mr. Goodman testified that he did not remember any oral statements made during the meeting about prefunding, volume, rebates, or self-trading. ECF 81 ¶ 31; ECF 83-17 at 161:8–14, 162:19–25, 166:18–23, 168:7–12. Mr. Kuserk testified that he did not remember any oral statements made during the meeting about prefunding, rebates, or self-trading. ECF 81 ¶ 32; ECF 83-16 at 133:1–10, 142:17–20, 192:21–193:13. He did recall generally a discussion about volume on the Gemini exchange but did not identify any specific statements made during this conversation. ECF 81 ¶ 32; ECF 83-16 at 152:18–153:21.

In addition to the witnesses' general lack of recollection, there is no evidence at all to

3

support the allegations in the complaint concerning alleged oral statements about "prefunding" and "self-crossing" during the July 25 Meeting. Here is testimony from the CFTC's Mr. Goodman:

> Q. But focusing on the July 25th meeting specifically, you can't recall any statements by Gemini or CBOE or anybody working on behalf of Gemini or CBOE concerning pre-funding. Correct?
>
> A. Yeah, I don't recall, yeah the specifics of that meeting.

ECF 81 ¶ 31; ECF 83-17 at 162:19–25.

> Q. Did anyone from Gemini or CBOE or working on behalf of Gemini or CBOE ever make any statements during the July 25th meeting concerning this second bullet on Slide 5 of Exhibit 20, "self-crossing prohibited"?
>
> A. I can't recall specifically.

ECF 81 ¶ 31; ECF 83-17 at 168:7–12. The CFTC's other witness, Mr. Kuserk, gave similar testimony:

> Q: Do you recall any oral statements about self-crossing during the July 25th meeting?
>
> A. Yeah, I don't recall that coming up . . . .

ECF 81 ¶ 32; ECF 83-16 at 133:1–3.

> Q. Okay. But you don't have any specific recollections of what was discussed about the pre-funding requirement, right?
>
> A. Right, right.
>
> Q. And you don't recall who at the meeting was discussing anything about pre-funding requirement, right?
>
> A. Right.

ECF 81 ¶ 32; ECF 83-16 at 193:6–13. In short, there is ***no evidence*** of any oral statements by anyone from Gemini—let alone Cameron or Tyler Winklevoss—to support the allegations in the complaint about discussions at the July 25 Meeting.

### C.  Prior Motion Practice

In March 2024, Gemini moved for summary judgment on most of the alleged false

4

statements in the case, including those supposedly made at the July 25 Meeting. *See* ECF 80–83. On June 13, 2024 the Court denied Gemini's motion without entertaining argument. The Court issued a one sentence order stating only that the record presented "a question of fact." ECF 115.

Nevertheless, the Court had before it the record summarized above, demonstrating that there is no evidence of any alleged false statements made by anyone at Gemini at the July 25 Meeting. Moreover, the Court also had the CFTC's opposition to Gemini's motion for summary judgment, which did not identify any specific allegedly false statement by any Gemini representative at the July 25 Meeting. *See* ECF 90 at 36–42. Thus, as Gemini has previously pointed out: ***Despite four years of investigation, two years of litigation, six pages of briefing, and more than a dozen exhibits, the CFTC cannot present any admissible evidence of what false or misleading statement Gemini actually made at the July 25 Meeting.*** ECF 93 at 21.[2]

### D.   The CFTC's Motion for Summary Judgment and the Appeal Motion

On May 7, 2024, the CFTC moved for summary judgment on 31 of the 32 statements at issue in this case. ECF 97–100. Notably, the CFTC *did not* move for summary judgment on any alleged oral statements made at the July 25 Meeting. Accordingly, there was essentially no discussion of any alleged oral statements at the July 25 Meeting in the briefing and oral argument on the CFTC's motion. The matter was not before the Court in any way.

At oral argument on the CFTC's motion, the Court ruled "extemporaneously," that Gemini was the "maker" of 15 alleged statements and that those statements were materially false and

---

[2]  Gemini encourages the Court to examine the CFTC's submission on this point. Its opposition to Gemini's motion for summary judgment goes on for several pages but never identifies an actual statement made at the July 25 Meeting that it contends was false. ECF 90 at 36–42. This inability to identify who said what is insufficient. *See AIG Global Sec. Lending Corp. v. Bank of Am. Sec. LLC*, 254 F. Supp. 2d 373, 388 (S.D.N.Y. 2023) (granting motion to dismiss where plaintiff did not identify any "specific statements" in complaint); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("[T]he party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is a 'genuine issue for trial.'"); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (in a securities case the plaintiff must "specify the statements" and "identify the speaker").

misleading as a matter of law. *See* ECF 150; Decl. of John F. Baughman ("Baughman Decl."), Ex. 1 at 62:18–63:11, 101:18–102:25; Baughman Decl., Ex. 2 at 108:10–110:5. Gemini objected to that ruling at the time and subsequently filed its Appeal Motion. That motion argued that an interlocutory appeal was appropriate because the question presented was purely one of law, specifically an issue of statutory interpretation. ECF 140 at 12–17. As Gemini noted, the question is "close and unsettled." ECF 140 at 6.

