# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 22-cv-4563 (AKH) ) |
| | ) ECF Case |
| GEMINI TRUST COMPANY, LLC, | ) ) |
| Defendant. | ) ) ) ) ) |

**PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S
OBJECTIONS AND RESPONSES TO DEFENDANT'S
NOTICE OF 30(b)(6) DEPOSITION**

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure and the Local

Rules of the U.S. District Court for the Southern District of New York ("Local Rules"), Plaintiff

Commodity Futures Trading Commission ("CFTC" or "Commission"), by and through its

undersigned attorneys, hereby provides its objections and responses to Defendant Gemini Trust

Company, LLC's ("Gemini" or "Defendant") Notice of Rule 30(b)(6) Deposition and attached

Schedule A (collectively, "Notice").[1]

## **GENERAL OBJECTIONS**

1.       The CFTC objects to producing a witness to testify on the topics in the Notice to

the extent the topics are not relevant to any claim or defense in this matter or are contrary to the

Court's rulings.

---

[1] Unless otherwise defined, capitalized terms have the meaning set forth in the Complaint (ECF No. 1).  For ease of reference, the CFTC references the definitions set forth in the Notice but does not adopt any characterizations of evidence, allegations, or arguments embedded in those defined terms.

2.      The CFTC objects to the Notice as premature because Defendant has yet to depose the potential CFTC trial witnesses that the CFTC identified in its April 14, 2023 letter to Defendant (the "CFTC's Preliminary Witness List"), which was sent in accordance with the Court's instruction that the CFTC identify the potential witnesses it may call at trial.  As indicated in Defendant's May 5, 2023 Letter, Defendant intends to explore the same topics with each of the CFTC witnesses identified in the CFTC's Preliminary Witness List.  It is improper to use a Rule 30(b)(6) deposition to re-ask all of the questions a party has previously explored with multiple witnesses.

3.      The CFTC objects to the Notice to the extent it calls for testimony protected by the deliberative process privilege, the attorney client privilege, the investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The CFTC hereby claims such privileges and protections to the extent implicated, and excludes privileged and protected information from responses to the Notice.  The provision of any response herein is not and cannot be deemed a waiver of such or any other privileges.

4.      The CFTC objects to the Notice to the extent it calls for witnesses or preparation beyond that prescribed by the Federal Rules of Civil Procedure or the Local Rules.

5.       The CFTC objects to the Notice insofar as it is overbroad and unduly burdensome or contrary to the Court's prior rulings and therefore lack any proper purpose to the resolution of this case.

6.       The CFTC objects to the Notice to the extent the information sought is obtainable from sources other than the CFTC that are more convenient, less burdensome, or less expensive than the CFTC (including public sources), or is in the possession, custody, or control of Defendant.

7.      The CFTC objects to the Notice to the extent the information sought is more properly obtained through other means of discovery besides a Rule 30(b)(6) deposition.

8.      The CFTC objects to the Notice to the extent that each of the topics misrepresents, misstates, or misconstrues the allegations of the Complaint.

9.      The CFTC reserves the right to supplement, amend, modify, or correct its objections and responses.

10.     The CFTC incorporates each of these General Objections into its responses to each of Defendant's topics, whether or not each such General Objection is expressly referred to in the CFTC's response to a specific topic.

## INITIAL DESIGNATIONS AND OBJECTIONS

1.      The self-certification process.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity to the extent it purports to require the CFTC to prepare a witness to testify about every aspect of the self-certification process that is unrelated to the false and misleading statements that Gemini made to the CFTC in connection with the self-certification of the Bitcoin Futures Contract that is at-issue in this matter.  The CFTC also objects to this topic because it calls for testimony that the Court has ruled is irrelevant and outside the scope of permissible discovery.  The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with

Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what additional specific and particularized testimony Defendant intends to seek from the CFTC concerning the false and misleading statements that Defendant made to the CFTC in connection with the self-certification of the Bitcoin Futures Contract.

2.      The roles and responsibilities of each CFTC employee involved in any aspect of the Self-Certification.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity to the extent it purports to require the CFTC to prepare a witness to testify about "each CFTC employee that was involved in any aspect of the Self-Certification."  Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what, if any, additional non-privileged testimony concerning this topic is appropriate and necessary.

