**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                          Plaintiff,<br><br>         v.<br><br>GEMINI TRUST COMPANY, LLC,<br><br>                          Defendant. | No. 22-cv-4563 (AKH)<br><br>Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF GEMINI'S**
**OMNIBUS MOTION *IN LIMINE***

TABLE OF CONTENTS

Preliminary Statement ...................................................................................................................1
Argument .......................................................................................................................................1
I.    Irrelevant and Unduly Prejudicial Evidence Is Inadmissible ................................................1
    A.    The Court Should Preclude Any Evidence Regarding Cameron and Tyler Winklevoss's Net Wealth ...................................................................................2
    B.    This Court Should Preclude All Evidence and References to Alleged Drug Use Within Gemini ....................................................................................................4
    C.    This Court Should Preclude Evidence and Arguments Regarding Cryptocurrency Events Not Related to Gemini ...............................................................................5
    D.    This Court Should Preclude All Evidence and Arguments Regarding Other Litigation Involving Gemini ................................................................................6
II.    The CFTC Should Be Precluded From Raising New Issues Concerning Gemini's Customers Circle and XBTO ................................................................................................8
Conclusion .....................................................................................................................................9

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Stock Exch., LLC v. Mopex, Inc.*,
   215 F.R.D. 87 (S.D.N.Y. 2002) ................................................................................................8-9

*Bd. of Trs. v. JPMorgan Chase Bank, N.A.*,
   860 F. Supp. 2d 251 (S.D.N.Y. 2012) .................................................................................... 1, 8

*Bensen v. Am. Ultramar Ltd.*,
   1996 WL 422262 (S.D.N.Y. July 29, 1996) ............................................................................... 2

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006) ....................................................................................................... 8

*Dunham v. Lobello*,
   2023 WL 3004623 (S.D.N.Y. Apr. 19, 2023) ............................................................................ 6

*Highland Cap. Mgmt., L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008) ........................................................................................ 7

*In re General Motors LLC Ignition Switch Litig.*,
   2016 WL 4410008 (S.D.N.Y. Aug. 18, 2016) ........................................................................... 5

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
   2017 WL 10844685 (S.D.N.Y. Dec. 8, 2017) ............................................................................ 8

*Kinsey v. Cendant Corp.*,
   588 F. Supp. 2d 516 (S.D.N.Y. 2008) ........................................................................................ 4

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
   2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) .............................................................................. 4

*Nibbs v. Goulart*,
   822 F. Supp. 2d 339 (S.D.N.Y. 2011) ........................................................................................ 5

*Old Chief v. United States*,
   519 U.S. 172 (1997) ................................................................................................................... 2

*Park West Radiology v. CareCore National, LLC*,
   675 F. Supp. 2d 314 (S.D.N.Y. 2009) ........................................................................................ 7

*Tesser v. Bd. of Educ.*,
   370 F.3d 314 (2d Cir. 2004) ....................................................................................................... 3

*United States v. Quattrone*,
   441 F.3d 153 (2d Cir. 2006) ....................................................................................................... 6

*United States v. Stahl,*
    616 F.2d 30 (2d Cir. 1980) ................................................................................................ 3

*Uzhca v. Wal-Mart Stores, Inc.,*
    2023 WL 2529186 (S.D.N.Y. Mar. 15, 2023) .................................................................... 3

Gemini Trust Company, LLC ("Gemini") respectfully submits this memorandum of law in support of its omnibus motion *in limine*, seeking to preclude the Commodity Futures Trading Commission (the "CFTC') from arguing or introducing evidence on the issues described below.

**PRELIMINARY STATEMENT**

The CFTC alleges that Gemini made false and misleading statements on four topics: (i) pre-funding, (ii) bespoke fees and rebates, (iii) self-crossing, and (iv) volume and liquidity. With this motion, Gemini seeks to preclude the CFTC from offering evidence or arguments that have nothing to do with the issues in this case as framed by the CFTC in its complaint. Specifically, Gemini seeks to bar evidence or arguments about:

1. Cameron and Tyler Winklevoss's net worth;
2. Alleged drug use at Gemini;
3. Other cryptocurrency events unrelated to Gemini;
4. Other litigation involving Gemini; and
5. The trading activity of two Gemini customers (Circle and XBTO), an issue that was not pleaded in the Complaint or mentioned during discovery.

**ARGUMENT**

**I.   Irrelevant and Unduly Prejudicial Evidence Is Inadmissible**

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Bd. of Trs. v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012).

Federal Rule of Evidence 402 makes all relevant evidence admissible, but "[i]rrelevant evidence is not admissible." Federal Rule of Evidence 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Unfair prejudice here "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Rule 403 Advisory Committee's Notes). In other words, "[i]n making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by the possibility that it will divert the jury from the facts which should control their verdict.'" *Bensen v. Am. Ultramar Ltd.*, 1996 WL 422262, at *6 (S.D.N.Y. July 29, 1996) (quoting *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)) (cleaned up).

