

One Liberty Plaza, Floor 46  
New York, NY 10006  
(212) 548-3212

500 East Main St., Suite 1400  
Norfolk, VA 23510  
(757) 904-5373

November 21, 2024

**VIA ECF**

Hon. Alvin K. Hellerstein  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1050  
New York, New York 10007

*Commodity Futures Trading Commission v. Gemini Trust Company, LLC*,  
Case No. 22-cv-4563-AKH

Dear Judge Hellerstein:

    This firm represents defendant Gemini Trust Company, LLC ("Gemini"). We write concerning Gemini's Amended Motion *in Limine* No. 1, which seeks an order precluding the CFTC from presenting certain arguments and evidence that it withheld during discovery on the basis of responsiveness and privilege (the "Motion"). *See* Dkt. 159. In light of the Court's November 18, 2024 Opinion and Order Denying Plaintiff's Motion for Partial Summary Judgement, Dkt. 182 (the "MSJ Order"), Gemini respectfully seeks to supplement its Motion.

    As noted in Gemini's brief in support of the Motion, Dkt. 159 at 1 n.1, Gemini previously filed a similar motion alongside its opposition to the CFTC's motion for partial summary judgment (the "Original Motion"), *see* Dkt. 111. In the Original Motion, Gemini sought, *inter alia*, to preclude the CFTC from introducing various pieces of evidence concerning Gemini's pre-funding requirement, including (i) the CFTC's understanding of what "pre-funding" means; (ii) the relevance of Gemini's pre-funding requirement to the CFTC's analysis of the Bitcoin Futures Contract; and (iii) why the CFTC did not ask any questions about pre-funding prior to the Self-Certification (collectively, the "Pre-Funding Issues"). *Id.* at 1, 7–9, 13–17.

    Because the Court ruled during argument on the CFTC's partial summary judgment motion that Gemini was liable as a matter of law for statements concerning pre-funding, Gemini did not address these Pre-Funding Issues in the Motion. In the MSJ Order, however, the Court reversed that decision. Accordingly, Gemini seeks to supplement the Motion to also address evidence concerning pre-funding that the CFTC asserted was privileged or irrelevant during discovery. This evidence includes answers to the following questions, which the CFTC instructed its witness not to answer at depositions:

- "What is pre-funding?" Dkt. 160-2 at 92:12–19.

- "Was the definition of 'pre-funding' that Gemini provided . . . consistent with your understanding of 'pre-funding' . . . ?" *Id.* at 244:21–245:3.

- "Based on your experience working at the CFTC over 30 years, what does prefunding mean?" Dkt. 160-6 at 190:8–12.

- "How relevant was pre-funding to the CFTC's decision on self-certification?" *Id.* at 262:11–15.

- "[D]o you remember why you didn't ask any questions about pre-funding to Gemini or Cboe?" *Id.* at 195:17–21.

- "Do you remember after the [July 25, 2017] meeting anyone discussing the issue of pre-funding?" *Id.* at 194:21–195:4.

- "Did you or the CFTC ever evaluate whether Gemini's pre-funding requirement affects a futures product being readily susceptible to manipulation?" *Id.* at 219:15–20.

These are not the only instances of the CFTC refusing to provide discovery on the Pre-Funding Issues. For example, the CFTC objected to a topic in Gemini's Rule 30(b)(6) notice seeking testimony about "[t]he CFTC's understanding of Gemini's prefunding requirements" by asserting that it was "not relevant to any party's claim or defense" and was "protected by the deliberative process privilege," among others. Dkt. 160-4, Resp. to Topic 14. And, when the Court permitted Gemini to propound an interrogatory concerning the CFTC's understanding of "prefunding," Dkt. 70 ¶ 14, the CFTC objected to that, too, providing a response that merely cited to testimony about how Gemini used the term, Dkt. 160-9, Resps. to Interrogs. 46–48.

The CFTC will not be prejudiced by addressing evidence about the Pre-Funding Issues in connection with the Motion. The legal grounds for preclusion are identical to those already set forth in Gemini's Memorandum in support of the Motion. *See* Dkt. 159. Moreover, as demonstrated above, the evidentiary basis for this request is the same as was identified in the Original Motion: specifically, that the CFTC repeatedly blocked Gemini's efforts to obtain evidence on those issues by asserting that they were irrelevant and privileged.

Gemini does not seek any additional briefing but will be prepared to discuss the pre-funding statements at oral argument.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ John F. Baughman

cc:     Counsel of Record