UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**COMMODITY FUTURES TRADING COMMISSION,**

                Plaintiff,

      v.

**GEMINI TRUST COMPANY, LLC,**

                Defendant.

22-cv-4563 (AKH)

Hon. Alvin K. Hellerstein

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT GEMINI TRUST COMPANY, LLC'S
<u>MOTION FOR RECONSIDERATION</u>**

COMMODITY FUTURES TRADING
COMMISSION
Division of Enforcement
290 Broadway, 6th Floor
New York, NY 10007
Phone: (646) 746-9700
Fax: (646) 746-9888

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

BACKGROUND ................................................................................................................................. 2

    A.    Defendant Made Both Oral and Written False or Misleading Statements or Omissions to the CFTC. ............................................................................................................................. 2

    B.    The Court Denied Defendant's Motion for Partial Summary Judgment. .......................... 2

    C.    The Court Partially Granted the CFTC's Motion for Summary Judgment. ..................... 4

    D.    The Court Denied Defendant's Motion for Interlocutory Appeal. ..................................... 5

ARGUMENT ....................................................................................................................................... 5

    A.    THE COURT DID NOT COMMIT CLEAR ERROR IN DENYING DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL ................................................................. 6

    B.    THE COURT'S ORDER WOULD NOT COMPLICATE THE UPCOMING TRIAL, NOR ARE THERE ANY OTHER GROUNDS TO DELAY TRIAL ............................... 9

CONCLUSION .................................................................................................................................. 10

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

## Cases

*Janus Capital Group, Inc. v. First Derivatives Traders*,
   564 U.S. 135 (2011) .................................................................................................................... *passim*

*U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*,
   352, F. Supp. 3d 242 (S.D.N.Y. 2019) .................................................................................................. 5

*Analytical Surveys, Inc. v. Tonga Partners, L.P*,
   684 F.3d 36 (2d Cir. 2012) ...................................................................................................................... 5

*Becnel v. Deutsche Bank AG*,
   838 F. Supp. 2d 168 (S.D.N.Y. 2011) ........................................................................................... 5, 6, 7

*Kamen v. Kemper Financial Services, Inc.*,
   500 U.S. 90, 99 (1991) ............................................................................................................................ 8

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
   729 F.3d 99 (2d Cir. 2013) ...................................................................................................................... 6

*United States v. Guerrero*,
   797 F. App'x 60 (2d Cir. 2020) ............................................................................................................... 9

*Espinal v. Totten*,
   2011 WL 13300279 (S.D.N.Y. Aug. 8, 2011) ........................................................................................ 9

## Statutes

28 U.S.C. § 1292(b) ................................................................................................................................ 1, 8

## Other Authorities

Local Civil Rules of the U.S. District Court for the Southern District of New York, Rule 6.3 ................... 24

Plaintiff Commodity Futures Trading Commission ("CFTC") respectfully submits this Opposition to Defendant Gemini Trust Company, LLC ("Gemini," or "Defendant")'s motion for reconsideration of the Court's denial of Defendant's motion for interlocutory appeal. ECF No. 152 ("Mot.").

## PRELIMINARY STATEMENT

The Court should deny Defendant's motion to reconsider, which merely repeats the same arguments that Defendant made in its motion for partial summary judgment and motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). ECF Nos. 80, 140. Defendant's attempt to take a third bite at the apple in relitigating these issues is not a proper basis for a motion for reconsideration. To begin, the Court properly denied Defendant's motion for interlocutory appeal because there are issues that remain for trial, including direct statements made by Defendant's representatives during a July 25, 2017 meeting. ECF No. 150 ("Denial Order"). Defendant seizes on the Court's references to those direct statements to argue that the Court's ruling was based on an "erroneous foundation." Mot. 8. But the ruling correctly found that those direct statements are inextricable from the indirect statements at issue in Defendant's *Janus*-based arguments in its motion for interlocutory appeal. Moreover, even assuming Defendant prevailed on interlocutory appeal, it would not streamline or terminate any part of the proceedings because the CFTC would simply prove at trial that Defendant had "ultimate authority" over the statements. *See* ECF No. 145 at 10-12. Thus, interlocutory appeal would not materially advance the litigation.

