**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COMMODITY FUTURES TRADING
COMMISSION,

                      Plaintiff,

    v.

GEMINI TRUST COMPANY, LLC,

                      Defendant.

No. 22-cv-4563 (AKH)

Hon. Alvin K. Hellerstein

**MEMORANDUM OF LAW IN SUPPORT OF GEMINI'S**
**MOTION TO SUPPLEMENT**
**AMENDED MOTION *IN LIMINE* NO. 1**

TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................1
FACTUAL BACKGROUND ..............................................................................................2
ARGUMENT .......................................................................................................................5
CONCLUSION ....................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

*A.C.L.U. v. Nat. Sec. Agency*,
   925 F.3d 576 (2d Cir. 2019) .................................................................................................. 5

*Bianchi v. Green*,
   2021 WL 6107935 (N.D.N.Y. Aug. 10, 2021) ....................................................................... 5

*Brown v. City of Detroit*,
   259 F. Supp. 2d 611 (E.D. Mich. 2003) ............................................................................. 6-7

*Favors v. Cuomo*,
   285 F.R.D. 187 (E.D.N.Y. 2010) ........................................................................................... 6

*HSH Nordbank AG New York Branch v. Swerdlow*,
   259 F.R.D. 64 (S.D.N.Y. 2009) ............................................................................................. 6

*In re Genesis Holdco LLC*,
   660 B.R. 439 (Bankr. S.D.N.Y. 2024) ................................................................................... 7

*In re Grand Jury Proceedings*,
   219 F.3d 175 (2d Cir. 2000) .................................................................................................. 7

*In re Sims*,
   534 F.3d 117 (2d Cir. 2008) .................................................................................................. 7

*MacDermid Printing Sols. LLC v. Cortron Corp.*,
   833 F.3d 172 (2d Cir. 2016) .................................................................................................. 7

*Pack v. Beyer*,
   157 F.R.D. 219 (D.N.J. 1993) ............................................................................................... 7

*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991) ............................................................................................ 5, 7

*United States v. Certain Real Prop. & Premises Known as
   4003-4005 5th Ave., Brooklyn, N.Y.*,
   55 F.3d 78 (2d Cir. 1995) ...................................................................................................... 6

*United States v. Nobles*,
   422 U.S. 225 (1975) ............................................................................................................... 6

Gemini[1] respectfully submits this memorandum of law in support of its motion to supplement Amended Motion *in Limine* No. 1 ("MIL No. 1"), Dkt. 159.

## INTRODUCTION

On December 13, 2024, the CFTC served its proposed list of approximately 375 trial exhibits. Included on that list are a subset of internal CFTC documents—identified as Plaintiff's Exhibits 12–24, 30–32, 34, and 56–59 (the "Subject Exhibits")[2]—that mainly consists of redacted emails showing that certain documents related to the Self-Certification were circulated within the CFTC. The CFTC's inclusion of the Subject Exhibits strongly suggests that it intends to argue at trial that the at-issue statements and alleged omissions were material because they were distributed to (and potentially reviewed by) many people within the CFTC. Specifically, Gemini strongly suspects that the CFTC intends to show the Subject Exhibits to its witnesses, Gregory Kuserk and Christopher Goodman, in order to solicit testimony that the at-issue statements were circulated within the CFTC, thus "proving" that the CFTC's actual deliberations demonstrate materiality.

Allowing the CFTC to offer this evidence and make such arguments would be highly prejudicial to Gemini. As the Court is aware, Gemini repeatedly sought discovery about the CFTC's review of the Self-Certification, including what information it considered and discussed internally, on the theory that what the CFTC *actually* did is highly probative of materiality. *See* MIL No. 1 at 12–16. The CFTC, however, refused to provide any such discovery on the grounds that what the CFTC did, thought, reviewed, or considered is irrelevant and, in any event, protected by the deliberative process privilege. *Id.* at 10. When Gemini moved to compel disclosure, the

---

[1]   All defined terms have the meaning given to them in MIL #1. Unless otherwise indicated, all citations and quotations are omitted and all quotes are cleaned up. "Supp. Baughman Decl." refers to the Supplemental Declaration of John F. Baughman filed with this motion, and "Ex." refers to exhibits to that declaration.

[2]   The Subject Exhibits are attached as Exhibits 3–28 of the Supplemental Baughman Declaration.