While the CFTC opposed Gemini's Appeal Motion, what matters for present purposes is what the CFTC did not say. The CFTC did not argue that the Appeal Motion should be denied because of anything to do with supposed oral statements at the July 25 Meeting or any other purported "direct representations" by either Cameron or Tyler Winklevoss.

The net result is that the Denial Order (i) is based on an argument the CFTC never made and (ii) premised on a mistake of fact as to what the record is with respect to the July 25 Meeting.

## ARGUMENT

The Court should reconsider (and reverse) its Denial Order. Gemini does not dispute that the bar is high but nevertheless respectfully submits that the standard is met in this case.

### I. The Legal Standard

Under Rule 54 "the Court has the inherent power to reconsider any of its decisions." *Griffith v. Metro. Transit Auth.-N.Y.C. Transit*, 2022 WL 16540877, at *3 (S.D.N.Y. Oct. 28, 2022). Whether to do so "rests within the sound discretion of the trial court." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 245–46 (S.D.N.Y. 2019). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id*. A party seeking reconsideration "must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion that might have altered the result reached by the Court." *Virga v. Big*

6

*Apple Const. & Restoration Inc.*, 590 F. Supp. 2d 467, 475 (S.D.N.Y. 2008).

Notwithstanding the strict standard, in appropriate circumstances, courts do revisit prior orders. A key reason for doing so is to "correct a clear error or prevent manifest injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013). This rule applies with particular force when the court has misconstrued the factual record before it. *See River Light V, L.P. v. Olem Shoe Corp.*, 2022 WL 16722210, at *1 (S.D.N.Y. Nov. 4, 2022) (granting reconsideration after re-examining record and determining that a claim was, in fact, preserved); *Zuma Press, Inc. v. Getty Images (US), Inc.*, 2019 WL 316001, at *2 (S.D.N.Y. Jan. 24, 2019) (reconsidering and reversing summary judgment where the court "did not see an email" that had been submitted); *Obeid v. La Mack*, 2019 WL 1227789, at *3 (S.D.N.Y. Mar. 15, 2019) (reconsideration of summary judgment order was "warranted in the interest of justice because the Court overlooked factual proffers and legal argumentation supporting Plaintiff's theory of the case"); *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 2015 WL 4939602, at *2 (S.D.N.Y. Aug. 19, 2015) (reconsidering and reversing summary judgment where "the Court overlooked and misconstrued portions of [witness] testimony"); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 888 F. Supp. 2d 478, 487–88 (S.D.N.Y. 2012) (granting motion to reconsider claims dismissed on summary judgment because the court "overlooked two pieces of evidence submitted by plaintiffs which create a material issue of fact").[3]

## II. The Denial Order Contains a Clear Error and Should Be Reversed

The Denial Order is based on an incorrect understanding of the record. Thus, there is a "clear error," warranting reconsideration and reversal. The Denial Order reasons as follows:

> Defendant argues that I erred by not applying Janus v. First Derivatives Traders, 564 U.S. 135, 142 (2011), that there is substantial ground for difference of opinion

---

[3] All citations are "cleaned up" and internal quotations and citations are omitted unless noted otherwise.

7

> as to the applicability of that case, and that an immediate appeal from my order may materially advance the ultimate termination of the litigation. 28 U.S.C. 1292(b). Defendant argues that the issue presents a pure question of law. ECF 140. The issue is not as pure or simple as the Defendant posits. The case will go on regardless of whether, and to what extent, Janus is applicable. Geminis two principal owners and executives, Tyler Winklevoss and Cameron Winklevoss, were present at a July 25, 2017 meeting with the CFTC, along with officials of the Cboe Futures Exchange (CFE); prepared materials containing representations that were given to the CFTC; and made oral representations to the CFTC. Janus deals only with indirect statements, so those direct representations will remain for trial. And as to representations made by Gemini for the CFTC, to be conveyed by CFE to the CFTC, Janus is distinguishable. Those representations also will be relevant to give flesh and circumstance to the direct representations of the July 25 meeting.

ECF 150. As explained above, this is just not correct. There is nothing in the record as to any "oral" or "direct" representations made by any Gemini representative at the July 25 Meeting. *Supra* 2–6. Accordingly, the reasoning of the Denial Order is flawed. The Court rejected Gemini's argument that *Janus* presents a "pure question of law" on the erroneous foundation that questions "remain for trial" about purported "direct representations" at the July 25 Meeting. But there simply are no such questions to be tried.