3.      When and how the CFTC requested the information that it alleges should have been disclosed by Cboe or Gemini, and what the CFTC would or would not have done if it received such information.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity to the extent it purports to require the CFTC to prepare a witness to testify about things the CFTC "would or would not have done" if it had received information that was concealed by Defendant during the self-certification of the Bitcoin Futures Contract.  No CFTC employee has personal knowledge, nor could have personal knowledge, about a speculative situation, and any such hypothetical testimony is not calculated to discover facts that are relevant to the claims or defenses of the parties.

The CFTC also objects to this topic on the grounds that it misconstrues the CFTC's allegations and the legal standard for liability under Section 6(c)(2) of the Act, 7 U.S.C. § 9(2), which does not require that the CFTC request concealed information for a statement to be false or misleading, and therefore this topic seeks testimony that is neither relevant nor proportional to the needs of the case.  The CFTC also objects to this topic because the information is available from other sources, and Defendant knows what information was requested, what statements it made, and what information it did or did not provide in connection with the self-certification of the Bitcoin Futures Contact.  The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  For the foregoing reasons the CFTC will not produce a witness to testify about this topic.

4.      Any CFTC policies, procedures, or internal guidance for evaluating statements made in connection with the self-certification process.

**Response**:  In addition to its general objections, the CFTC objects to this topic because it calls for testimony protected by the deliberative process privilege.  The Court denied Defendant's request for the CFTC's internal policies during document discovery.  *See* March 22, 2023 Hr'g Tr. at 24:8-13.  Any inquiries into the CFTC's internal deliberations of whether, and how, decisions are made in evaluating self-certifications would be impermissible and contrary to the Court's rulings.  The CFTC also objects to this topic because it calls for testimony that is not relevant to any party's claims or defenses, and is therefore not proportional to the needs of the case.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

5.      Any public guidance the CFTC has provided about the self-certification process, including but not limited to, what information it believes is relevant to CFTC Core Principle 3 or how it evaluates Core Principle 3.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it does not identify any specific guidance that Defendant relied upon in making statements to the CFTC and concealing information in connection with the self-certification of the Bitcoin Futures Contract.  The CFTC also objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  Further, the CFTC objects to this topic because "[a]ny public guidance the CFTC has provided about the self-certification process" is equally available to Defendant and any testimony beyond what is available publicly would be subject to the deliberative process privilege.

Additionally, the CFTC directs Defendant to the statutes, rules, and regulations identified in the Complaint and other papers and filings in this case, including the parties' joint letters filed with the Court and the transcripts from the hearings held on February 13 and March 22, 2023. Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what, if any, additional non-privileged testimony concerning the factors or elements the CFTC considers in the context of a self-certification of the Bitcoin Futures Contract is appropriate and necessary.

6.    The CFTC's process for discussing self-certifications with DCMs and third parties working with DCMs to list a futures contract through the self-certification process.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and

particularity because it does not identify any specific processes that Defendant relied upon in making statements to the CFTC and concealing information in connection with the self-certification of the Bitcoin Futures Contract.  The CFTC also objects to this topic because it calls for testimony protected by the deliberative process privilege.  The Court denied Defendant's request for the CFTC's internal policies during document discovery.  *See* March 22, 2023 Hr'g Tr. at 24:8-13.  Any inquiries into the CFTC's internal processes for discussing self-certifications would be impermissible and contrary to the Court's rulings.  The CFTC also objects to this topic because it calls for testimony that is not relevant to any party's claims or defenses, and is therefore not proportional to the needs of the case.  For the foregoing reasons the CFTC will not produce a witness to testify about this topic.

7.    The decisions that the CFTC could have made in connection with the Self-Certification and whether any such decisions were made.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity to the extent it purports to require the CFTC to prepare a witness to testify about decisions "the CFTC could have made in connection with the Self-Certification."   No CFTC employee has personal knowledge, nor could have personal knowledge, about decisions that were not made in connection with the self-certification of the Bitcoin Futures Contract.  The CFTC also objects to this topic because it calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic.  Information about the CFTC's review and approval of self-certified products is set forth in statutes, regulations, and guidance, which have been cited in, among other places, the Complaint, in the parties' joint letter to the Court (ECF No. 32 at 5), and the transcript of the Court hearing held on March 22, 2023.