### A. The Court Should Preclude Any Evidence Regarding Cameron and Tyler Winklevoss's Net Worth or Wealth

During the deposition of Cameron Winklevoss, the CFTC asked questions regarding Cameron and Tyler Winklevoss's net worth.

Counsel began the deposition by introducing a New York Times article and asking the following:

> Q. And on the -- on the second page, below the -- the picture, three paragraphs down, it says, in the last sentence of that paragraph: "The brothers are also majority owners of the virtual currency exchange they founded, Gemini, which most likely takes their joint holdings to a value of well over two billion, enough to make each of them a billionaire." Do you agree with that statement, Mr. Winklevoss?
>
> A. Which part of the statement?
>
> Q. That the -- your joint holdings are well over $2 billion?
>
> A. Because of ownership in -- in Gemini?
>
> Q. Are your joint holdings, in addition to your Bitcoin investments, along with your investment in Gemini, well over $2 billion?
>
> A. I'd have to check.

Ex. 1 at 22:20–23:17.[1]

---

[1] "Ex." refers to exhibits to the Declaration of John F. Baughman ("Baughman Decl.") filed in support of this

Shortly thereafter, the CFTC asked Cameron to provide a "rough" estimate of Gemini's value:

> Q.   Do you know what Gemini is worth today, roughly?
>
> A.   I don't. In the sense that we last raised funding, I think two or three years ago, and we're a privately-held company, so we'd have to look at -- look into that.
>
> Q.   What was the valuation two or three years ago?
>
> A.   It was $7.1 billion post-money valuation.

*Id.* at 25:23–26:9.

In the CFTC's motion for summary judgment, the CFTC referred to Cameron and Tyler Winklevoss as "Harvard-educated bitcoin billionaires," citing the same article used in Cameron's deposition. Dkt. 98 ¶ 3. This is just an envy-based, gratuitous cheap shot. Cameron and Tyler's net worth and wealth is irrelevant to the CFTC's claims and will invite improper bias against Gemini if admitted to the jury.

Courts have consistently found evidence and testimony about a party's wealth to be irrelevant and highly prejudicial. In *United States v. Stahl*, the defendant's net worth created a persistent appeal to class prejudice, and the court held that such appeals are "improper" and "have no place in a court room," reversing the district court's judgment. 616 F.2d 30, 32–33 (2d Cir. 1980); *see also Tesser v. Bd. of Educ.*, 370 F.3d 314, 318 (2d Cir. 2004) ("Evidence of wealth . . . is generally inadmissible in trials not involving punitive damages.") (quoting *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999)); *Uzhca v. Wal-Mart Stores, Inc.*, 2023 WL 2529186, at *6 (S.D.N.Y. Mar. 15, 2023) ("Evidence of 'the wealth of a party is never admissible, directly or otherwise, unless in those exceptional cases, where position or wealth is necessarily

---

motion.

involved in determining the damages sustained.'") (citation omitted); *Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518 (S.D.N.Y. 2008) ("[T]he parties are not permitted to argue to the fact finder's potential economic sympathies or prejudices"); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (evidence on witness's wealth "is clearly irrelevant and its inclusion would be unfairly prejudicial") (citations omitted).

The CFTC's attempts to elicit testimony about Cameron and Tyler's net worth, specifically testimony that Cameron and Tyler are jointly worth over two billion dollars, or that Gemini was valued at over seven billion dollars, are textbook examples of evidence meant to evoke "economic prejudices" of the fact finders. *Kinsey*, 588 F. Supp. 2d at 518. As such, any evidence or testimony about Cameron and Tyler's net worth or wealth should be excluded as irrelevant and unfairly prejudicial.

### B. This Court Should Preclude All Evidence and References to Alleged Drug Use Within Gemini

The CFTC also sought to solicit deposition testimony about supposed drug use at Gemini. During Rose Toomey's deposition, the CFTC asked if she was aware of any drug use at Gemini. *See* Ex. 2 at 265:22–266:8. During Cameron Winklevoss's deposition, the CFTC further attempted to elicit testimony on whether Cameron or Tyler participated in illicit drug use. *See* Ex. 1 at 695:8–698:12. To be clear, Cameron and Tyler deny illegal drug use in the strongest possible terms. But they should not have to answer such scurrilous allegations in this proceeding.

Purported drug use, and any references about drug use, have no bearing to the parties' claims or defenses and would impermissibly bias the jury against Gemini. The CFTC sued Gemini for making false or misleading statements. Evidence seeking to introduce purported drug use by Gemini personnel has *no* probative value; it could not show whether the statements submitted to the CFTC were any more or less false or misleading.