Furthermore, Defendant's argument for reconsideration is largely premised on the misguided assertion that there is "no evidence of any oral statements by Gemini" at the July 25

1

Meeting. Mot. at 4. Defendant does nothing more than rehash the same set of facts and arguments from its original motion for partial summary judgment. The CFTC laid out fulsome evidence contradicting Defendant's arguments then, ECF No. 90, and the Court rejected Defendant's bid for summary judgment in June of this year. ECF No. 115. Defendant did not move for reconsideration of that ruling. Now, Defendant attempts to shoehorn an untimely—and baseless—motion for reconsideration of the Court's June denial of its summary judgment motion into this motion to reconsider. Defendant's meritless attempts to re-litigate the Court's prior rulings should be denied.

## BACKGROUND

### A. Defendant Made Both Oral and Written False or Misleading Statements or Omissions to the CFTC.

During the self-certification process of a proposed bitcoin futures contract that was to be listed on the Cboe Futures Exchange ("CFE"), Defendant met with the CFTC at least once on July 25, 2017, and made several written submissions to the CFTC, either directly or via CFE. In so doing, Defendant repeatedly made materially misleading statements and omissions to the CFTC.[1]

### B. The Court Denied Defendant's Motion for Partial Summary Judgment.

On March 22, 2024, Defendant moved for partial summary judgment with respect to certain written false statements that it submitted indirectly to the CFTC, arguing it did not

---

[1] The delineation between the indirect written submissions and the direct written submissions is set forth in the CFTC's memorandum of law in support of its motion for summary judgment. ECF No. 99 at 10-11. The full list of alleged false or misleading statements is contained in Exhibit A of that memorandum. *Id.* at Ex. A (False Statements Chart).

2

"make" those statements under *Janus Capital Group, Inc. v. First Derivatives Traders*, 564 U.S. 135 (2011).  ECF No. 82 at 14-26.  Defendant also moved for summary judgment with respect to the oral false statements it made during the July 25, 2017 meeting with the CFTC, arguing that there is "no evidence of such statements."  *Id.* at 29.

The CFTC opposed Defendant's motion.  With respect to the indirect, written statements, the CFTC argued that Defendant cannot escape liability when it fully intended for the statements to be submitted to the CFTC by the CFE.  ECF No. 90 at 19-31.  With respect to the oral statements made at the July 25, 2017 meeting, the CFTC pointed to ample testimony from CFE and CFTC witnesses that the meeting's discussion closely tracked the written July 25, 2017 PowerPoint containing the core false statements in this case, and at the meeting, Defendant "fielded" almost all of CFTC's questions relating to its own exchange.  *Id.* at 32-34.  This evidence, coupled with the fact that Defendant drafted the parts of the PowerPoint containing the false statements, gives rise to the inescapable inference that Defendant's representatives made the same false statements orally at the meeting.  *Id.* at 32-35.  Moreover, even assuming, contrary to the evidence, that some oral false statements regarding Defendant's exchange were actually delivered by CFE, all such statements would be additional iterations of the same written false statements that were drafted, reviewed, and approved by Defendant in the first instance, and were made in the presence of Gemini representatives without correction.  *Id.* at 35.

On June 13, 2024, this Court denied Defendant's summary judgment motion in its entirety.  ECF No. 115.  Defendant never moved for reconsideration, although it had until June 27, 2024 to do so.

### C. The Court Partially Granted the CFTC's Motion for Summary Judgment.

On May 7, 2024, the CFTC moved for partial summary judgment on 31 written false or misleading statements at issue. ECF No. 97. On July 23, 24, and 30, 2024, the Court held a hearing on the CFTC's motion and, after reviewing briefing and receiving oral argument by the parties, ruled that Defendant was the maker of all 31 written statements because it "intended" for those statements to reach the CFTC, regardless of whether they were made directly or indirectly. ECF No. 133 ("July 23 Tr.") at 62:18-63:11.[2] The Court also held that *Janus* was "distinguishable" because it involved SEC Rule 10b-5, whereas this case involved an agency's "core oversight" function that necessitated gathering "information from the market," which involved receiving statements "not only from CBOE but from other interested parties" such as Defendant. *Id.* at 77:16-79:8.