Court repeatedly ruled in the CFTC's favor. *Id.* at 1–2. As explained in MIL No. 1, while Gemini strongly disagrees with these decisions, fairness and Second Circuit precedent mandate that the Court's prior rulings be enforced and the CFTC be bound by its prior positions. The Court should reject the CFTC's last-minute about-face and enter an order (i) excluding the Subject Exhibits and (ii) precluding the CFTC from soliciting testimony or offering any argument regarding its internal deliberations or review of information submitted in connection with the Self-Certification.

## FACTUAL BACKGROUND

On November 15, 2024, Gemini filed MIL No. 1, which seeks to preclude the CFTC from offering certain evidence and arguments based, *inter alia*, on its refusal to provide discovery on those topics. Dkt. 159. Because the CFTC had previously argued that its internal deliberations are irrelevant and privileged,[3] Gemini did not move to preclude such evidence on that topic.

On December 13, the parties exchanged their exhibit lists. This list was the first time the CFTC indicated its intent to rely on the Subject Exhibits, which were not used as deposition exhibits or in support of the CFTC's summary judgment motion.[4]

The CFTC's apparent intent to introduce evidence of, and make arguments based on, its internal deliberations is a sharp departure from the position it has taken throughout this case. This divergence is best illustrated by the CFTC's conduct at the depositions of Messrs. Kuserk and Goodman, both of whom worked at the CFTC and were involved in its review of the Self-

---

[3] For example, in opposing Gemini's motion to compel discovery regarding the CFTC's internal deliberations, the CFTC argued that "the Court [has] made plain that the CFTC's internal deliberations in connection with the self-certification of the Bitcoin Futures Contract were irrelevant based on the objective standard courts apply to evaluate materiality." Dkt. 59 at 5.

[4] For clarity, Gemini notes that many of the Subject Exhibits attach documents that contain some of the alleged false or misleading statements. Gemini does not object to the use of those documents, or of the emails that transmitted them to the CFTC, at trial. Gemini's objection is to the introduction of any documents, testimony, or argument revealing or concerning the internal CFTC communications about those documents or other information provided to the CFTC in connection with the Self-Certification.

2

Certification. The CFTC repeatedly instructed both witnesses not to answer questions about the CFTC's internal discussions—including about documents attached to the Subject Exhibits—on the basis of the deliberative process privilege. For example, Plaintiff's Exhibit 18 is an internal CFTC email forwarding material Cboe sent the CFTC on September 12, 2017. *See* Ex. 9. One of those attachments is Gemini's Policies and Procedures, which include Gemini's policy about (and thus disclose) bespoke fee agreements. *See* Ex. 9 at 47. Gemini tried to examine Mr. Kuserk about his review of and discussions about this document, but the CFTC instructed him not to answer:

> Q. Is there anything else you remember or recall from reviewing this Gemini policies and procedures that was sent to you on September 12th, 2017?
>
> CFTC COUNSEL: I'm going to object on the basis of the deliberative process privilege and instruct him not to answer.
>
> . . .
>
> Q. Do you recall speaking to anyone at the CFTC about anything contained in this policies and procedures?
>
> CFTC COUNSEL: So that -- I'm going to object on the deliberative process privilege and instruct him not to answer.

Ex. 1 at 187:20–189:3. The CFTC also instructed Mr. Kuserk not to answer questions about his internal communications concerning the Cboe presentation provided to the CFTC before the July 25, 2017 meeting, which is included in Plaintiff's Exhibit 23, as well as other of the Subject Exhibits. *See, e.g.*, *id.* at 125:20–126:4 ("Q. Did you ever discuss this Cboe slide deck on Bitcoin Futures with anyone at the CFTC? CFTC COUNSEL: Objection to the form of the question. I'm going to instruct you not to answer on the basis of the deliberative process privilege.").[5]

---

[5] *See also* Ex. 1 at 125:4–10 ("Q. [D]id anyone at the CFTC talk about this Cboe slide deck that was sent on July 24th, 2017? CFTC COUNSEL: So objection to the question. It calls for internal Commission communications that are protected by the deliberative process privilege. So I instruct the witness not to answer."); *id.* at 182:10–15 ("So after reviewing this Q&A document [attached to PX 19], did you discuss this with anyone at the CFTC? CFTC COUNSEL: Objection. I'm going to instruct the witness not to answer on the basis of deliberative process privilege."); *id.* at 270:2–11 ("Q. So without getting to the substance of the e-mails, can you just answer me with yes or no answer? To the best of your recollection, the redacted portions of the e-mails, in those portions were

3

The CFTC also blocked Mr. Goodman from testifying about his discussions about many of the Subject Exhibits. For example, Gemini asked Mr. Goodman about the CFTC's conversations about the Cboe presentation in Plaintiff's Exhibit 23, but the CFTC instructed him not to answer:

> Q. Do you recall any internal meetings or communications concerning the July 25th presentation?
>
> A. You know, we did have an internal discussion within product review that I was a part of . . . .
>
> Q. And do you recall anything that was said during the internal meetings concerning the July 25th presentation?
>
> CFTC COUNSEL: So you can answer to the extent it won't reveal the content of the conversations. So it's a yes/no question.
>
> A. Okay. So yes, there was discussion of the meeting, of this meeting.
>
> Q. What was discussed during the internal meeting concerning the July 25th presentation?
>
> CFTC COUNSEL: That's going to be subject to the deliberative process privilege. And I'm going to instruct the witness not to answer.
>
> Q. Did you take any action or refrain from taking any action based on any statement contained in [the July 25 presentation] or made during the July 25th meeting?
>
> CFTC COUNSEL: I'm going to object on the basis of the deliberative process privilege. And instruct the witness not to answer.
>
> Q. Did anyone from the CFTC take any action or refrain from taking any action based on any statement contained in [the July 25 presentation] or made during the July 25th meeting?
>
> CFTC COUNSEL: So I'm going to -- same objection. Same instruction.

Ex. 2 at 181:15–184:21. The CFTC gave similar instructions with respect to other Subject Exhibits.[6]

---

you and your colleagues discussing the items listed on Exhibit 17 [included in PX 30]? CFTC COUNSEL: Objection and an instruction not to answer on the deliberative process privilege").

[6] *See* Ex. 2 at 261:8–14 ("Q. Did you ever discuss the document that you received on September 12, 2017 [included in PX 18] with anyone from the CFTC? CFTC COUNSEL: Objection on the basis of the deliberative process

4

Now, in direct contrast with these instructions, it appears the CFTC intends to introduce evidence and argument that the at-issue statements and alleged omissions were material specifically *because* they were circulated internally.[7] If allowed, this tactical assertion of privilege would substantially prejudice Gemini. The Court should hold the CFTC to its prior arguments and prohibit any references to the Subject Exhibits and the CFTC's internal processes at trial.

## ARGUMENT

It is well established that a party may not wield privileged communications as both a sword and a shield. *A.C.L.U. v. Nat. Sec. Agency*, 925 F.3d 576, 592 (2d Cir. 2019). In keeping with this maxim, a party may not invoke a privilege "to prejudice his opponent's case" and then proceed to "disclose some selective communications for self-serving purposes." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Nor should a court permit a party to "assert[] privilege to protect damaging information, but disclos[e] potentially privileged documents when doing so would be helpful." *Bianchi v. Green*, 2021 WL 6107935, at *3 (N.D.N.Y. Aug. 10, 2021). This is because, as courts have acknowledged, "[i]t would be unfair for a party asserting contentions of good faith to then rely on its privileges to deprive its adversary of access to material that might

---

privilege. And instruction not to answer."); Ex. 2 at 206:11–207:7 ("Q. Do you recall if you had any conversations with anyone at the CFTC about the answers contained in [a submission included in PX 19]? CFTC COUNSEL: So you can answer to the extent it won't reveal the content of any internal commission communications. A. Yeah. I mean, I specifically remember discussions with Greg Kuserk. Tom Leahy was also likely involved in them. Q. Can you tell me, please, what you discussed with Mr. Kuserk and Mr. Leahy regarding the answers contained in [PX 19]. CFTC COUNSEL: So I'm going to object on the basis of the deliberative process privilege. And instruct the witness not to answer."); *id.* at 217:16–24 ("Q. Did you ever speak with anybody within the CFTC about the fact that between five and ten market participants had earned liquidity making rebates and those participants made up approximately 90 percent of the volume in auction [as discussed in PX 19]? CFTC COUNSEL: So objection on the basis of the deliberative process privilege."); *id.* at 304:7–14 ("Q. Did you ever discuss that statement in the final self certification [included in PX 32] with anyone within the CFTC? CFTC COUNSEL: I'm going to object on the basis of the deliberative process privilege. And instruct the witness not to answer.").

[7] Notably, this is not the only place where the CFTC has reversed course in precisely this way. As shown in MIL No. 1, the CFTC repeatedly refused to provide discovery about why it asked certain questions (and did not ask others) in discussions leading up to the Self-Certification, but now seeks to point to those questions as purported evidence of materiality. *See* Dkt. 159 at 6–8. As demonstrated in MIL No. 1 and below, courts repeatedly hold that preclusion is an appropriate remedy for selective and strategic assertions of privilege like these. *Id.* at 8.