In reality, the question of whether the Supreme Court's clear, unambiguous holding in *Janus* should be applied to cases brought by the CFTC under Section 6(c)(2) of the CEA *is a pure question of law*—and the CFTC has never argued otherwise. To decide that question the Court of Appeals would not need to know anything about any supposed statements at the July 25 Meeting. Gemini will not repeat its legal arguments regarding *Janus* here, but it does respectfully submit that they are meritorious and deserve reconsideration in light of the error discussed above.

## III.  The Denial Order Further Complicates the Upcoming Trial

There is an additional reason for the Court to reconsider and reverse its Denial Order. As things currently stand, the upcoming trial will present a messy tangle of issues. The Court has granted summary judgment as to liability (but not damages) on 15 statements and denied it as to the remaining 17, including 16 written statements and the alleged unidentified oral statements.

8

Baughman Decl., Ex. 1 at 62:18–63:11, 101:18–102:25; Baughman Decl., Ex. 2 at 216:16–216:25; Baughman Decl., Ex. 3 at 254:17–255:11, 302:3–24, 331:25–332:12. Trying these issues together will invite confusing and overlapping testimony on issues the jury will be asked to decide and those on which the Court has already ruled. The Denial Order exacerbates the situation by incorrectly injecting new issues "for trial."

Moreover, there is the fact that this will be a jury trial. The Court has set aside five weeks for the case, which is a significant burden for jurors. Given that there is no compelling reason to do so, the Court should hesitate to make that "ask" of jurors when the issues presented on the Appeal Motion are significant and resolution would "materially advance the ultimate termination of the litigation." 28 U.S.C.§ 1292(b).

Importantly, there is no reason to rush this case to trial. Indeed, the CFTC has been content to let this case take its course. It waited more than four years to bring the case and has never sought to expedite. The events at issue took place in 2017. The product at issue was discontinued in 2019. Gemini has not offered anything similar since and has no plans to do so. Accordingly, even if the Court were to enter injunctive relief, it would be symbolic.

Permitting an interlocutory appeal will alleviate these concerns. If Gemini is permitted to appeal and prevails, any trial that would ultimately be held would be very different from what is now in the offing. Gemini has argued that a reversal of the Court's *Janus* ruling would require summary judgment in its favor on 80% of the statements at issue in the case. ECF 140 at 18. The CFTC disputes this, but there is no question that in the face of a reversal it would have to pursue a very different case theory and rely on different evidence. Even the CFTC concedes that it would have to prove that Gemini had "ultimate authority" over statements made to the CFTC by third parties. *See* ECF 145 at 22. It is hard to see how the CFTC could achieve this given undisputed

testimony from *CFE's internal counsel* that it was "ultimately [CFE's] decision" what materials to send to the CFTC and what they should say. ECF 81 ¶ 11; ECF 83-15 at 159:4–23. Indeed, *the CFTC's own witness* testified that CFE "had the ultimate responsibility for the content of the self-certification." ECF 81 ¶ 49; ECF 83-16 at 59:21–60:7.

In any event, the point for present purposes is that an appeal *now* would substantially streamline the upcoming trial. No matter the outcome, an appeal would narrow the issues for trial and subsequent litigation, thereby conserving resources. *See Capital Records, LLC v. Viemo, LLC.*, 972 F. Supp. 2d 537, 554 (S.D.N.Y. 2013) (granting certification where a "definitive answer" from the Second Circuit could "save the Court and parties vast amounts of expense and time"). In addition, an immediate appeal would promote efficiency by "eliminat[ing] the possibility of a time-consuming and expensive retrial" if Gemini were to prevail on appeal from a final judgment in this case. *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 176 (S.D.N.Y. 1987); *see also, e.g., Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1030 (E.D. Cal. 2009) (certifying an interlocutory appeal in order to "avoid the possibility of two significantly duplicative trials if the court's ruling is reversed"). That risk, which this Court itself has flagged, provides an additional reason to seek guidance from the Second Circuit now. *See* Baughman Decl., Ex. 3 at 336:10–14 ("I don't want to have two trials.").

## CONCLUSION

The Court should reconsider its Denial Order and grant Gemini's motion for certification.

Dated: New York, New York
       November 8, 2024

BAUGHMAN KROUP BOSSE PLLC

By /s/ John F. Baughman

John F. Baughman
Daniel A. Schwartz
Elizabeth J. Lee

Ernest E. Butner IV
One Liberty Plaza – 46th Floor
New York, NY 10006
(212) 548-3212

*Attorneys for Gemini Trust Company, LLC*