Moreover, the CFTC objects to this topic because it calls for testimony protected by the deliberative process privilege.  The Court upheld the CFTC's ability to invoke the deliberative process privilege in connection with the CFTC's review of the self-certified Bitcoin Futures Contract and rejected Defendant's argument that the CFTC lacked oversight or decision-making authority over self-certified products.  (March 22, 2023 Hr'g Tr. at 23:17-19.)  Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what, if any, additional testimony is appropriate and necessary concerning non-privileged decisions the CFTC made in connection with the self-certification of the Bitcoin Futures Contract.

8.    Discussions about the Self-Certification and statements that Cboe, Gemini, Sullivan & Cromwell, or any third party acting on their behalf made to the CFTC in connection with the Self-Certification.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity to the extent it purports to require the CFTC to prepare a witness to testify about unidentified third parties "acting on Gemini's behalf."  The CFTC also objects to this topic to the extent it calls for internal deliberations about the false and misleading statements Defendant made to the CFTC in connection with the self-certification of the Bitcoin Futures Contract.  Such deliberations are protected by the deliberative process privilege, common interest privilege, the attorney-client privilege, and the attorney work product doctrine.  Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what additional non-privileged testimony Defendant intends to

seek from the CFTC concerning statements that Cboe, Gemini, Sullivan & Cromwell, or

specifically identified third parties acting on Gemini's behalf made to the CFTC in connection

with the self-certification of the Bitcoin Futures Contract.

9.      Whether any alleged misstatement or omission by Gemini would have been or
was in fact relevant, important, material, capable of misleading, or actually misleading to the
CFTC, or influenced the CFTC's evaluation of the Bitcoin Futures Contract in connection with
the Self-Certification.

**Response**:  In addition to its general objections, the CFTC objects to this topic because it

calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic.

The CFTC also objects to this topic as contrary the Court's rulings and therefore outside the

scope of permissible discovery.  *See* Feb. 13, 2023 Hr'g Tr. at 10:9:15; March 22, 2023 Hr'g Tr.

at 19:14-22, 20-7:17, 22:23-23:19.  The CFTC further objects to this topic to the extent it calls

for testimony protected by the deliberative process privilege, the attorney-client privilege,

common interest privilege, investigatory files privilege, the attorney work product doctrine, or

any other applicable privilege or protection.  For the foregoing reasons, the CFTC will not

produce a witness to testify about this topic.

10.     The CFTC's communications with any other governmental entity, agency,
department, or authority in connection with the Self-Certification.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the

grounds that it is overbroad and unduly burdensome, and lacks the required specificity and

particularity because it does not identify any specific communications or governmental entity,

agency, department, or authority with whom the CFTC communicated or the timeframe of any

such communications.  The CFTC further objects to this topic to the extent it calls for testimony

protected by the deliberative process privilege, the attorney-client privilege, common interest

privilege, investigatory files privilege, the attorney work product doctrine, or any other

applicable privilege or protection. The Court declined to find a waiver of any governmental privileges and denied Defendant's request for inter-agency documents and communications. *See* Feb. 13, 2023 Hr'g Tr. at 21:11-13. Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what non-privileged testimony Defendant intends to seek from the CFTC concerning specific communications the CFTC had with identified government entities in connection with the self-certification of the Bitcoin Futures Contract.

11.    The CFTC's monitoring, oversight, and investigation of the Bitcoin Futures Contract after the Self-Certification.

**Response**: In addition to its general objections, the CFTC objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. The CFTC also objects to this topic because it calls for testimony that the Court has ruled is irrelevant and outside the scope of permissible discovery. *See* Feb. 13, 2023 Hr'g Tr. at 21:11:13, 26:3-11, 28:4-9, 32:12-14, 34:24-25; March 22, 2023 Hr'g Tr. at 27:18-23. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

12.    Harm to any market participant that the CFTC attributes to any conduct, statements, or omissions by Gemini in connection with the Bitcoin Futures Contract or Self-Certification.

**Response**: In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it calls for testimony about harm to third-party market participants based on false and misleading statements Defendant made to the CFTC. No CFTC employee has personal

knowledge, nor could have personal knowledge, about the harm suffered by third-parties because Defendant made false or misleading statements to, and concealed information from, the CFTC. Defendant's false and misleading statements impeded the CFTC's oversight role in evaluating the self-certified Bitcoin Futures Contract, which undermined the CFTC's statutory mandate to administer and enforce the Commodity Exchange Act and Commission Regulations.