4

Moreover, allegations about potential drug use are the exact type of evidence that will divert the jury's attention from the relevant facts of the case. In *In re General Motors LLC Ignition Switch Litig.*, GM attempted to introduce plaintiff's drug use to contest alleged personal injury damages. 2016 WL 4410008, at *6 (S.D.N.Y. Aug. 18, 2016). The court found such evidence to have no probative value, as it was not relevant to plaintiff's damages claims and was highly prejudicial, thus requiring exclusion under Rule 403. *Id.; see also Nibbs v. Goulart*, 822 F. Supp. 2d 339, 345–46 (S.D.N.Y. 2011) (finding "that a significant risk of prejudice accompanies the introduction of evidence related to or the discussion of [the plaintiff's] marijuana use"). References of alleged drug use could have the same prejudicial effect here.

    **C.    This Court Should Preclude Evidence and Arguments Regarding Cryptocurrency Events Not Related to Gemini**

Over the lifetime of this case, several major cryptocurrency industry controversies unrelated to Gemini occurred and received mainstream coverage. Of these, notable events included the FTX collapse on November 11, 2022.[2] FTX's founder and Chief Executive Officer, Samuel Benjamin Bankman-Fried, was subsequently convicted on several counts of fraud and conspiracy.[3] Others events include the Celsius Network investigation where, on July 13, 2023, the former CEO of Celsius Networks cryptocurrency exchange was charged with securities fraud, wire fraud, and commodities fraud.[4] Additionally, on November 21, 2023, the founder of Binance plead guilty to violations of the Bank Secrecy Act and agreed to pay over four billion dollars in fines.[5] These are just some examples.

---

[2]   *See* Ex. 3.

[3]   *United States v. Bankman-Fried*, No. 22-cr-673 (S.D.N.Y. Dec. 9, 2022).

[4]   *See* Ex. 4.

[5]   *United States v. Binance Holdings Ltd.*, No. 23-cr-178 (W.D. Wash. Nov. 14, 2023).

References to controversial events in the cryptocurrency industry are irrelevant and highly prejudicial to Gemini. At no point was Gemini ever involved with these events. More importantly, these events are unrelated to the issues in this case; controversial events in the cryptocurrency industry *from 2022 to 2023* involving *other cryptocurrency exchanges* have nothing to do with whether Gemini made materially false or misleading statements or omitted material information during a *self-certification process* for a Bitcoin futures product *back in 2017*.

Even if probative value were to exist, references to such events would unfairly prejudice Gemini. These events, if shown to the jury, would mislead the jurors, improperly suggesting that Gemini could be found liable because of controversies other cryptocurrency exchanges have caused in recent years. *See Dunham v. Lobello*, 2023 WL 3004623, at *8 (S.D.N.Y. Apr. 19, 2023) (holding "unrelated purported instances of police or correction misconduct, events reported in the news media, class actions and criminal investigations" are "completely irrelevant to the task before the jury" and "such arguments are also prejudicial because they are made precisely to suggest that the Defendant . . . acted in conformity with the wrongful conduct of [the others]"); *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006) ("[T]he prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial."). What little probative value exists, if any, is wholly outweighed by the potential to mislead the jury.

### D. This Court Should Preclude All Evidence and Arguments Regarding Other Litigation Involving Gemini

Gemini has grown to be one of the largest cryptocurrency exchanges in the United States. Accordingly, as with any other large corporation, it is involved in a variety of legal matters. The Court should preclude any evidence or argument related to any such matters, in particular the following:

6

Gemini Earn Related Matters: From February 2021 to November 2022, Gemini operated a lending program called Gemini Earn with non-party Genesis Global Capital, LLC ("Genesis"). Ex. 5 ¶¶ 1, 2. In November 2022, Genesis collapsed, and this led to extensive litigation. Gemini was named as a party in suits brought by the SEC and the New York Attorney General, as well as a variety of private actions. *See e.g.*, Ex. 5; Ex. 8; *Picha v. Gemini Trust Company, LLC, et al.,* No. 22-cv-10922 (S.D.N.Y.); *Moeller-Bertram v. Gemini Trust Company, LLC, et al.,* No. 23-cv-2027 (S.D.N.Y.). Most of these actions have been resolved, but more importantly, none are relevant here.

IRAF related matters: In February 2022, a Gemini customer called IRA Financial Trust Company ("IRAF") was hacked, and customer funds were stolen. Ex. 6. This has led to a variety of civil and criminal matters. Baughman Decl. ¶ 12. None of this is relevant.