During the hearing, Defendant's counsel mentioned Defendant's motion for summary judgment on the oral false statements, calling it "still pending," even though the Court had denied the motion in its entirety and Defendant never timely moved for reconsideration.[3] Counsel again claimed that there was "no evidence" of oral false statements made by Gemini at the meeting. July 23, 2024 Tr. at 43:7-16. Despite asserting Defendant's motion was still "pending," counsel did not ask the Court for a ruling.[4]

---

[2] Contrary to Defendant's characterization that the Court ruled that it was only the "maker" of 15 alleged false statements (Mot. at 5), the Court ruled that Defendant was the "maker of statements eventually passed on through CBOE to the CFTC." July 23 Tr. at 62:18-19.

[3] As noted, the deadline for Defendant moving for reconsideration of the Court's June 13, 2024 Order was June 27, 2024. The hearing for the CFTC's summary judgment motion took place on July 23, 2024, well after the time to move for reconsideration had passed.

[4] Indeed, at a different point during the 3-day hearing, counsel mentioned Defendant's motion for summary judgment on the *indirect, written* statements based on the *Janus* argument, and stated, "I think [the Court] should

4

**D. The Court Denied Defendant's Motion for Interlocutory Appeal.**

On August 8, 2024, Defendant moved for certification of interlocutory appeal, again arguing that it did not "make" the statements that it indirectly submitted to the CFTC under *Janus*. ECF No. 140. The Court denied the motion on October 31, 2024, noting that this case will go to trial "regardless of whether, and to what extent, *Janus* is applicable" because there remained disputed issues of fact for trial. ECF 150. In particular, the Court observed that:

> Gemini['s] two principal owners and executives, Tyler Winklevoss and Cameron Winklevoss, [1] were present at a July 25, 2017 meeting with the CFTC, along with officials of the Cboe Futures Exchange (CFE); [2] prepared materials containing representations that were given to the CFTC; and [3] made oral representations to the CFTC. *Janus* deals only with indirect statements, so those direct representations will remain for trial.

*Id.* The Court also reiterated its ruling at the July 23, 2024 hearing that *Janus* was "distinguishable" from the instant case. *Id.* On November 19, 2024, the Court issued a written summary judgment opinion confirming that "*Janus* does not apply to this case" and that Defendant was the "maker of the [written] statements at issue." ECF No. 182 at 8, 10.

## ARGUMENT

As Defendant concedes, the standard for a motion for reconsideration is "strict." Mot. at 6 (quoting *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352, F. Supp. 3d 242, at 245 (S.D.N. Y. 2019)). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "Mere

---

reopen our motion and find that as a matter of law Gemini did not make the statements." July 23, 2024 Tr. 34:10-11. However, counsel never mentioned reopening Defendant's motion on the oral false statements.

5

disagreement with an opinion . . . is not a basis for reconsideration." *Becnel v. Deutsche Bank AG*, 838 F. Supp. 2d 168, 171 n.16 (S.D.N.Y. 2011). Instead, a motion for reconsideration should be granted only when there is (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Defendant contends that this Court made a "clear error" by recycling its argument that there is no evidence of oral false statements made at the July 25, 2017 meeting (Mot. at 7)—an argument this Court already correctly rejected, and for which the time for reconsideration has long passed. ECF No. 115. Defendant's arguments amount to nothing more than "[m]ere disagreement" with the Court's prior rulings and do not meet the strict standard for reconsideration. *Becnel*, 838 F. Supp. 2d at 171 n.16.