5

disprove or undermine the parties' contentions." *Favors v. Cuomo*, 285 F.R.D. 187, 199 (E.D.N.Y. 2010). To prevent abuses of testimonial privileges for strategic gain, the Second Circuit has adopted the so-called "at issue" doctrine, which "precludes a party from disclosing only self-serving communications while barring discovery of other communications that an adversary could use to challenge the truth of the claim." *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) (quoting *In re Adelphia Commc'ns Corp.*, 2007 WL 601452, at *3 (Bankr. S.D.N.Y. Feb. 20, 2007)).

Although most often applied in the context of attorney-client communications, the at-issue doctrine has been applied to other privileges as well. *See, e.g.*, *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 85–86 (2d Cir. 1995) (affirming defendant could not invoke Fifth Amendment privilege against self-incrimination "by asserting and waiving the privilege when convenient"); *United States v. Nobles*, 422 U.S. 225, 239–40 (1975) (holding defendant's "unilateral testimonial use of work product materials" waived protection of materials due to unfairness to prosecution). And the Court is not foreclosed from applying it to the deliberative process privilege that the CFTC has invoked here. To illustrate, in *Brown v. City of Detroit*, 259 F. Supp. 2d 611, 623 (E.D. Mich. 2003), the plaintiff asked the governmental defendants to produce a report detailing an executive board's investigation into his conduct as a police officer. The defendants demurred, citing the deliberative process privilege. *Id*. The court, however, was "disturbed by Defendants' appeal to the deliberative process privilege as a means to prevent disclosure," as it had "engaged in self-serving leaks of select portions of the executive board's work product, while sharply limiting access to the full substance of the board's report." *Id*. As the Court observed, "it is precisely under such conditions that privileges are deemed

to be waived." *Id*. at 623–24 (citing cases for the proposition that a claim of privilege "should not be permitted to operate as a sword rather than a shield").

Courts generally apply the at-issue doctrine in one of two ways. In many cases, there may be a finding that the privilege in question has been waived. *See, e.g.*, *Bilzerian*, 926 F.2d at 1293 (concluding that defendant implicitly waived attorney-client privilege by asserting an advice-of-counsel defense); *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("This court has recognized that implied waiver may be found where the privilege holder asserts a claim that in fairness requires examination of protected communications."); *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) ("In dealing with testimonial privileges . . . , we have held that a waiver may be implied in circumstances where it is called for in the interests of fairness."). Alternatively, the court may "preclude evidence where a party is using privilege to shield discovery on a topic while simultaneously relying upon that privileged information as a sword to justify its position at trial." *In re Genesis Holdco LLC*, 660 B.R. 439, 521 (Bankr. S.D.N.Y. 2024)); *see also MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 189–90 (2d Cir. 2016) ("A district court may be fully entitled to preclude the presentation of evidence about matters previously hidden from discovery through an invocation of privilege, if a party has manipulated the privilege primarily to . . . gain an unfair strategic advantage over opposing parties.").

Here, the CFTC invoked deliberative process privilege throughout discovery to shield its internal processes from scrutiny. By refusing to disclose evidence about the CFTC's internal discussions or decisionmaking, the CFTC placed those issues firmly out of bounds. It cannot now use the Subject Exhibits (or other evidence of the CFTC's internal communications) as a sword, and leverage them selectively to meet its burden of proof on the issue of materiality. *See Pack v. Beyer*, 157 F.R.D. 219, 222 (D.N.J. 1993) ("The law is clear that presentation of evidence without

prior disclosure is not permitted as a basis for a disposition of the merits."). Thus, the Court should hold the CFTC to its prior stance and, given the imminent trial date, preclude it from selectively disclosing the deliberative processes that it fought so hard in discovery to protect.

## CONCLUSION

For the foregoing reasons, Gemini respectfully requests that the Court (i) grant its motion to supplement Amended Motion *in Limine* No. 1, (ii) exclude the Subject Exhibits, and (iii) preclude the CFTC from making any arguments based on its internal communications or deliberations at trial.

Dated: New York, New York
December 23, 2024

BAUGHMAN KROUP BOSSE PLLC

By /s/ John F. Baughman

John F. Baughman
Daniel A. Schwartz
Elizabeth J. Lee
Ernest E. Butner IV
One Liberty Plaza – 46th Floor
New York, NY 10006
(212) 548-3212

*Attorneys for Gemini Trust Company, LLC*