The CFTC also objects to this topic because it calls for testimony that is not relevant to any party's claims or defenses, and is therefore not proportional to the needs of the case. Additionally, the CFTC objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

13. The identity and roles of any individuals who witnessed Gemini's purportedly false or misleading statements or omissions, who determined that any statements or omissions were false or misleading, and who considered those misstatements or omissions to be "material" to the CFTC's evaluation

**Response**: In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it calls for testimony about "any individuals who witnessed Gemini's purportedly false or misleading statements" without regard to whether any such individuals has knowledge of information relevant to the subject matter of the action. No CFTC employee has personal knowledge, nor could have personal knowledge, about information that Defendant concealed from the CFTC during the self-certification of the Bitcoin Futures Contract. The CFTC objects to this topic because the testimony sought has already been provided to Defendant in the CFTC's initial disclosures and responses to interrogatories.

Additionally, the CFTC objects to this topic on the grounds that it seeks testimony about purely legal issues rather than factual matters.  The CFTC also objects to this topic because it seeks testimony that is not relevant to any party's claims or defenses and is contrary to the Court's rulings.  *See* Feb. 13, 2023 Hr'g Tr. at 6:2-3, 9:4-17, 10:9-15, 28:4-9.  The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what additional non-privileged information Defendant intends to seek about the identity and roles of any individuals known to the CFTC who witnessed Defendant's false and misleading statements.

14.     The CFTC's understanding of Gemini's prefunding requirements on the Bitcoin Auction.

**Response**:  In addition to its general objections, the CFTC objects to this topic because it seeks testimony that is not relevant to any party's claim or defense, and is therefore not proportional to the needs to the case.  This topic calls for testimony about the CFTC's subjective understanding or the subjective understanding of CFTC employees of the misstatements and omissions that Defendant made in the context of the self-certification of the Bitcoin Futures Contract, which the Court has ruled is irrelevant and outside the scope of permissible discovery. *See* Feb. 13, 2023 Hr'g Tr. at 6:2-3, 9:4-17, 10:9-15, 28:4-9.  The CFTC further objects to this topic as an improper use of a Rule 30(b)(6) deposition because it seeks the CFTC's legal opinion rather than facts that are known or reasonably available to the Commission.  The CFTC also objects to this topic to the extent it calls for testimony protected by the deliberative process

privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

15.    The CFTC's understanding of the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading and their purported effect on Gemini's prefunding requirements, or on the trading volume, liquidity, and number of participants in the Bitcoin Auction.

**Response**:  In addition to its general objections, the CFTC objects to this topic to the extent it purports to require the CFTC to prepare a witness to testify about information that was concealed by Defendant during the self-certification of the Bitcoin Futures Contract.  No CFTC employee has personal knowledge, nor could have personal knowledge, about information that was concealed from the CFTC.  This topic also calls for testimony about the CFTC's subjective understanding or the subjective understanding of CFTC employees of the misstatements and omissions that Defendant made in the context of the self-certification of the Bitcoin Futures Contract, which the Court has ruled is irrelevant and outside the scope of permissible discovery. *See* Feb. 13, 2023 Hr'g Tr. at 6:2-3, 9:4-17, 10:9-15, 28:4-9.  The CFTC further objects to this topic as an improper use of a Rule 30(b)(6) deposition because it seeks the CFTC's legal opinion rather than facts that are known or reasonably available to the Commission.  The CFTC also objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  Finally, the CFTC objects to this topic to the extent it calls for expert testimony about the effect that Defendant's misstatements and omissions had on trading volume, liquidity, and the number of participants in the Bitcoin Auction.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

16.    All statements Gemini made to the CFTC concerning the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it purports to require the CFTC to prepare a witness to testify about information that was concealed by Defendant during the self-certification of the Bitcoin Futures Contract.  No CFTC employee has personal knowledge, nor could have personal knowledge, about information that was concealed from the CFTC.  The CFTC objects to this topic because information about statements Defendant made to the CFTC has already been provided, is available from other sources, and Defendant knows what information it did or did not provide in connection with the self-certification of the Bitcoin Futures Contact.  Subject to, and without waiving these objections, following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to determine what additional non-privileged testimony Defendant intends to seek from the CFTC concerning statements that Defendant made to the CFTC in connection with the self-certification of the Bitcoin Futures Contract.