This Court should preclude any mention of the Gemini Earn and IRAF related actions. Relatedly, the CFTC should be precluded from advising the jury that there were "investigations," "government inquiries," or anything similar involving Gemini. Both the Gemini Earn Program and IRAF hack took place years after the relevant time-period for this case and are irrelevant to any of the CFTC's claims about false or misleading statements. *See Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 198–99 (S.D.N.Y. 2008) (finding that a settlement agreement was irrelevant because it did not contain any materials relating to the current dispute and the settlement agreement was executed years after the events giving rise to action).

Courts in this jurisdiction also find evidence of other unrelated litigation to be unduly prejudicial. In *Park West Radiology v. CareCore National, LLC,* the court excluded pleadings in the other litigations brought against the defendant, finding that such evidence was inadmissible hearsay and that any probative value was substantially outweighed by the risks of unfair prejudice,

confusing the issues, misleading the jury, and wasting time under Federal Rule of Evidence 403. 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009).

In *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, the court stated that evidence of a party's lawsuits is regularly excluded for being more prejudicial than probative, as "[a]ny possible relevance of this testimony would be substantially outweighed by the burden of explaining the circumstances and the danger that such evidence would distract the jury." 2017 WL 10844685, at *1 (S.D.N.Y. Dec. 8, 2017) (citing *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 578109, at *2 (S.D.N.Y. Mar. 4, 2005)); *see also Bd. of Trustees v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) ("Courts generally exclude evidence of other related lawsuits."). Allegations from other actions "are dispositive of nothing and would confuse the complex issues already present in this case." 860 F. Supp. 2d at 254 n.9 (S.D.N.Y. 2012) (citing *Foster v. Berwind Corp.*, 1991 WL 83090, at *1 (E. D. Pa. May 14, 1991)).

Accordingly, all evidence or argument concerning Gemini Earn or IRAF litigation should be precluded.

## II. The CFTC Should Be Precluded From Raising New Issues Concerning Gemini's Customers Circle and XBTO

The whole point of civil discovery is to prevent "trial by ambush." Litigants must disclose the evidence and theories they seek to prove *before trial*. Thus, courts will preclude parties from introducing new matters at trial. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) (finding that the district court did not abuse its discretion by precluding "lost profits" damages as it would have severely prejudiced defendants, considering that discovery had been closed for more than a year and a half and there was only a "short time left before trial"); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93–95 (S.D.N.Y. 2002) (the purposes of Fed. R. Civ. Pro. 26(e)(2) and 37(c)(1) are to avoid "surprise" or "trial by ambush," and plaintiff was

prejudiced by defendant's late disclosure regarding its patent claim).

The CFTC, however, appears poised to violate this basic rule. At the very last minute of the last deposition in the case, the CFTC sought to introduce entirely new issues. One of the experts Gemini has retained is Andrzej Skrzypacz, a professor of economics at Stanford University. He provided a report and is prepared to give testimony on auction design and related topics.

During the last hour of Professor Skrzypacz's deposition, however, something strange happened. The CFTC sought to question Professor Skrzypacz about trading between two Gemini customers ("Circle" and "XBTO") in the Gemini auction. Ex. 7 at 237:5–238:13. Counsel's questioning suggests that the CFTC seeks to argue there was something improper and undisclosed about the Circle/XBTO trades. This was last minute sandbagging.

The CFTC has been working on this case for *more than seven years*. Not once in that time did it ever raise any concerns about trading between Circle and XBTO. This issue was:

- Not mentioned in the CFTC's complaint;
- Not mentioned in responses to Gemini's interrogatories;
- Not mentioned in responses to Gemini's requests to admit;
- Not mentioned in the CFTC's expert's report; and
- Not addressed in any other deposition.

At this point, Gemini has no idea what the CFTC contends might be at issue with the Circle-XBTO trades. Accordingly, all evidence or arguments about the Circle-XBTO trades should be excluded. *See Am. Stock Exch.*, 215 F.R.D. at 93–95.

## CONCLUSION

For the reasons stated above, Gemini respectfully requests that this Court grant Gemini's motion *in limine* and preclude the CFTC from offering any (i) evidence, references, or testimony of Cameron and Tyler Winklevoss's net-worth or wealth; (ii) evidence, references, or testimony

9

regarding alleged drug use at Gemini; (iii) evidence, arguments, or references of other cryptocurrency events unrelated to Gemini; (iv) evidence of other ongoing litigations involving Gemini; and (v) the trading activity of two Gemini customers (Circle and XBTO), an issue that is not pleaded in the Complaint.

Dated: New York, New York
November 15, 2024

                                        BAUGHMAN KROUP BOSSE PLLC

                                        By /s/ John F. Baughman

                                              John F. Baughman
                                              Daniel A. Schwartz
                                              Elizabeth J. Lee
                                              Ernie E. Butner IV
                                              One Liberty Plaza – 46th Floor
                                              New York, NY 10006
                                              (212) 548-3212

                                        *Attorneys for Gemini Trust Company, LLC.*