### A. THE COURT DID NOT COMMIT CLEAR ERROR IN DENYING DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL

Defendant's primary argument is that the Court has committed a "clear error" by demonstrating "an incorrect understanding of the record" because the Denial Order noted that Defendant's direct statements made during the July 25, 2017 meeting remained an issue for trial. Mot. at 7. In support of this argument, Defendant merely trots out the same record cites and arguments made in its failed motion for summary judgment, which this Court rejected on June 13, 2024. *Compare* ECF No. 82 at 28-29 (Defendant's motion for summary judgment arguing there is "no evidence" of oral false statements made by Defendant during the July 25, 2017 Meeting), *with* Mot. at 8 (asserting that there is "nothing in the record as to any 'oral' or 'direct' representations made by any Gemini representative at the July 25 Meeting.").

Contrary to Defendant's assertions, the Court did not misunderstand the record on the oral false statements. The CFTC's opposition to Defendant's motion for summary judgment laid out ample evidence of such statements being made at the July 25, 2017 meeting. First, Defendant has never disputed—nor can it—that its President, CEO, COO, outside counsel, and consultants all attended the meeting. Contrary to Defendant's implied suggestion that its representatives stayed silent throughout the meeting—CFE and CFTC witnesses testified that it was Defendant's representatives who "fielded" the CFTC's questions about its exchange, explained how the Bitcoin futures product would not be "readily susceptible to manipulation," and discussed Defendant's purported pre-funding requirement. ECF No. 90 at 31-33. Moreover, the meeting revolved around the July 25, 2017 PowerPoint slides containing the core false statements at issue—slides that Defendant had drafted. Thus, there is a readily made inference that the false statements in the PowerPoint slides were repeated by Defendant's representatives at the meeting, whose statements are attributable to Defendant. *Id.* at 35. Accordingly, the Court correctly denied summary judgment on the oral false or misleading statements. ECF No. 115. Defendant's renewed complaint that there is "no evidence" of such statements (Mot. at 4, 8) is nothing more than a belated disagreement with the Court's prior ruling, which is not basis for reconsideration. *See Becnel*, 838 F. Supp. 2d at 171 n.16.

Moreover, Defendant misconstrues the basis for the Court's order denying interlocutory appeal. The order did *not* find that "*Janus* presents a 'pure question of law'" based on "the erroneous foundation that questions 'remain for trial' about purported [oral] direct representations' at the July 25 Meeting." Mot. at 8. Rather, the Order referred to Defendant's "direct representations" because they must still be presented at trial *regardless* of how the

7

Second Circuit would have interpreted *Janus*. ECF 150. That is, because *Janus* "deals only with indirect statements, [] those direct representations will remain for trial," including Defendant's oral statements made during the July 25, 2017 meeting. *Id.* In addition, as the Denial Order astutely points out, even if Defendant were to escape liability for its indirect statements on interlocutory appeal, those indirect statements would *still* come in at trial, as they are "relevant" to give much needed context to the direct representations that remain triable issues of fact. *Id.* As the Denial Order pointed out, a key element for certifying interlocutory appeal is whether it would "materially advance the ultimate termination of litigation." *Id.* (citing 28 U.S.C. § 1292(b)). The Court's Denial Order applied the proper legal standard by finding that certifying the *Janus* issue would not have had any material impact on the trial nor would it streamline the proceedings, thus warranting denial of interlocutory appeal.[5]

Finally, it is worth noting that Defendant's argument boils down to a continued disagreement with the Court's June 13, 2024 denial of its motion for summary judgment on the oral statements. ECF No. 115. If Defendant wished to dispute the ruling, it had until June 27, 2024 to file a motion for reconsideration. *See* Local Civil Rules of the U.S. District Court for the Southern District of New York, Rule 6.3. But it did not do so. And, despite incorrectly asserting that its motion on the oral statements was "still pending" at the hearing for *the CFTC's* summary

---

[5] Defendant also complains that this Court, by referencing the oral false statements, premised its ruling on "an argument the CFTC never made" in opposing Defendant's motion for interlocutory appeal. Mot. at 6. But the Court's June 13, 2024 Order denying Defendant's motion for summary judgment was clear—the oral false statements presented issues of fact that were bound for trial, regardless of how an appeal court would interpret *Janus*. In any event, "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99 (1991).