17.    All statements concerning the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading that the CFTC contends were false or misleading.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it purports to require the CFTC to prepare a witness to testify about information that was concealed by Defendant during the self-certification of the Bitcoin Futures Contract.  No CFTC employee has personal knowledge, nor could have personal knowledge, about information that was concealed from the CFTC.  The CFTC further objects to this topic as

14

an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories. The CFTC objects to this topic because information about statements Defendant made to the CFTC has already been provided, is available from other sources, and Defendant knows what information it did or did not provide in connection with the self-certification of the Bitcoin Futures Contact. Finally, the CFTC objects to this topic as unduly burdensome because information about the statements that the CFTC contends are false and misleading, to the extent not already available to Defendant, may be pursued more efficiently through other methods of discovery at the close of fact discovery. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

18.    All information concerning the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading that the CFTC contends was omitted and what statements such omitted information rendered misleading.

**Response**: In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it purports to require the CFTC to prepare a witness to testify about information that was concealed by Defendant during the self-certification of the Bitcoin Futures Contract. No CFTC employee has personal knowledge, nor could have personal knowledge, about information that was concealed from the CFTC. The CFTC objects to this topic because information about statements Defendant made to the CFTC has already been provided, is available from other sources, and Defendant knows what information it did or did not provide in connection with the self-certification of the Bitcoin Futures Contact. The CFTC further objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories. Finally, the CFTC objects to this topic as unduly burdensome because information about the statements that the CFTC contends are false and

misleading, to the extent not already available to Defendant, may be pursued more efficiently through other methods of discovery at the close of fact discovery.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

19.    The CFTC's basis for attributing to Gemini any statement about or omission of information about the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading.

**Response**:  In addition to its general objections, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories.  The CFTC also objects to this topic because it calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic.  The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  Finally, the CFTC objects to this topic because information about statements Defendant made to the CFTC has already been provided, is available from other sources, and Defendant knows what information it did or did not provide in connection with the self-certification of the Bitcoin Futures Contact.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

20.    The CFTC's basis for asserting that the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading could make the Bitcoin Futures Contract readily susceptible to manipulation.

**Response**:  In addition to its general objections, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories.  The CFTC also objects to this topic because it calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic.  The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process

privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

21.    The CFTC's evidence that price manipulation or other harm, including but not limited to harm to market participants or the derivatives markets subject to the CFTC's oversight, occurred because of statements or omissions concerning the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it calls for testimony about harm to third-party market participants based on false and misleading statements Defendant made to the CFTC.  No CFTC employee has personal knowledge, nor could have personal knowledge, about the harm suffered by third-parties because Defendant made false or misleading statements to, and concealed information from, the CFTC. Additionally, the CFTC objects to this topic on the grounds that it misconstrues the CFTC's allegations and the legal standard for liability under Section 6(c)(2) of the Act, 7 U.S.C. § 9(2), which does not require actual price manipulation and other harms to market participants or the derivative markets for a statement to be false or misleading, and therefore this topic seeks testimony that is neither relevant nor proportional to the needs of the case.

The CFTC also objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories.  The CFTC also objects to this topic because it calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic.  Finally, the CFTC objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other

applicable privilege or protection.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

22.     The CFTC's basis for alleging that the Pearl Street Loans were unsecured or provided at low or below-market rates.

**Response**:  In addition to its general objections, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories.  The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The CFTC objects to this topic because information about Pearl Street loans and the rates charged on those loans is equally available to Defendant, has already been provided, and is available from other sources, including the written discovery provided in this case.  Finally, the CFTC objects to this topic to the extent it calls for expert testimony and is therefore not a proper 30(b)(6) deposition topic.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

23.     Any basis for the CFTC to contend that the Pearl Street Loans were illegal or improper in any way.

**Response**:  In addition to its general objections, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories.  The CFTC also objects to this topic because it calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic.  The CFTC also objects to this topic on the grounds that it misconstrues the CFTC's allegations and the legal standard for liability under Section 6(c)(2) of the Act, 7 U.S.C. § 9(2), which does not require illegal or improper Pearl Street loans for a statement to be false or misleading, and therefore this

topic seeks testimony that is neither relevant nor proportional to the needs of the case.

Additionally, the CFTC objects to this topic on the grounds that it is overbroad and unduly

burdensome, and lacks the required specificity and particularity because it calls for testimony

about the legality and propriety of loans that Defendant concealed from the CFTC.