8

judgment motion (July 23, 2024 Tr. at 43:13), Defendant never asked the Court for a ruling on the supposedly "pending" motion.[6] Instead, Defendant waited until now to complain about the Court's ruling denying summary judgment on the oral statements made at the July 25 Meeting. The time to move for reconsideration of that ruling has long passed, and Defendant should not be allowed to move for reconsideration now. *United States v. Guerrero*, 797 F. App'x 60, 62 (2d Cir. 2020) ("the district court did not abuse its discretion in denying" motion for reconsideration when it was "untimely" under the local rules).

### B. THE COURT'S ORDER WOULD NOT COMPLICATE THE UPCOMING TRIAL, NOR ARE THERE ANY OTHER GROUNDS TO DELAY TRIAL

Defendant's secondary argument is a hodge-podge of recycled complaints, each of which should be disposed of in short order.

*First,* Defendant argues that because the Court found Defendant liable for certain false statements related to pre-funding, but left the remaining statements for trial, they jury may be "confus[ed]" on which issues it "will be asked to decide" and which issues "the Court has already ruled." Mot. at 9. This argument is now moot in light of the Court's November 19, 2024 Order. ECF No. 182. Moreover, trials often proceed after partial summary judgment verdicts, and jurors are more than able to resolve the remaining issues with a proper limiting instruction. *See, e.g.*, *Espinal v. Totten*, 2011 WL 13300279, at *2 (S.D.N.Y. Aug. 8, 2011) (noting that the

---

[6] More fundamentally, counsel's belief that the motion for summary judgment on the oral statements was "still pending" was simply mistaken. The Court ruled on the entirety of Defendant's motion for summary judgment on June 13, 2024, which included Defendant's motion for judgment on the oral false statements. ECF No. 115. If Defendant believed that the Court overlooked certain legal or factual matters in its ruling that warranted reconsideration—such as the oral statements arguments in its summary judgment motion—it had until June 27, 2024 to move for reconsideration.

9

court will "give a limiting instruction" to the jury "addressing the prior finding of no liability" on certain claims).

*Second*, Defendant argues there is "no reason to rush this case to trial" because it had discontinued the Bitcoin futures product and any "injunctive relief…would be symbolic." Mot. at 9. As an initial matter, Defendant's suggestion that the Court has rushed this case to trial, or that the CFTC has not diligently pursued its claims in this matter, is nothing other than a transparent attempt to delay a public airing of its misdeeds at trial. Moreover, Defendant cites no authority for reconsideration, or for delaying a trial, simply because the party facing liability mistakenly claims that one remedy being sought would be "symbolic." In contrast, the CFTC's and public's interest in promptly concluding this litigation by securing a jury verdict holding Defendant liable for its false or misleading statements, and having the Court impose appropriate penalties, provides every reason to proceed with trial as scheduled.

*Finally*, Defendant again claims that interlocutory appeal would "streamline" the trial. Mot. at 9-10. But as the CFTC has already established, even if Defendant were to prevail on interlocutory appeal, the CFTC would simply prove at trial that Defendant had "ultimate authority" over the statements under *Janus*. *See* ECF No. 145 at 10-12. Thus, as this Court correctly found, the proceedings would not be streamlined in any meaningful way because trial "will go on regardless of whether, and to what extent, *Janus* is appliable." ECF No. 150.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's motion for reconsideration.

Dated: New York, New York
November 22, 2024

                                      Respectfully submitted,

By:    /s/ *Diana Wang*

K. Brent Tomer, Chief Trial Attorney
Alejandra de Urioste, Chief Trial Attorney
Diana Wang, Trial Attorney
Andrew J. Rodgers, Trial Attorney
Katherine Rasor, Trial Attorney
Peter Janowski, Trial Attorney
Manal M. Sultan, Deputy Director

COMMODITY FUTURES
TRADING COMMISSION
Division of Enforcement
290 Broadway, Suite 600
New York, NY 10007
Phone: (646) 746-9700
Fax: (646) 746-9888