The CFTC further objects to this topic to the extent it calls for testimony protected by the

deliberative process privilege, the attorney-client privilege, common interest privilege,

investigatory files privilege, the attorney work product doctrine, or any other applicable privilege

or protection.  For the foregoing reasons, the CFTC will not produce a witness to testify about

this topic.

24.    The CFTC's basis for alleging that any Operational Advances were significant in
size or duration.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the

grounds that it misconstrues the CFTC's allegations and the legal standard for liability under

Section 6(c)(2) of the Act, 7 U.S.C. § 9(2), which does not require that the undisclosed

Operational Advances be significant in size and duration for a statement to be false or

misleading, and therefore this topic seeks testimony that is neither relevant nor proportional to

the needs of the case.  The CFTC also objects to this topic as an improper use of a Rule 30(b)(6)

deposition to ascertain how a party intends to marshal the facts and support its legal theories.

The CFTC further objects to this topic to the extent it calls for testimony protected by the

deliberative process privilege, the attorney-client privilege, common interest privilege,

investigatory files privilege, the attorney work product doctrine, or any other applicable privilege

or protection.  The CFTC objects to this topic to the extent it calls for expert testimony and is

therefore not a proper 30(b)(6) deposition topic.  Finally, the CFTC objects to this topic because

information about any advances provided to market participants, and the size and duration of

those advances, has already been provided to Defendant and is equally available to Defendant

since Defendant provided the advances.  For the foregoing reasons, the CFTC will not produce a

witness to testify about this topic.

25.    Any basis for the CFTC to contend that the Operational Advances were illegal,
improper, undisclosed, or inconsistent with Gemini's prefunding requirements.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the

grounds that it is overbroad and unduly burdensome, and lacks the required specificity and

particularity because it calls for testimony about the legality and propriety of advances of fiat

currency and digital assets that Defendant concealed from the CFTC.  No CFTC employee has

personal knowledge, nor could have personal knowledge, regarding the legal determination that

Defendant made to offer or provide undisclosed advances.  Additionally, the CFTC objects to

this topic on the grounds that it misconstrues the CFTC's allegations and the legal standard for

liability under Section 6(c)(2) of the Act, 7 U.S.C. § 9(2), which does not require that the

undisclosed Operational Advances be illegal or improper for a statement to be false or

misleading, and therefore this topic seeks testimony that is neither relevant nor proportional to

the needs of the case.

The CFTC also objects to this topic as an improper use of a Rule 30(b)(6) deposition to

ascertain how a party intends to marshal the facts and support its legal theories.  The CFTC

further objects to this topic because it calls for testimony on pure issues of law and is therefore

not a proper 30(b)(6) deposition topic.  Finally, the CFTC objects to this topic to the extent it

calls for testimony protected by the deliberative process privilege, the attorney-client privilege,

common interest privilege, investigatory files privilege, the attorney work product doctrine, or

any other applicable privilege or protection.  Subject to, and without waiving these objections,

following the deposition of the CFTC witnesses identified in the CFTC's Preliminary Witness

List, the CFTC will confer with Defendant in accordance with Fed. R. Civ. P. 30(b)(6) to

determine what additional non-privileged testimony Defendant intends to seek from the CFTC

about its awareness of Defendant's undisclosed Operational Advances.

26.    The CFTC's understanding of the effectiveness of Gemini's self-trade prevention
and whether any Self-Trading occurred either before or after Gemini implemented self-trade
prevention.

**Response**:  In addition to its general objections, the CFTC objects to this topic on the

grounds that it is overbroad and unduly burdensome, and lacks the required specificity and

particularity because it calls for testimony about the effectiveness or existence of Defendant's

own self-trade prevention.  No CFTC employee has personal knowledge, nor could have personal

knowledge, regarding the effectiveness or existence of Defendant's self-trade prevention.  The

CFTC also objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how

a party intends to marshal the facts and support its legal theories.  This topic also calls for

testimony about the CFTC's subjective understanding or the subjective understanding of CFTC

employees of the misstatements and omissions that Defendant made in the context of the self-

certification of the Bitcoin Futures Contract, which the Court has ruled is irrelevant and outside

the scope of permissible discovery.  *See* Feb. 13, 2023 Hr'g Tr. at 6:2-3, 9:4-17, 10:9-15, 28:4-9.

The CFTC further objects to this topic to the extent it calls for testimony protected by the

deliberative process privilege, the attorney-client privilege, common interest privilege,

investigatory files privilege, the attorney work product doctrine, or any other applicable privilege

or protection.  Finally, the CFTC objects to this topic to the extent it calls for expert testimony

and is therefore not a proper 30(b)(6) deposition topic.  For the foregoing reasons, the CFTC will

not produce a witness to testify about this topic.

27.    Any basis for the CFTC to contend that Gemini's self-trade prevention was
improper or ineffective.

**Response**: In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it calls for testimony about the effectiveness or existence of Defendant's own self-trade prevention. No CFTC employee has personal knowledge, nor could have personal knowledge, regarding the effectiveness or existence of Defendant's self-trade prevention. The CFTC also objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories. The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. The CFTC also objects to this topic because it calls for testimony on pure issues of law and is therefore not a proper 30(b)(6) deposition topic. Finally, the CFTC objects to this topic to the extent it calls for expert testimony and is therefore not a proper 30(b)(6) deposition topic. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

28.  The CFTC's understanding of Gemini's fee schedule, internal policies, "market maker" program, purportedly undisclosed arrangements for Rebates, and the nature of the Rebates.

**Response**: In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it calls for testimony about topics that Defendant misrepresented to, or concealed from, the CFTC. No CFTC employee has personal knowledge, nor could have personal knowledge, regarding topics that were concealed from the CFTC. This topic also calls for testimony about the CFTC's subjective understanding or the subjective understanding of CFTC employees of the misstatements and omissions that Defendant made in the context of the

self-certification of the Bitcoin Futures Contract, which the Court has ruled is irrelevant and outside the scope of permissible discovery. *See* Feb. 13, 2023 Hr'g Tr. at 6:2-3, 9:4-17, 10:9-15, 28:4-9.

Additionally, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories. The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

29.    The CFTC's understanding of the rebate fraud that Gemini was a victim of around August 2017.

**Response**: In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it calls for testimony about topics that Defendant misrepresented to, or concealed from, the CFTC. No CFTC employee has personal knowledge, nor could have personal knowledge, regarding topics that were concealed from the CFTC. This topic also calls for testimony about the CFTC's subjective understanding or the subjective understanding of CFTC employees of omissions that Defendant made in the context of the self-certification of the Bitcoin Futures Contract, which the Court has ruled is irrelevant and outside the scope of permissible discovery. *See* Feb. 13, 2023 Hr'g Tr. at 6:2-3, 9:4-17, 10:9-15, 28:4-9.

Additionally, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories. The CFTC further objects to this topic to the extent it calls for testimony protected by the

deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

30.     The CFTC's evidence that the Rebates were exploited by customers in a way that affected the Bitcoin Futures Contract.

**Response**: In addition to its general objections, the CFTC objects to this topic as an improper use of a Rule 30(b)(6) deposition to ascertain how a party intends to marshal the facts and support its legal theories. The CFTC objects to this topic on the grounds that it misconstrues the CFTC's allegations and the legal standard for liability under Section 6(c)(2) of the Act, 7 U.S.C. § 9(2), which does not require that market participants exploit Defendant's undisclosed fee arrangements for Defendant's statements to be false or misleading, and therefore this topic seeks testimony that is neither relevant nor proportional to the needs of the case. The CFTC further objects to this topic to the extent it calls for testimony protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, the attorney work product doctrine, or any other applicable privilege or protection. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

31.     Evidence obtained by the CFTC from Benjamin Small in any way.

**Response**: In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel. The CFTC also objects to this topic because Defendant has already received information that Benjamin Small provided to the CFTC in the course of document discovery. Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small. *See* March 22, 2023 Hr'g Tr. at 27:3-11. Additionally, the CFTC objects to

this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine.  *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

32.      Whether and when Mr. Small told representatives of the CFTC about the Pearl Street Loans, Operational Advances, Rebates, and Self-Trading.

**Response**:  In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel.  The CFTC also objects to this topic because Defendant has already received information that Benjamin Small provided to the CFTC in the course of document discovery.  Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small.  *See* March 22, 2023 Hr'g Tr. at 27:3-11.  Additionally, the CFTC objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine.  *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

33.      All in-person and telephonic meetings the CFTC had with Mr. Small or his representatives, including but not limited to (1) the date of each meeting, (2) who from the CFTC met or spoke with Mr. Small or his representative on each of those dates, (3) the matters discussed during each meeting, and (4) any statements by Mr. Small or his representatives during each meeting.

**Response**:  In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel.  The CFTC also objects to this topic because Defendant has already received information that Benjamin Small provided to the CFTC in the course of document discovery.  Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small.  *See* March 22, 2023 Hr'g Tr. at 27:3-11.  Additionally, the CFTC objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine.  *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

34.    The contents of and reasons for any proffer agreements Mr. Small entered into with the CFTC.

**Response**:  In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel.  Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small.  *See* March 22, 2023 Hr'g Tr. at 27:3-11.  Additionally, the CFTC objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine.  *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25.  The CFTC has already informed Defendant that it did

not enter into a proffer agreement with Benjamin Small. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

35.     The contents of and reasons for any immunity, non-prosecution, or similar agreements Mr. Small entered into with the CFTC.

**Response**: In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel. Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small. *See* March 22, 2023 Hr'g Tr. at 27:3-11. Additionally, the CFTC objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine. *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25. The CFTC has already informed Defendant that it did not enter into an immunity or non-prosecution agreement with Benjamin Small and is not aware of any unparticularized "similar agreements." For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

36.     The CFTC's knowledge of the false statements in Mr. Small's Whistleblower Submissions to the CFTC dated November 28, 2017 and May 8, 2018 and during proffer sessions with the U.S. Attorney's Office that were attended by representatives of the CFTC.

**Response**: In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel. Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small. *See* March 22, 2023 Hr'g Tr. at 27:3-11. Additionally, the CFTC objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process

privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine. *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25. The CFTC also objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it does not specify any false statements. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

37.     Whether the CFTC intends to take any action as a result of Mr. Small making false statements.

**Response**: In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel. The CFTC further objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine. *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25. The CFTC also objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity because it does not specify any false statements. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

38.     Any promise the CFTC has made to Mr. Small of any nature, including any financial interests Mr. Small has in the outcome of this Action.

**Response**: In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel. Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small. *See* March 22, 2023 Hr'g Tr. at 27:3-11. Additionally, the

CFTC further objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine. *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25. The CFTC directs Defendant to Part 165 of the Commission's Regulations, 17 C.F.R. pt. 165 (2022) and its Whistleblower Program website, https://www.whistleblower.gov/, which provide details about monetary incentives available individuals who report possible violations of the Commodity Exchange Act that lead to a successful enforcement action. For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

39.    Anything of value ever given to Mr. Small by any representative of the CFTC.

**Response**: In addition to its general objections, the CFTC objects to this topic as a wholly improper attempt to depose opposing counsel. Further, the CFTC objects to this topic because, as the Court ruled, the information sought is obtainable from sources other than the CFTC, including Benjamin Small. *See* March 22, 2023 Hr'g Tr. at 27:3-11. Additionally, the CFTC objects to this topic because it seeks testimony that is contrary to the Court's prior rulings and outside the scope of permissible discovery and protected by the deliberative process privilege, the attorney-client privilege, common interest privilege, investigatory files privilege, and the attorney work product doctrine. *See* Feb. 13, 2023 Hr'g Tr. at 32:12-14, 33:11-16, 34:6-19; March 22, 2023 Hr'g Tr. at 27:1-25. The CFTC directs Defendant to Part 165 of the Commission's Regulations, 17 C.F.R. pt. 165 (2022) and its Whistleblower Program website, https://www.whistleblower.gov/, which provide details about monetary incentives to individuals who report possible violations of the Commodity Exchange Act that lead to a successful

enforcement action.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

40.     All other matters identified in the May 5, 2023 Letter

**Response**:  In addition to its general objections, the CFTC objects to this topic on the grounds that it is overbroad and unduly burdensome, and lacks the required specificity and particularity.  For the foregoing reasons, the CFTC will not produce a witness to testify about this topic.

August 1, 2023
New York, New York

*/s/ Andrew J. Rodgers*
Alejandra de Urioste
K. Brent Tomer
David W. Oakland
Diana Wang
Andrew J. Rodgers
Katherine Rasor

Attorneys for Plaintiff
Commodity Futures Trading Commission
Division of Enforcement
Ted Weiss Federal Building
290 Broadway, Suite 600
New York, NY 10007
646-746-9700
646-746-9888 (facsimile)